I.R.C. § 453A

**Effective: December 17, 1999**

UNITED STATES CODE ANNOTATED
TITLE 26. INTERNAL REVENUE CODE
SUBTITLE A--INCOME TAXES
**CHAPTER 1--NORMAL TAXES AND SURTAXES**
SUBCHAPTER E--ACCOUNTING PERIODS AND METHODS OF ACCOUNTING
PART II--METHODS OF ACCOUNTING
SUBPART B--TAXABLE YEAR FOR WHICH ITEMS OF GROSS INCOME INCLUDED

**→§ 453A. Special rules for nondealers**

**(a) General rule.**--In the case of an installment obligation to which this section applies--

**(1)** interest shall be paid on the deferred tax liability with respect to such obligation in the manner provided under subsection (c), and

**(2)** the pledging rules under subsection (d) shall apply.

**(b) Installment obligations to which section applies.--**

**(1) In general.**--This section shall apply to any obligation which arises from the disposition of any property under the installment method, but only if the sales price of such property exceeds $150,000.

**(2) Special rule for interest payments.**--For purposes of subsection (a)(1), this section shall apply to an obligation described in paragraph (1) arising during a taxable year only if--

**(A)** such obligation is outstanding as of the close of such taxable year, and

**(B)** the face amount of all such obligations held by the taxpayer which arose during, and are outstanding as of the close of, such taxable year exceeds $5,000,000.

Except as provided in regulations, all persons treated as a single employer under subsection (a) or (b) of section 52 shall be treated as one person for purposes of this paragraph and subsection (c)(4).

**(3) Exception for personal use and farm property.**--An installment obligation shall not be treated as described in paragraph (1) if it arises from the disposition--

**(A)** by an individual of personal use property (within the meaning of section 1275(b)(3)), or

**(B)** of any property used or produced in the trade or business of farming (within the meaning of section 2032A(e)(4) or (5)).

**(4) Special rule for timeshares and residential lots.**--An installment obligation shall not be treated as described in paragraph (1) if it arises from a disposition described in section 453(l)(2)(B), but the provisions of section 453(l)(3) (relating to interest payments on timeshares and residential lots) shall apply to such obligation.

**(5) Sales price.**--For purposes of paragraph (1), all sales or exchanges which are part of the same transaction (or a series of related transactions) shall be treated as 1 sale or exchange.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(c) Interest on deferred tax liability.--**

**(1) In general.**--If an obligation to which this section applies is outstanding as of the close of any taxable year, the tax imposed by this chapter for such taxable year shall be increased by the amount of interest determined in the manner provided under paragraph (2).

**(2) Computation of interest.**--For purposes of paragraph (1), the interest for any taxable year shall be an amount equal to the product of--

**(A)** the applicable percentage of the deferred tax liability with respect to such obligation, multiplied by

**(B)** the underpayment rate in effect under section 6621(a)(2) for the month with or within which the taxable year ends.

**(3) Deferred tax liability.**--For purposes of this section, the term "deferred tax liability" means, with respect to any taxable year, the product of--

**(A)** the amount of gain with respect to an obligation which has not been recognized as of the close of such taxable year, multiplied by

**(B)** the maximum rate of tax in effect under section 1 or 11, whichever is appropriate, for such taxable year.

For purposes of applying the preceding sentence with respect to so much of the gain which, when recognized, will be treated as long-term capital gain, the maximum rate on net capital gain under section 1(h) or 1201 (whichever is appropriate) shall be taken into account.

**(4) Applicable percentage.**--For purposes of this subsection, the term "applicable percentage" means, with respect to obligations arising in any taxable year, the percentage determined by dividing--

**(A)** the portion of the aggregate face amount of such obligations outstanding as of the close of such taxable year in excess of $5,000,000, by

**(B)** the aggregate face amount of such obligations outstanding as of the close of such taxable year.

**(5) Treatment as interest.**--Any amount payable under this subsection shall be taken into account in computing the amount of any deduction allowable to the taxpayer for interest paid or accrued during the taxable year.

**(6) Regulations.**--The Secretary shall prescribe such regulations as may be necessary to carry out the provisions of this subsection including regulations providing for the application of this subsection in the case of contingent payments, short taxable years, and pass-thru entities.

**(d) Pledges, etc., of installment obligations.--**

**(1) In general.**--For purposes of section 453, if any indebtedness (hereinafter in this subsection referred to as "secured indebtedness") is secured by an installment obligation to which this section applies, the net proceeds of the secured indebtedness shall be treated as a payment received on such installment obligation as of the later of--

**(A)** the time the indebtedness becomes secured indebtedness, or

**(B)** the time the proceeds of such indebtedness are received by the taxpayer.

**(2) Limitation based on total contract price.**--The amount treated as received under paragraph (1) by reason of any secured indebtedness shall not exceed the excess (if any) of--

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(A)** the total contract price, over

**(B)** any portion of the total contract price received under the contract before the later of the times referred to in subparagraph (A) or (B) of paragraph (1) (including amounts previously treated as received under paragraph (1) but not including amounts not taken into account by reason of paragraph (3)).

**(3) Later payments treated as receipt of tax paid amounts.**--If any amount is treated as received under paragraph (1) with respect to any installment obligation, subsequent payments received on such obligation shall not be taken into account for purposes of section 453 to the extent that the aggregate of such subsequent payments does not exceed the aggregate amount treated as received under paragraph (1).

**(4) Secured indebtedness.**--For purposes of this subsection indebtedness is secured by an installment obligation to the extent that payment of principal or interest on such indebtedness is directly secured (under the terms of the indebtedness or any underlying arrangements) by any interest in such installment obligation. A payment shall be treated as directly secured by an interest in an installment obligation to the extent an arrangement allows the taxpayer to satisfy all or a portion of the indebtedness with the installment obligation.

**(e) Regulations.**--The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this section, including regulations--

**(1)** disallowing the use of the installment method in whole or in part for transactions in which the rules of this section otherwise would be avoided through the use of related persons, pass-thru entities, or intermediaries, and

**(2)** providing that the sale of an interest in a partnership or other pass-thru entity will be treated as a sale of the proportionate share of the assets of the partnership or other entity.

Current through P.L. 109-3 approved 03-21-05

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

I.R.C. § 453B

**Effective: [See Text Amendments]**

UNITED STATES CODE ANNOTATED
TITLE 26. INTERNAL REVENUE CODE
SUBTITLE A--INCOME TAXES
**CHAPTER 1--NORMAL TAXES AND SURTAXES**
SUBCHAPTER E--ACCOUNTING PERIODS AND METHODS OF ACCOUNTING
PART II--METHODS OF ACCOUNTING
SUBPART B--TAXABLE YEAR FOR WHICH ITEMS OF GROSS INCOME INCLUDED

**→§ 453B. Gain or loss disposition of installment obligations**

**(a) General rule.**--If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and--

**(1)** the amount realized, in the case of satisfaction at other than face value or a sale or exchange, or

**(2)** the fair market value of the obligation at the time of distribution, transmission, or disposition, in the case of the distribution, transmission, or disposition otherwise than by sale or exchange.

any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received.

**(b) Basis of obligation.**--The basis of an installment obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

**(c) Special rule for transmission at death.**--Except as provided in section 691 (relating to recipients of income in respect of decedents), this section shall not apply to the transmission of installment obligations at death.

**(d) Exception for distributions to which section 337(a) applies.**-- Subsection (a) shall not apply to any distribution to which section 337(a) applies.

**(e) Life insurance companies.--**

**(1) In general.**--In the case of a disposition of an installment obligation by any person other than a life insurance company (as defined in section 816(a)) to such an insurance company or to a partnership of which such an insurance company is a partner, no provision of this subtitle providing for the nonrecognition of gain shall apply with respect to any gain resulting under subsection (a). If a corporation which is a life insurance company for the taxable year was (for the preceding taxable year) a corporation which was not a life insurance company, such corporation shall, for purposes of this subsection and subsection (a), be treated as having transferred to a life insurance company, on the last day of the preceding taxable year, all installment obligations which it held on such last day. A partnership of which a life insurance company becomes a partner shall, for purposes of this subsection and subsection (a), be treated as having transferred to a life insurance company, on the last day of the preceding taxable year of such partnership, all installment obligations which it holds at the time such insurance company becomes a partner.

**(2) Special rule where life insurance company elects to treat income as not related to insurance business.--** Paragraph (1) shall not apply to any transfer or deemed transfer of an installment obligation if the life insurance

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

company elects (at such time and in such manner as the Secretary may by regulations prescribe) to determine its life insurance company taxable income--

**(A)** by returning the income on such installment obligation under the installment method prescribed in section 453, and

**(B)** as if such income were an item attributable to a noninsurance business (as defined in section 806(b)(3)).

**(f) Obligation becomes unenforceable.**--For purposes of this section, if any installment obligation is canceled or otherwise becomes unenforceable--

**(1)** the obligation shall be treated as if it were disposed of in a transaction other than a sale or exchange, and

**(2)** if the obligor and obligee are related persons (within the meaning of section 453(f)(1)), the fair market value of the obligation shall be treated as not less than its face amount.

**(g) Transfers between spouses or incident to divorce.**--In the case of any transfer described in subsection (a) of section 1041 (other than a transfer in trust)--

**(1)** subsection (a) of this section shall not apply, and

**(2)** the same tax treatment with respect to the transferred installment obligation shall apply to the transferee as would have applied to the transferor.

**(h) Certain liquidating distributions by S corporations.**--If--

**(1)** an installment obligation is distributed by an S corporation in a complete liquidation, and

**(2)** receipt of the obligation is not treated as payment for the stock by reason of section 453(h)(1),

then, except for purposes of any tax imposed by subchapter S, no gain or loss with respect to the distribution of the obligation shall be recognized by the distributing corporation. Under regulations prescribed by the Secretary, the character of the gain or loss to the shareholder shall be determined in accordance with the principles of section 1366(b).

Current through P.L. 109-3 approved 03-21-05

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

I.R.C. § 164

**Effective: [See Notes]**

UNITED STATES CODE ANNOTATED
TITLE 26. INTERNAL REVENUE CODE
SUBTITLE A--INCOME TAXES
**CHAPTER 1--NORMAL TAXES AND SURTAXES**
SUBCHAPTER B--COMPUTATION OF TAXABLE INCOME
PART VI--ITEMIZED DEDUCTIONS FOR INDIVIDUALS AND CORPORATIONS

## § 164. Taxes

**(a) General rule.**--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

**(1)** State and local, and foreign, real property taxes.

**(2)** State and local personal property taxes.

**(3)** State and local, and foreign, income, war profits, and excess profits taxes.

**(4)** The GST tax imposed on income distributions.

**(5)** The environmental tax imposed by section 59A.

In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income). Notwithstanding the preceding sentence, any tax (not described in the first sentence of this subsection) which is paid or accrued by the taxpayer in connection with an acquisition or disposition of property shall be treated as part of the cost of the acquired property or, in the case of a disposition, as a reduction in the amount realized on the disposition.

**(b) Definitions and special rules.**--For purposes of this section--

**(1) Personal property taxes.**--The term "personal property tax" means an ad valorem tax which is imposed on an annual basis in respect of personal property.

**(2) State or local taxes.**--A State or local tax includes only a tax imposed by a State, a possession of the United States, or a political subdivision of any of the foregoing, or by the District of Columbia.

**(3) Foreign taxes.**--A foreign tax includes only a tax imposed by the authority of a foreign country.

**(4) Special rules for GST tax.**--

**(A) In general.**--The GST tax imposed on income distributions is--

**(i)** the tax imposed by section 2601, and

**(ii)** any State tax described in section 2604,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

but only to the extent such tax is imposed on a transfer which is included in the gross income of the distributee and to which section 666 does not apply.

**(B) Special rule for tax paid before due date.**--Any tax referred to in subparagraph (A) imposed with respect to a transfer occurring during the taxable year of the distributee (or, in the case of a taxable termination, the trust) which is paid not later than the time prescribed by law (including extensions) for filing the return with respect to such transfer shall be treated as having been paid on the last day of the taxable year in which the transfer was made.

**(5) General sales taxes.**--For purposes of subsection (a)--

**(A) Election to deduct State and local sales taxes in lieu of State and local income taxes.--**

**(i) In general.**--At the election of the taxpayer for the taxable year, subsection (a) shall be applied--

**(I)** without regard to the reference to State and local income taxes, and

**(II)** as if State and local general sales taxes were referred to in a paragraph thereof.

**(B) Definition of general sales tax.**--The term "general sales tax" means a tax imposed at one rate with respect to the sale at retail of a broad range of classes of items.

**(C) Special rules for food, etc.**--In the case of items of food, clothing, medical supplies, and motor vehicles--

**(i)** the fact that the tax does not apply with respect to some or all of such items shall not be taken into account in determining whether the tax applies with respect to a broad range of classes of items, and

**(ii)** the fact that the rate of tax applicable with respect to some or all of such items is lower than the general rate of tax shall not be taken into account in determining whether the tax is imposed at one rate.

**(D) Items taxed at different rates.**--Except in the case of a lower rate of tax applicable with respect to an item described in subparagraph (C), no deduction shall be allowed under this paragraph for any general sales tax imposed with respect to an item at a rate other than the general rate of tax.

**(E) Compensating use taxes.**--A compensating use tax with respect to an item shall be treated as a general sales tax. For purposes of the preceding sentence, the term "compensating use tax" means, with respect to any item, a tax which--

**(i)** is imposed on the use, storage, or consumption of such item, and

**(ii)** is complementary to a general sales tax, but only if a deduction is allowable under this paragraph with respect to items sold at retail in the taxing jurisdiction which are similar to such item.

**(F) Special rule for motor vehicles.**--In the case of motor vehicles, if the rate of tax exceeds the general rate, such excess shall be disregarded and the general rate shall be treated as the rate of tax.

**(G) Separately stated general sales taxes.**--If the amount of any general sales tax is separately stated, then, to the extent that the amount so stated is paid by the consumer (other than in connection with the consumer's trade or business) to the seller, such amount shall be treated as a tax imposed on, and paid by, such consumer.

**(H) Amount of deduction may be determined under tables.--**

**(i) In general.**--At the election of the taxpayer for the taxable year, the amount of the deduction allowed under this paragraph for such year shall be--

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(I)** the amount determined under this paragraph (without regard to this subparagraph) with respect to motor vehicles, boats, and other items specified by the Secretary, and

**(II)** the amount determined under tables prescribed by the Secretary with respect to items to which subclause (I) does not apply.

**(ii) Requirements for tables.**--The tables prescribed under clause (i)--

**(I)** shall reflect the provisions of this paragraph,

**(II)** shall be based on the average consumption by taxpayers on a State-by-State basis (as determined by the Secretary) of items to which clause (i)(I) does not apply, taking into account filing status, number of dependents, adjusted gross income, and rates of State and local general sales taxation, and

**(III)** need only be determined with respect to adjusted gross incomes up to the applicable amount (as determined under section 68(b)).

**(I) Application of paragraph.**--This paragraph shall apply to taxable years beginning after December 31, 2003, and before January 1, 2006.

(c) **Deduction denied in case of certain taxes.**--No deduction shall be allowed for the following taxes:

**(1)** Taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not prevent the deduction of so much of such taxes as is properly allocable to maintenance or interest charges.

**(2)** Taxes on real property, to the extent that subsection (d) requires such taxes to be treated as imposed on another taxpayer.

**(d) Apportionment of taxes on real property between seller and purchaser.--**

**(1) General rule.**--For purposes of subsection (a), if real property is sold during any real property tax year, then--

**(A)** so much of the real property tax as is properly allocable to that part of such year which ends on the day before the date of the sale shall be treated as a tax imposed on the seller, and

**(B)** so much of such tax as is properly allocable to that part of such year which begins on the date of the sale shall be treated as a tax imposed on the purchaser.

**(2) Special rules.--**

**(A)** In the case of any sale of real property, if--

**(i)** a taxpayer may not, by reason of his method of accounting, deduct any amount for taxes unless paid, and

**(ii)** the other party to the sale is (under the law imposing the real property tax) liable for the real property tax for the real property tax year,

then for purposes of subsection (a) the taxpayer shall be treated as having paid, on the date of the sale, so much of such tax as, under paragraph (1) of this subsection, is treated as imposed on the taxpayer. For purposes of the preceding sentence, if neither party is liable for the tax, then the party holding the property at the time the tax becomes a lien on the property shall be considered liable for the real property tax for the real property tax year.

**(B)** In the case of any sale of real property, if the taxpayer's taxable income for the taxable year during which

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the sale occurs is computed under an accrual method of accounting, and if no election under section 461(c) (relating to the accrual of real property taxes) applies, then, for purposes of subsection (a), that portion of such tax which--

**(i)** is treated, under paragraph (1) of this subsection, as imposed on the taxpayer, and

**(ii)** may not, by reason of the taxpayer's method of accounting, be deducted by the taxpayer for any taxable year,

shall be treated as having accrued on the date of the sale.

**(e) Taxes of shareholder paid by corporation.**--Where a corporation pays a tax imposed on a shareholder on his interest as a shareholder, and where the shareholder does not reimburse the corporation, then--

**(1)** the deduction allowed by subsection (a) shall be allowed to the corporation; and

**(2)** no deduction shall be allowed the shareholder for such tax.

**(f) Deduction for one-half of self-employment taxes.--**

**(1) In general.**--In the case of an individual, in addition to the taxes described in subsection (a), there shall be allowed as a deduction for the taxable year an amount equal to one-half of the taxes imposed by section 1401 for such taxable year.

**(2) Deduction treated as attributable to trade or business.**--For purposes of this chapter, the deduction allowed by paragraph (1) shall be treated as attributable to a trade or business carried on by the taxpayer which does not consist of the performance of services by the taxpayer as an employee.

**(g) Cross references.--**

(1) For provisions disallowing any deduction for certain taxes, see section 275.

(2) For treatment of taxes imposed by Indian tribal governments (or their subdivisions), see section 7871.

Current through P.L. 109-3 approved 03-21-05

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

I.R.C. § 811

**Effective: [See Text Amendments]**

UNITED STATES CODE ANNOTATED
TITLE 26. INTERNAL REVENUE CODE
SUBTITLE A--INCOME TAXES
**CHAPTER 1--NORMAL TAXES AND SURTAXES**
SUBCHAPTER L--INSURANCE COMPANIES
PART I--LIFE INSURANCE COMPANIES
SUBPART D--ACCOUNTING, ALLOCATION, AND FOREIGN PROVISIONS

**→§ 811. Accounting provisions**

**(a) Method of accounting.**--All computations entering into the determination of the taxes imposed by this part shall be made--

**(1)** under an accrual method of accounting, or

**(2)** to the extent permitted under regulations prescribed by the Secretary, under a combination of an accrual method of accounting with any other method permitted by this chapter (other than the cash receipts and disbursements method).

To the extent not inconsistent with the preceding sentence or any other provision of this part, all such computations shall be made in a manner consistent with the manner required for purposes of the annual statement approved by the National Association of Insurance Commissioners.

**(b) Amortization of premium and accrual of discount.--**

**(1) In general.**--The appropriate items of income, deductions, and adjustments under this part shall be adjusted to reflect the appropriate amortization of premium and the appropriate accrual of discount attributable to the taxable year on bonds, notes, debentures, or other evidences of indebtedness held by a life insurance company. Such amortization and accrual shall be determined--

**(A)** in accordance with the method regularly employed by such company, if such method is reasonable, and

**(B)** in all other cases, in accordance with regulations prescribed by the Secretary.

**(2) Special rules.--**

**(A) Amortization of bond premium.**--In the case of any bond (as defined in section 171(d)), the amount of bond premium, and the amortizable bond premium for the taxable year, shall be determined under section 171(b) as if the election set forth in section 171(c) had been made.

**(B) Convertible evidence of indebtedness.**--In no case shall the amount of premium on a convertible evidence of indebtedness include any amount attributable to the conversion features of the evidence of indebtedness.

**(3) Exception.**--No accrual of discount shall be required under paragraph (1) on any bond (as defined in section 171(d)), except in the case of discount which is--

**(A)** interest to which section 103 applies, or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(B)** original issue discount (as defined in section 1273).

**(c) No double counting.**--Nothing in this part shall permit--

**(1)** a reserve to be established for any item unless the gross amount of premiums and other consideration attributable to such item are required to be included in life insurance gross income,

**(2)** the same item to be counted more than once for reserve purposes, or

**(3)** any item to be deducted (either directly or as an increase in reserves) more than once.

**(d) Method of computing reserves on contract where interest is guaranteed beyond end of taxable year.**--For purposes of this part (other than section 816), amounts in the nature of interest to be paid or credited under any contract for any period which is computed at a rate which--

**(1)** exceeds the greater of the prevailing State assumed interest rate or applicable Federal interest rate in effect under section 807 for the contract for such period, and

**(2)** is guaranteed beyond the end of the taxable year on which the reserves are being computed,

shall be taken into account in computing the reserves with respect to such contract as if such interest were guaranteed only up to the end of the taxable year.

**(e) Short taxable years.**--If any return of a corporation made under this part is for a period of less than the entire calendar year (referred to in this subsection as "short period"), then section 443 shall not apply in respect to such period, but life insurance company taxable income shall be determined, under regulations prescribed by the Secretary, on an annual basis by a ratable daily projection of the appropriate figures for the short period.

Current through P.L. 109-3 approved 03-21-05

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.