# APPENDIX

Revenue Act of 1928 § 44(d) . . . . . 52
Internal Revenue Code of 1954 § 453(d) . . . . . 54
Internal Revenue Code of 1986
§ 164(a) . . . . . 57
§ 446 . . . . . 58
§ 453 . . . . . 59
§ 453A . . . . . 66
§ 453B(a) . . . . . 68
§ 811 . . . . . 70
§ 1502 . . . . . 72
Treasury Regulation § 1.446-1 (1991) . . . . . 73
Treasury Regulation § 1.446-1T (2004) . . . . . 78
Treasury Regulation § 1.1502-13 (1991) . . . . . 82
Code of Iowa, Chapter 508C . . . . . 93
Code of Iowa § 521A.5(b) . . . . . 105

## Part IV—Accounting Periods and Methods of Accounting

INCOME TAX
Accounting periods and methods.

**SEC. 41. GENERAL RULE.**

General rule.

Net income computed on basis of annual accounting period.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. (For use of inventories, see section 22(c).)

If no accounting period, on calendar year.

Inventories.
*Ante*, p. 799.

**SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.**

Gross income.

Items for taxable year in which received.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

**SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.**

Deductions and credits.

For taxable year in which "paid or accrued" or "paid or incurred."

The deductions and credits provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.

**SEC. 44. INSTALLMENT BASIS.**

Installment basis.

Dealers in personal property may make returns on, of payments actually received.

(a) **Dealers in personal property.**—Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price.

Returns of income from casual sale of personalty or of realty.

(b) **Sales of realty and casual sales of personalty.**—In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 40 per centum of the selling price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Computation of income on change to installment basis.

(c) **Change from accrual to installment basis.**—If a taxpayer entitled to the benefits of subsection (a) elects for any taxable year to report his net income on the installment basis, then in computing his income for the year of change or any subsequent year, amounts actually received during any such year on account of sales or other dispositions of property made in any prior year shall not be excluded.

INCOME TAX

Recognition of gain or loss on disposition of installment obligations.

(d) **Gain or loss upon disposition of installment obligations.**—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition.

Basis computed.

The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

Allocation of income and deductions.

## SEC. 45. ALLOCATION OF INCOME AND DEDUCTIONS.

Provisions if same interests control two or more businesses.

In any case of two or more trades or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income or deductions between or among such trades or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such trades or businesses.

Change of accounting period.

## SEC. 46. CHANGE OF ACCOUNTING PERIOD.

Net income computed on basis of new period.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 47.

Returns for less than a year.

## SEC. 47. RETURNS FOR A PERIOD OF LESS THAN TWELVE MONTHS.

Basis for determining, when accounting periods change.

(a) **Returns for short period resulting from change of accounting period.**—If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

Income to be based on period of separate return.

(b) **Income computed on basis of short period.**—Where a separate return is made under subsection (a) on account of a change in the accounting period, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made.

Computation of taxable income.

(c) **Income placed on annual basis.**—If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made, shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the separate return is made. The tax shall be such part of the tax computed

(e) DEFINITIONS.—For purposes of this section—

(1) PREPAID INCOME.—The term "prepaid income" means any amount (includible in gross income) which is received in connection with, and is directly attributable to, a liability which extends beyond the close of the taxable year in which such amount is received. Such term does not include any income treated as gain from the sale or other disposition of a capital asset.

(2) LIABILITY TO RENDER SERVICES, ETC.—The term "liability" means a liability to render services, furnish goods or other property, or allow the use of property.

(3) RECEIPT OF PREPAID INCOME.—Prepaid income shall be treated as received during the taxable year for which it is includible in gross income under section 451 (without regard to this section).

**SEC. 453. INSTALLMENT METHOD.**

(a) DEALERS IN PERSONAL PROPERTY.—Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price.

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALTY.—

(1) GENERAL RULE.—Income from—

(A) a sale or other disposition of real property, or

(B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000,

may (under regulations prescribed by the Secretary or his delegate) be returned on the basis and in the manner prescribed in subsection (a).

(2) LIMITATION.—Paragraph (1) shall apply—

(A) In the case of a sale or other disposition during a taxable year beginning after December 31, 1953 (whether or not such taxable year ends after the date of enactment of this title), only if in the taxable year of the sale or other disposition—

(i) there are no payments, or

(ii) the payments (exclusive of evidences of indebtedness of the purchaser) do not exceed 30 percent of the selling price.

(B) In the case of a sale or other disposition during a taxable year beginning before January 1, 1954, only if the income was (by reason of section 44 (b) of the Internal Revenue Code of 1939) returnable on the basis and in the manner prescribed in section 44 (a) of such code.

(c) CHANGE FROM ACCRUAL TO INSTALLMENT BASIS.—

(1) GENERAL RULE.—If a taxpayer entitled to the benefits of subsection (a) elects for any taxable year to report his taxable income on the installment basis, then in computing his taxable income for such year (referred to in this subsection as "year of change") or for any subsequent year—

(A) installment payments actually received during any such year on account of sales or other dispositions of property made

.his section—
"prepaid income" means any
vhich is received in connection
to, a liability which extends
ar in which such amount is
le any income treated as gain
a capital asset.
s, ETC.—The term "liability"
urnish goods or other property,

s.—Prepaid income shall be
year for which it is includible
ithout regard to this section).

RTY.—Under regulations pre-
, a person who regularly sells
erty on the installment plan
taxable year that proportion
ceived in that year which the
when payment is completed,

SALES OF PERSONALTY.—
—
f real property, or
disposition of personal prop-
nd which would properly be
xpayer if on hand at the close
eeding $1,000,
by the Secretary or his dele-
the manner prescribed in sub-

all apply—
r disposition during a taxable
, 1953 (whether or not such
of enactment of this title),
le or other disposition—

f evidences of indebtedness of
percent of the selling price.
r disposition during a taxable
1954, only if the income was
nternal Revenue Code of 1939)
manner prescribed in section

LLMENT BASIS.—
r entitled to the benefits of
year to report his taxable in-
in computing his taxable in-
this subsection as "year of
—
lly received during any such
dispositions of property made



in any taxable year before the year of change shall not be excluded; but

(B) the tax imposed by this chapter for any taxable year (referred to in this subsection as "adjustment year") beginning after December 31, 1953, shall be reduced by the adjustment computed under paragraph (2).

(2) ADJUSTMENT IN TAX FOR AMOUNTS PREVIOUSLY TAXED.—In determining the adjustment referred to in paragraph (1) (B), first determine, for each taxable year before the year of change, the amount which equals the lesser of—

(A) the portion of the tax for such prior taxable year which is attributable to the gross profit which was included in gross income for such prior taxable year, and which by reason of paragraph (1) (A) is includible in gross income for the taxable year, or

(B) the portion of the tax for the adjustment year which is attributable to the gross profit described in subparagraph (A).

The adjustment referred to in paragraph (1) (B) for the adjustment year is the sum of the amounts determined under the preceding sentence.

(3) RULE FOR APPLYING PARAGRAPH (2).—For purposes of paragraph (2), the portion of the tax for a prior taxable year, or for the adjustment year, which is attributable to the gross profit described in such paragraph is that amount which bears the same ratio to the tax imposed by this chapter (or by the corresponding provisions of prior revenue laws) for such taxable year (computed without regard to paragraph (2)) as the gross profit described in such paragraph bears to the gross income for such taxable year. For purposes of the preceding sentence, the provisions of chapter 1 (other than of subchapter D, relating to excess profits tax, and of subchapter E, relating to self-employment income) of the Internal Revenue Code of 1939 shall be treated as the corresponding provisions of the Internal Revenue Code of 1939.

(d) GAIN OR LOSS ON DISPOSITION OF INSTALLMENT OBLIGATIONS.—

(1) GENERAL RULE.—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and—

(A) the amount realized, in the case of satisfaction at other than face value or a sale or exchange, or

(B) the fair market value of the obligation at the time of distribution, transmission, or disposition, in the case of the distribution, transmission, or disposition otherwise than by sale or exchange.

Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received.

(2) BASIS OF OBLIGATION.—The basis of an installment obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

(3) SPECIAL RULE FOR TRANSMISSION AT DEATH.—Except as provided in section 691 (relating to recipients of income in respect of

decedents), this subsection shall not apply to the transmission of installment obligations at death.

(4) EFFECT OF DISTRIBUTION IN CERTAIN LIQUIDATIONS.—

(A) LIQUIDATIONS TO WHICH SECTION 332 APPLIES.—If—

(i) an installment obligation is distributed by one corporation to another corporation in the course of a liquidation, and

(ii) under section 332 (relating to complete liquidations of subsidiaries) no gain or loss with respect to the receipt of such obligation is recognized in the case of the recipient corporation,

then no gain or loss with respect to the distribution of such obligation shall be recognized in the case of the distributing corporation.

(B) LIQUIDATIONS TO WHICH SECTION 337 APPLIES.—If—

(i) an installment obligation is distributed by a corporation in the course of a liquidation, and

(ii) under section 337 (relating to gain or loss on sales or exchanges in connection with certain liquidations) no gain or loss would have been recognized to the corporation if the corporation had sold or exchanged such installment obligation on the day of such distribution,

then no gain or loss shall be recognized to such corporation by reason of such distribution.

**SEC. 454. OBLIGATIONS ISSUED AT DISCOUNT.**

(a) NON-INTEREST-BEARING OBLIGATIONS ISSUED AT A DISCOUNT.—If, in the case of a taxpayer owning any non-interest-bearing obligation issued at a discount and redeemable for fixed amounts increasing at stated intervals or owning an obligation described in paragraph (2) of subsection (c), the increase in the redemption price of such obligation occurring in the taxable year does not (under the method of accounting used in computing his taxable income) constitute income to him in such year, such taxpayer may, at his election made in his return for any taxable year, treat such increase as income received in such taxable year. If any such election is made with respect to any such obligation, it shall apply also to all such obligations owned by the taxpayer at the beginning of the first taxable year to which it applies and to all such obligations thereafter acquired by him and shall be binding for all subsequent taxable years, unless on application by the taxpayer the Secretary or his delegate permits him, subject to such conditions as the Secretary or his delegate deems necessary, to change to a different method. In the case of any such obligations owned by the taxpayer at the beginning of the first taxable year to which his election applies, the increase in the redemption price of such obligations occurring between the date of acquisition (or, in the case of an obligation described in paragraph (2) of subsection (c), the date of acquisition of the series E bond involved) and the first day of such taxable year shall also be treated as income received in such taxable year.

(b) SHORT-TERM OBLIGATIONS ISSUED ON DISCOUNT BASIS.—In the case of any obligation—

(1) of the United States; or

(2) of a State, a Territory, or a possession of the United States, or any political subdivision of any of the foregoing, or of the District of Columbia,

(ii) computed with such other adjustments as the Secretary may by regulations prescribe.

(B) Net interest expense.—The term "net interest expense" means the excess (if any) of—

(i) the interest paid or accrued by the taxpayer during the taxable year, over

(ii) the amount of interest includible in the gross income of such taxpayer for such taxable year.

The Secretary may by regulations provide for adjustments in determining the amount of net interest expense.

(C) Treatment of affiliated group.—All members of the same affiliated group (within the meaning of section 1504(a)) shall be treated as 1 taxpayer.

(7) **Regulations.**—The Secretary shall prescribe such regulations as may be appropriate to carry out the purposes of this subsection, including—

(A) such regulations as may be appropriate to prevent the avoidance of the purposes of this subsection.

(B) regulations providing such adjustments in the case of corporations which are members of an affiliated group as may be appropriate to carry out the purposes of this subsection, and

(C) regulations for the coordination of this subsection with section 884.

**(k) Cross references.—**

**(1) For disallowance of certain amounts paid in connection with insurance, endowment, or annuity contracts, see section 264.**

**(2) For disallowance of deduction for interest relating to tax-exempt income, see section 265(a)(2).**

**(3) For disallowance of deduction for carrying charges chargeable to capital account, see section 266.**

**(4) For disallowance of interest with respect to transactions between related taxpayers, see section 267.**

**(5) For treatment of redeemable ground rents and real property held subject to liabilities under redeemable ground rents, see section 1055.**

## IRC §164. TAXES.

**(a) General Rule.**—Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

(1) State and local, and foreign, real property taxes.

(2) State and local personal property taxes.

(3) State and local, and foreign, income, war profits, and excess profits taxes.

(4) [1]*The* GST tax imposed on income distributions.

(5) the environmental tax imposed by section 59A.

In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income). Notwithstanding the preceding sentence, any tax (not described in the first sentence of this subsection) which is paid or accrued by the taxpayer in connection with an acquisition or disposition of property shall be treated as part of the cost of the acquired property or, in the case of a disposition, as a reduction in the amount realized on the disposition.

**(b) Definitions and Special Rules.**—For purposes of this section—

**(1) Personal property taxes.**—The term "personal property tax" means an ad valorem tax which is imposed on an annual basis in respect of personal property.

**[Footnote IRC §164]** Matter in *italics* in IRC §164(a)(4) added by section 1018(u)(11), '88 TMRA, P.L. 100-647, 11-10-88, which struck out:

(1) "the"

**Effective date** (Sec. 1019(a), '88 TMRA, and section 1433(a)(1), '86 TRA, P.L. 99-514, 10-22-86 as amended by section 1014(h), '88 TMRA).—Generally applies to any generation-skipping transfer (within the meaning of section 2611 of the '86 Code) made after 10-22-86.

 ©1990 Macmillan, Inc.—Internal Revenue Code

## Subpart A—Methods of Accounting in General

IRC §446. General rule for methods of accounting.
IRC §447. Method of accounting for corporations engaged in farming.
IRC §448. Limitation on use of cash method of accounting.

### IRC §446. GENERAL RULE FOR METHODS OF ACCOUNTING.

**(a) General Rule.**—Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

**(b) Exceptions.**—If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

**(c) Permissible Methods.**—Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting—

(1) the cash receipts and disbursements method;
(2) an accrual method;
(3) any other method permitted by this chapter; or
(4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary.

**(d) Taxpayer Engaged in More Than One Business.**—A taxpayer engaged in more than one trade or business may, in computing taxable income, use a different method of accounting for each trade or business.

**(e) Requirement Respecting Change of Accounting Method.**—Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary.

*(f) Failure To Request Change of Method of Accounting.—If the taxpayer does not file with the Secretary a request to change the method of accounting, the absence of the consent of the Secretary to a change in the method of accounting shall not be taken into account—*

*(1) to prevent the imposition of any penalty, or the addition of any amount to tax, under this title, or*
*(2) to diminish the amount of such penalty or addition to tax.*

### IRC §447. METHOD OF ACCOUNTING FOR CORPORATIONS ENGAGED IN FARMING.

**(a) General Rule.**—Except as otherwise provided by law, the taxable income from farming of—

(1) a corporation engaged in the trade or business of farming, or
(2) a partnership engaged in the trade or business of farming, if a corporation is a partner in such partnership,

shall be computed on an accrual method of accounting. This section shall not apply to the trade or business of operating a nursery or sod farm or to the raising or harvesting of trees (other than fruit and nut trees).

**(b) Preproductive Period Expenses.—**

For rules requiring capitalization of certain preproductive period expenses, see section 263A.

**(c) Exception for Certain Corporations.**—For purposes of subsection (a), a corporation shall be treated as not being a corporation if it is—

(1) an S corporation, or
(2) a corporation the gross receipts of which meet the requirements of subsection (d).

**(d) Gross Receipts Requirements.—**

**(1) In general.**—A corporation meets the requirements of this subsection if, for each prior taxable year beginning after December 31, 1975, such corporation (and any

**[Footnote IRC §446]** IRC §446(f) added by section 161(a), '84 TRA.
**Effective date** (Sec. 161(b), '84 TRA).—Applies to taxable years beginning after 7-18-84.

 ©1990 Macmillan, Inc.—Internal Revenue Code

[2](g) **Treatment of Interest on Frozen Deposits in Certain Financial Institutions.**—

(1) **In general.**—In the case of interest credited during any calendar year on a frozen deposit in a qualified financial institution, the amount of such interest includible in the gross income of a qualified individual shall not exceed the sum of—

(A) the net amount withdrawn by such individual from such deposit during such calendar year, and

(B) the amount of such deposit which is withdrawable as of the close of the taxable year (determined without regard to any penalty for premature withdrawals of a time deposit).

(2) **Interest tested each year.**—Any interest not included in gross income by reason of paragraph (1) shall be treated as credited in the next calendar year.

(3) **Deferral of interest deduction.**—No deduction shall be allowed to any qualified financial institution for interest not includible in gross income under paragraph (1) until such interest is includible in gross income.

(4) **Frozen deposit.**—For purposes of this subsection, the term "frozen deposit" means any deposit if, as of the close of the calendar year, any portion of such deposit may not be withdrawn because of—

(A) the bankruptcy or insolvency of the qualified financial institution (or threat thereof), or

(B) any requirement imposed by the State in which such institution is located by reason of the bankruptcy or insolvency (or threat thereof) of 1 or more financial institutions in the State.

(5) **Other definitions.**—For purposes of this subsection, the terms "qualified individual", "qualified financial institution", and "deposit" have the same respective meanings as when used in section 165(l).

## IRC §453. INSTALLMENT METHOD.

(a) **General Rule.**—Except as otherwise provided in this section, income from an installment sale shall be taken into account for purposes of this title under the installment method.

(b) **Installment Sale Defined.**—For purposes of this section—

(1) **In general.**—The term "installment sale" means a disposition of property where at least 1 payment is to be received after the close of the taxable year in which the disposition occurs.

(2) **Exceptions.**—The term "installment sale" does not include—

(A) Dealer [1]*dispositions.—Any dealer disposition (as defined in subsection (l)).*

(B) Inventories of personal property.—A disposition of personal property of a kind which is required to be included in the inventory of the taxpayer if on hand at the close of the taxable year.

(c) **Installment Method Defined.**—For purposes of this section, the term "installment method" means a method under which the income recognized for any taxable year from a disposition is that proportion of the payments received in that year which the gross

**[Footnote IRC §451 continued]**

Matter in *italics* in IRC §451(g) added by section 1009(d)(3), '88 TMRA, P.L. 100-647, 11-10-88, which struck out;

(2) "(f)"

**Effective date** (Sec. 1019(a) and section 905(c), '86 TRA P.L. 99-514, 10-22-86, as amended by 1009(d)(2), '88 TMRA).—(1) Generally applies 12-31-82.

(2) Special rules * * *

(A) Applies to taxable years beginning after 12-31-82, and before 1-1-87, only if the qualified individual elects to have such amendment apply for all such taxable years.

(B) In the case of interest attributable to the period beginning 1-1-83, and ending 12-31-87, the interest deduction of financial institutions shall be determined without regard to paragraph (3) of section 451(f) of the '86 Code (as added by section 905(b), '86 TRA).

**[Footnote IRC §453]** Matter in *italics* in IRC §453(b)(2)(A), and a new (*l*) added by section 10202(b)(1), and (2), '87 OBRA, P.L. 100-203, 12-22-87, which struck out:

(1) "disposition of personal property.—A disposition of personal property on the installment plan by a person who regularly sells or otherwise disposes of personal property on the installment plan."

**Effective date** (Sec. 10202(e)(1), '87 OBRA).—Generally applies to dispositions in taxable years beginning after 12-31-87. For special and transitional rules, as amended by '88 TMRA, see below, or Amending Acts, Code Volume II.

**Deposits in Certain Financial Institutions.—**

st credited during any calendar year on a fro
ution, the amount of such interest includible in
l shall not exceed the sum of—
such individual from such deposit during such

hich is withdrawable as of the close of the tax
to any penalty for premature withdrawals of a

nterest not included in gross income by reason
ted in the next calendar year.

No deduction shall be allowed to any qualified
idible in gross income under paragraph (1) un-
ome.

of this subsection, the term "frozen deposit"
the calendar year, any portion of such deposit

of the qualified financial institution (or threat

he State in which such institution is located by
y (or threat thereof) of 1 or more financial in-

of this subsection, the terms "qualified indi-
and "deposit" have the same respective mean-

e provided in this section, income from an in-
for purposes of this title under the installment

poses of this section—

nt sale" means a disposition of property where
r the close of the taxable year in which the dis-

ent sale" does not include—
*ler disposition (as defined in subsection (l)).*
rty.—A disposition of personal property of a
in the inventory of the taxpayer if on hand at

purposes of this section, the term "installment
e income recognized for any taxable year from
ayments received in that year which the gross

---

1009(d)(3), '88 TMRA, P.L. 100-647, 11-10-88, which struck

TRA P.L. 99-514, 10-22-86, as amended by 1009(d)(2), '88

-82, and before 1-1-87, only if the qualified individual elects
ars.
d beginning 1-1-83, and ending 12-31-87, the interest deduc-
out regard to paragraph (3) of section 451(f) of the '86 Code

53(b)(2)(A), and a new (*l*) added by section 10202(b)(1), and
out:
on of personal property on the installment plan by a person
roperty on the installment plan."
erally applies to dispositions in taxable years beginning after
led by '88 TMRA, see below, or Amending Acts, Code Vol



profit (realized or to be realized when payment is completed) bears to the total contra price.

**(d) Election Out.—**

**(1) In general.**—Subsection (a) shall not apply to any disposition if the taxpay elects to have subsection (a) not apply to such disposition.

**(2) Time and manner for making election.**—Except as otherwise provided by regu lations, an election under paragraph (1) with respect to a disposition may be mad only on or before the due date prescribed by law (including extensions) for filing th taxpayer's return of the tax imposed by this chapter for the taxable year in which th disposition occurs. Such an election shall be made in the manner prescribed by regula tions.

**(3) Election revocable only with consent.**—An election under paragraph (1) wit respect to any disposition may be revoked only with the consent of the Secretary.

**(e) Second Dispositions by Related Persons.—**

**(1) In general.**—If —

(A) any person disposes of property to a related person (hereinafter in this sul section referred to as the "first disposition"), and

(B) before the person making the first disposition receives all payments with r spect to such disposition, the related person disposes of the property (hereinafter i this subsection referred to as the "second disposition"),

then, for purposes of this section, the amount realized with respect to such second di position shall be treated as received at the time of the second disposition by the perso making the first disposition.

**(2) 2-year cutoff for property other than marketable securities.—**

(A) In general.—Except in the case of marketable securities, paragraph (1) sha apply only if the date of the second disposition is not more than 2 years after th date of the first disposition.

(B) Substantial diminishing of risk of ownership.—The running of the 2-year pe iod set forth in subparagraph (A) shall be suspended with respect to any propert for any period during which the related person's risk of loss with respect to th property is substantially diminished by—

(i) the holding of a put with respect to such property (or similar property),

(ii) the holding by another person of a right to acquire the property, or

(iii) a short sale or any other transaction.

**(3) Limitation on amount treated as received.**—The amount treated for any taxab year as received by the person making the first disposition by reason of paragraph ( shall not exceed the excess of—

(A) the lesser of—

(i) the total amount realized with respect to any second disposition of th property occurring before the close of the taxable year, or

(ii) the total contract price for the first disposition, over

(B) the sum of—

(i) the aggregate amount of payments received with respect to the first dispo sition before the close of such year, plus

(ii) the aggregate amount treated as received with respect to the first dispo sition for prior taxable years by reason of this subsection.

**(4) Fair market value where disposition is not sale or exchange.**—For purposes o this subsection, if the second disposition is not a sale or exchange, an amount equal t the fair market value of the property disposed of shall be substituted for the amour realized.

**(5) Later payments treated as receipt of tax paid amounts.**—If paragraph (1) ap plies for any taxable year, payments received in subsequent taxable years by the perso making the first disposition shall not be treated as the receipt of payments with respe to the first disposition to the extent that the aggregate of such payments does not ex ceed the amount treated as received by reason of paragraph (1).

**(6) Exception for certain dispositions.**—For purposes of this subsection—

(A) Reacquisitions of stock by issuing corporation not treated as first dispos tions.—Any sale or exchange of stock to the issuing corporation shall not be treate as a first disposition.

(B) Involuntary conversions not treated as second dispositions.—A compulsory or involuntary conversion (within the meaning of section 1033) and any transfer thereafter shall not be treated as a second disposition if the first disposition occurred before the threat or imminence of the conversion.

(C) Dispositions after death.—Any transfer after the earlier of—

(i) the death of the person making the first disposition, or

(ii) the death of the person acquiring the property in the first disposition,

and any transfer thereafter shall not be treated as a second disposition.

**(7) Exception where tax avoidance not a principal purpose.**—This subsection shall not apply to a second disposition (and any transfer thereafter) if it is established to the satisfaction of the Secretary that neither the first disposition nor the second disposition had as one of its principal purposes the avoidance of Federal income tax.

**(8) Extension of statute of limitations.**—The period for assessing a deficiency with respect to a first disposition (to the extent such deficiency is attributable to the application of this subsection) shall not expire before the day which is 2 years after the date on which the person making the first disposition furnishes (in such manner as the Secretary may by regulations prescribe) a notice that there was a second disposition of the property to which this subsection may have applied. Such deficiency may be assessed notwithstanding the provisions of any law or rule of law which would otherwise prevent such assessment.

**(f) Definitions and Special Rules.**—For purposes of this section—

**(1) Related person.**—Except for purposes of [2]*subsections* (g) and (h), the term "related person" means—

(A) a person whose stock would be attributed under section 318(a) (other than paragraph (4) thereof) to the person first disposing of the property, or

(B) a person who bears a relationship described in section 267(b) to the person first disposing of the property.

**(2) Marketable securities.**—The term "marketable securities" means any security for which, as of the date of the disposition, there was a market on an established securities market or otherwise.

**(3) Payment.**—Except as provided in paragraph (4), the term "payment" does not include the receipt of evidences of indebtedness of the person acquiring the property (whether or not payment of such indebtedness is guaranteed by another person).

**(4) Purchaser evidences of indebtedness payable on demand or readily tradable.**—Receipt of a bond or other evidence of indebtedness which—

(A) is payable on demand, or

(B) is issued by a corporation or a government or political subdivision thereof and is readily tradable.

shall be treated as receipt of payment.

**(5) Readily tradable defined.**—For purposes of paragraph (4), the term "readily tradable" means a bond or other evidence of indebtedness which is issued—

(A) with interest coupons attached or in registered form (other than one in registered form which the taxpayer establishes will not be readily tradable in an established securities market), or

(B) in any other form designed to render such bond or other evidence of indebtedness readily tradable in an established securities market.

**(6) Like-kind exchanges.**—In the case of any exchange described in section 1031(b)—

(A) the total contract price shall be reduced to take into account the amount of any property permitted to be received in such exchange without recognition of gain,

(B) the gross profit from such exchange shall be reduced to take into account any amount not recognized by reason of section 1031(b), and

(C) the term "payment", when used in any provision of this section other than subsection (b)(1), shall not include any property permitted to be received in such exchange without recognition of gain.

Similar rules shall apply in the case of an exchange which is described in section 356(a) and is not treated as a dividend.

**[Footnote IRC §453 continued]**

Matter in *italics* in IRC §453(f)(1) and (f)(8) added by section 1018(u)(25) and (26), '88 TMRA, P.L. 100-647, 11-10-88, which struck out:

(2) "subsection"

 ©PH, Inc.—Internal Revenue Code

eated as second dispositions.—A compulsory
meaning of section 1033) and any transfer
ond disposition if the first disposition occurred
onversion.
transfer after the earlier of—
g the first disposition, or
ring the property in the first disposition,
treated as a second disposition.

**ot a principal purpose.**—This subsection shall
ny transfer thereafter) if it is established to the
the first disposition nor the second disposition
voidance of Federal income tax.

**s.**—The period for assessing a deficiency with
t such deficiency is attributable to the applica-
before the day which is 2 years after the date
position furnishes (in such manner as the Sec-
otice that there was a second disposition of the
have applied. Such deficiency may be assessed
aw or rule of law which would otherwise pre-

purposes of this section—
oses of [2]*subsections* (g) and (h), the term "re-

be attributed under section 318(a) (other than
rst disposing of the property, or
ship described in section 267(b) to the person

n "marketable securities" means any security
on, there was a market on an established secu-

paragraph (4), the term "payment" does not
btedness of the person acquiring the property
dness is guaranteed by another person).

**ess payable on demand or readily tradable.**—
ndebtedness which—

a government or political subdivision thereof

purposes of paragraph (4), the term "readily
e of indebtedness which is issued—
or in registered form (other than one in regis-
ishes will not be readily tradable in an estab-

render such bond or other evidence of indebt-
ed securities market.

case of any exchange described in section

be reduced to take into account the amount of
in such exchange without recognition of gain,
change shall be reduced to take into account
of section 1031(b), and
sed in any provision of this section other than
any property permitted to be received in such

n exchange which is described in section 356(a)

by section 1018(u)(25) and (26), '88 TMRA, P.L. 100-647



(7) **Depreciable property.**—The term "depreciable property" means property of character which (in the hands of the transferee) is subject to the allowance for deprec ation provided in section 167.

(8) **Payments to be received defined.**—The term [3]"*payments* to be received includes—

(A) the aggregate amount of all payments which are not contingent as t amount, and

(B) the fair market value of all payments which are contingent as to amount.

**(g) Sale of Depreciable Property to Controlled Owned Entity.—**

(1) **In general.**—In the case of an installment sale of depreciable property betwee related persons[4]—

[5]*(A) subsection (a) shall not apply,*

*(B) for purposes of this title—*

*(i) except as provided in clause (ii), all payments to be received shall be treate as received in the year of the disposition, and*

*(ii) in the case of any payments which are contingent as to the amount but wit respect to which the fair market value may not be reasonably ascertained, the bas shall be recovered ratably, and*

*(C) the purchaser may not increase the basis of any property acquired in such sa by any amount before the time such amount is includible in the gross income of th seller.*

(2) **Exception where tax avoidance not a principal purpose.**—Paragraph (1) sha not apply if it is established to the satisfaction of the Secretary that the disposition di not have as one of its principal purposes the avoidance of Federal income tax.

*(3) **Related persons.**—For purposes of this subsection, the term "related persons" hc the meaning given to such term by section 1239(b), except that such term shall include or more partnerships having a relationship to each other described in section 707(b)(1)(B*

**(h) Use of Installment Method by Shareholders in Certain Liquidations.—**

(1) **Receipt of obligations not treated as receipt of payment.—**

(A) In general.—If, in a liquidation to which section 331 applies, the shareholde receives (in exchange for the shareholder's stock) an installment obligation acquire in respect of a sale or exchange by the corporation during the 12-month period be ginning on the date a plan of complete liquidation is adopted and the liquidation i completed during such 12-month period, then, for purposes of this section, the re ceipt of payments under such obligation (but not the receipt of such obligation) b the shareholder shall be treated as the receipt of payment for the stock.

(B) Obligations attributable to sale of inventory must result from bulk sale.– Subparagraph (A) shall not apply to an installment obligation acquired in respect c a sale or exchange of—

(i) stock in trade of the corporation,

**[Footnote IRC §453 continued]**

(3) "payment"

**Effective date** (Sec. 1019(a), '88 TMRA, and section 642(c), '86 TRA, P.L. 99-514, 10-22-86, as amended t section 1006(i)(3), '88 TMRA).—(1) Generally applies to sales after 10-22-86, in taxable years ending after suc date.

(2) Transitional rule for binding contracts.—The amendments made by this section shall not apply to sal made after 8-14-86, which are made pursuant to a binding contract in effect on 8-14-86, and at all times thereafte

Matter in *italics* in IRC §453(g)(1), (3) added by section 1006(i)(1), and (2), '88 TMRA, P.L. 100-647, 11-10-8 which struck out:

(4) "(within the meaning of section 1239(b)"

(5) "(A) subsection (a) shall not apply, and

(B) for purposes of this title—

(i) except as provided in clause (ii) all payments to be received shall be treated as received in the year of tl disposition, and

(ii) in the case of any payments which are contingent as to amount but with respect to which the fair mark value may not be reasonably ascertained—

(I) the basis shall be recovered ratably, and

(II) the purchaser may not increase the basis of any property acquired in such sale by any amount before suc time as the seller includes such amount in income."

**Effective date** (Sec. 1019(a), '88 TMRA, and section 642(c), '86 TRA, as amended by section 1006(i)(3), '8 TMRA).—See above.

(ii) other property of a kind which would properly be included in the inventory of the corporation if on hand at the close of the taxable year, and

(iii) property held by the corporation primarily for sale to customers in the ordinary course of its trade or business,

unless such sale or exchange is [6]*to 1 person in 1 transaction* and involves substantially all of such property attributable to a trade or business of the corporation.

(C) Special rule where obligor and shareholder are related persons.—If the obligor of any installment obligation and the shareholder are married to each other or are related persons (within the meaning of section 1239(b)), to the extent such installment obligation is attributable to the disposition by the corporation of depreciable property—

(i) subparagraph (A) shall not apply to such obligation, and

(ii) for purposes of this title, all payments to be received by the shareholder shall be deemed received in the year the shareholder receives the obligation.

(D) Coordination with subsection (e)(1)(A).—For purposes of subsection (e)(1)(A), disposition of property by the corporation shall be treated also as disposition of such property by the shareholder.

(E) Sales by liquidating subsidiaries.—For purposes of subparagraph (A), in the case of a controlling corporate shareholder (within the meaning of section [7]*368(c)*) of a selling corporation, an obligation acquired in respect of a sale or exchange by the selling corporation shall be treated as so acquired by such controlling corporate shareholder. The preceding sentence shall be applied successively to each controlling corporate shareholder above such controlling corporate shareholder.

**(2) Distributions received in more than 1 taxable year of shareholder.**—If—

(A) paragraph (1) applies with respect to any installment obligation received by a shareholder from a corporation, and

(B) by reason of the liquidation such shareholder receives property in more than 1 taxable year,

then, on completion of the liquidation, basis previously allocated to property so received shall be reallocated for all such taxable years so that the shareholder's basis in the stock of the corporation is properly allocated among all property received by such shareholder in such liquidation.

**(i) Recognition of Recapture Income in Year of Disposition.**—

**(1) In general.**—In the case of any installment sale of property to which subsection (a) applies—

(A) notwithstanding subsection (a), any recapture income shall be recognized in the year of the disposition and

(B) any gain in excess of the recapture income shall be taken into account under the installment method.

**(2) Recapture income.**—For purposes of paragraph 1, the term "recapture income" means, with respect to any installment sale, the aggregate amount which would be treated as ordinary income under section 1245 or 1250 (or so much of section 751 as relates to section 1245 or 1250) for the taxable year of the disposition if all payments to be received were received in the taxable year of disposition.

**(j) Regulations.**—

**(1) In general.**—The Secretary shall prescribe such regulations as may be necessary or appropriate to carry out the provisions of this section.

**[Footnote IRC §453 continued]**

Matter in *italics* in IRC §453(h)(1)(B) and (E) added by section 1006(e)(7)(A) and (B), '88 TMRA, P.L. 100-647, 11-10-88, which struck out:

(6) "to one person"

(7) "368(c)(1)"

**Effective date** (Sec.1019(a), '88 TMRA and section 633(a), '86 TRA).—Generally applies to—

(1) any distribution in complete liquidation, and any sale or exchange, made by a corporation after 7-31-86, unless such corporation is completely liquidated before 1-1-87,

(2) any transaction described in section 338 of the '86 Code for which the acquisition date occurs after 12-31-86, and

(3) any distribution (not in complete liquidation) made after 12-31-86.

For special and transitional rules, as amended by section 1006(g)(1)—(12), '88 TMRA, see footnote IRC §1374 or Amending Acts, Code Volume II.


©PH, Inc.—Internal Revenue Code

uld properly be included in the inven-
›se of the taxable year, and
primarily for sale to customers in the

*in 1 transaction* and involves substan-
de or business of the corporation.

older are related persons.—If the obli-
ıreholder are married to each other or
ection 1239(b)), to the extent such in-
›osition by the corporation of deprecia-

such obligation, and
ents to be received by the shareholder
ıreholder receives the obligation.

A).—For purposes of subsection (e)(1)
ion shall be treated also as disposition

r purposes of subparagraph (A), in the
ithin the meaning of section [7]*368(c))* of
in respect of a sale or exchange by the
cquired by such controlling corporate
applied successively to each controlling
corporate shareholder.

**xable year of shareholder.—If—**
any installment obligation received by

reholder receives property in more than

previously allocated to property so re-
years so that the shareholder's basis in
ed among all property received by such

**of Disposition.—**

ent sale of property to which subsection

recapture income shall be recognized in

come shall be taken into account under

ragraph 1, the term "recapture income"
the aggregate amount which would be
or 1250 (or so much of section 751 as
year of the disposition if all payments
of disposition.

be such regulations as may be necessary
is section.

section 1006(e)(7)(A) and (B), '88 TMRA, P.L.

6 TRA).—Generally applies to—
or exchange, made by a corporation after 7-31-86,

Code for which the acquisition date occurs after

12-31-86.
g)(1)—(12), '88 TMRA, see footnote IRC §1374 or



(2) **Selling price not readily ascertainable.**—The regulations prescribed under paragraph (1) shall include regulations providing for ratable basis recovery in transactions where the gross profit or the total contract price (or both) cannot be readily ascertained.

[8]*(k)* **Current Inclusion in Case of Revolving Credit Plans, Etc.**—In the case of—

**[Footnote IRC §453 continued]**

"(k)" in *italics* in IRC §453(k) added by section 1008(g)(1), '88 TMRA, P.L. 100-647, 11-10-88, which struck out"

(8) "(j)"

**Effective date** (Sec. 1019(a), '88 TMRA, and section 812(c), '86 TRA.—(1) Generally applies to taxable years beginning after 12-31-86.

(2) Sales of stock, etc.—Section 453(k)(2) of the '86 Code, as added by subsection (a) [812 of '86 TRA] shall apply to sales after 12-31-86, in taxable years ending after "such date."

(3) Change of method of accounting.—In the case of any taxpayer who made sales under a revolving credit plan and was on the installment method under section 453 or 453A of the '86 Code for such taxpayer's last taxable year beginning before 1-1-87, the amendments made by this section shall be treated as a change in method of accounting for its 1st taxable year beginning after 12-31-86, and—

(A) such change shall be treated as initiated by the taxpayer,

(B) such change shall be treated as having been made with the consent of the Secretary,

(C) the period for taking into account adjustments under section 481 of such Code by reason of such change shall be equal to 4 years, and

(D) except as provided in paragraph (4), the amount taken into account in each of such 4 years shall be the applicable percentage (determined in accordance with the following table) of the net adjustment:

| In the case of the: | The applicable percentage is: |
|---|---|
| 1st taxable year | 15 |
| 2nd taxable year | 25 |
| 3rd taxable year | 30 |
| 4th taxable year | 30. |

If the taxpayer's last taxable year beginning before 1-1-87, was the taxpayer's 1st taxable year in which sales were made under a revolving credit plan, all adjustments under section 481 of such Code shall be taken into account in the taxpayer's 1st taxable year beginning after 12-31-86.

(A) In general.—If the percentage determined under subparagraph (B) for any taxable year in the adjustment period exceeds the percentage which would otherwise apply under paragraph (3)(D) for such taxable year (determined after the application of this paragraph for prior taxable years in the adjustment period)—

(i) the percentage determined under subparagraph (B) shall be substituted for the applicable percentage which would otherwise apply under paragraph (3)(D), and

(ii) any increase in the applicable percentage by reason of clause (i) shall be applied to reduce the applicable percentage determined under paragraph (3)(D) for subsequent taxable years in the adjustment period (beginning with the 1st of such subsequent taxable years).

(B) Determination of percentage.—For purposes of subparagraph (A), the percentage determined under this subparagraph for any taxable year in the adjustment period is the excess (if any) of—

(i) the percentage determined by dividing the aggregate contraction in revolving installment obligations by the aggregate face amount of such obligations outstanding as of the close of the taxpayer's last taxable year beginning before 1-1-87, over

(ii) the sum of the applicable percentages under paragraph (3)(D) (as modified by this paragraph) for prior taxable years in the adjustment period.

(C) Aggregate contraction in revolving installment obligations.—For purposes of subparagraph (B), the aggregate contraction in revolving installment obligations is the amount by which—

(i) the aggregate face amount of the revolving installment obligations outstanding as of the close of the taxpayer's last taxable year beginning before 1-1-87, exceeds

(ii) the aggregate face amount of the revolving installment obligations outstanding as of the close of the taxable year involved.

(D) Revolving installment obligations.—For purposes of this paragraph, the term "revolving installment obligations" means installment obligations arising under a revolving credit plan.

(E) Treatment of certain obligations disposed of on or before 10-26-87.—For purposes of subparagraph (B)(i) and (C)(i), in determining the aggregate face amount of revolving installment obligations outstanding as of the close of the taxpayer's last taxable year beginning before 1-1-87, there shall not be taken into account any obligation—

(i) which was disposed of to an unrelated person on or before 10-26-87,

(ii) was disposed of to an unrelated person on or after such date pursuant to a binding written contract in effect on 10-26-87, and at all times thereafter before such disposition.

For purposes of the preceding sentence, the term "unrelated person" means any person who is not a related person (as defined in section 453(g) of the '86 Code).

(5) Limitation on losses from sales of obligations under revolving credit plans.—If 1 or more obligations arising under a revolving credit plan and taken into account under paragraph (3) are disposed of during the adjustment period, then, notwithstanding any other provision of law—

(A) no losses from such dispositions shall be recognized, and

(B) the aggregate amount of the adjustment for taxable years in the adjustment period (in reverse order of

(1) any disposition of personal property under a revolving credit plan, or
(2) any installment obligation arising out of a sale of—
(A) stock or securities which are traded on an established securities market, or
(B) to the extent provided in regulations, property (other than stock or securities) of a kind regularly traded on an established market,

subsection (a) [9] shall not apply, and, for purposes of this title, all payments to be received shall be treated as received in the year of disposition. The Secretary may provide for the application of this subsection in whole or in part for transactions in which the rules of this subsection otherwise would be avoided through the use of related parties, pass-thru entities, or intermediaries.

(*l*) **Dealer Dispositions.**—For purposes of subsection (b)(2)(A)—

(1) **In general.**—The term "dealer disposition" means any of the following dispositions:
(A) Personal property.—Any disposition of personal property by a person who regularly sells or otherwise disposes of personal property *of the same type* on the installment plan.
(B) Real property.—Any disposition of real property which is held by the taxpayer for sale to customers in the ordinary course of the taxpayer's trade or business.

(2) **Exceptions.**—The term "dealer disposition" does not include—
(A) Farm property.—The disposition on the installment plan of any property used or produced in the trade or business of farming (within the meaning of section 2032A(e)(4) or (5)).
(B) Timeshares and residential lots.—
(i) In general.—Any dispositions described in clause (ii) on the installment plan if the taxpayer elects to have paragraph (3) apply to any installment obligations which arise from such dispositions. An election under this paragraph shall not apply with respect to an installment obligation which is guaranteed by any person other than an individual.
(ii) Dispositions to which subparagraph applies.—A disposition is described in this clause if it is a disposition in the ordinary course of the taxpayer's trade or business to an individual of—

---

**[Footnote IRC §453 (8) continued]**
time) shall be reduced by the amount of such losses.
(6) Adjustment period.—For purposes of paragraphs (4) and (5), the adjustment period is the 4-year period under paragraph (3).

Matter in *italics* in IRC §453(k) and (*l*)(1)(A), added by 2004(d)(1) and (5), '88 TMRA, P.L. 100-647, 11-10-88, which struck out:
(9) "and section 453A"
**Effective date** (Sec. 2004(u), '88 TMRA, and section 10202(e)(1)(2), and '87 OBRA as amended by section 2004(d)(4), (6).).—Generally applies to dispositions in taxable years beginning after 12-31-87.
(2) Special rules for dealers.—
(A) In general.—In the case of dealer dispositions (within the meaning of section 453(*l*)(1) as added by this section), the amendments made by subsections (a) and (b) shall apply to installment obligations arising from dispositions after 12-31-87.
(B) Special rules for obligations arising from dealer dispositions after 2-28-86 and before 1-1-88.
(i) In general.—In the case of an applicable installment obligation arising from a disposition described in subclause (I) or (II) of section 453C(e)(1)(A)(i) of the '86 Code (as in effect before the amendments made by this section) before 1-1-88, the amendments made by subsections (a) and (b) shall apply to taxable years beginning after 12-31-87.
(ii) Change in method of accounting.—In the case of any taxpayer who is required by clause (i) to change its method of accounting for any taxable year with respect to obligations described in clause (i)—
(I) such change shall be treated as initiated by the taxpayer,
(II) such change shall be treated as made with the consent of the Secretary of the Treasury or his delegate, and
(III) the net amount of adjustments required by section 481 of the '86 Code shall be taken into account over a period not longer than 4 taxable years.
(C) Certain rules made applicable.—For purposes of this paragraph, rules similar to the rules of paragraphs (4) and (5) of section 812(c) of '86 TRA (as added by '88 TMRA) shall apply.

* * * * * * * * * * * * * *

(5) Coordination with '86 TRA.—The amendments made by this section shall not apply to any installment obligation or to any taxpayer during any period to the extent the amendments made by section 811 of the '86 TRA do not apply to such obligation or during such period.

a revolving credit plan, or
sale of—
an established securities market, or
property (other than stock or securi-
d market,

es of this title, all payments to be re-
lisposition. The Secretary may provide
in part for transactions in which the
led through the use of related parties,

ction (b)(2)(A)—
" means any of the following dispo-

f personal property by a person who
ıal property *of the same type* on the

ıl property which is held by the tax-
ourse of the taxpayer's trade or busi-

" does not include—
the installment plan of any property
arming (within the meaning of section

bed in clause (ii) on the installment
h (3) apply to any installment obliga-
n election under this paragraph shall
bligation which is guaranteed by any

applies.—A disposition is described in
ıary course of the taxpayer's trade or

---

(5), the adjustment period is the 4-year period

d)(1) and (5), '88 TMRA, P.L. 100-647, 11-10-88,

e)(1)(2), and '87 OBRA as amended by section
rs beginning after 12-31-87.

ıe meaning of section 453(*l*)(1) as added by this
pply to installment obligations arising from dispo-

ıs after 2-28-86 and before 1-1-88.
ation arising from a disposition described in sub-
n effect before the amendments made by this sec-
d (b) shall apply to taxable years beginning after

ɛpayer who is required by clause (i) to change its
ions described in clause (i)—

the Secretary of the Treasury or his delegate, and
of the '86 Code shall be taken into account over a

ragraph, rules similar to the rules of paragraphs
ıall apply.

* * * *

y this section shall not apply to any installment
the amendments made by section 811 of the '86





(I) a timeshare right to use or a timeshare ownership interest in residential real property for not more than 6 weeks per year, or a right to use specified campgrounds for recreational purposes, or

(II) any residential lot, but only if the taxpayer (or any related person) is not to make any improvements with respect to such lot.

For purposes of subclause (I), a timeshare right to use (or timeshare ownership interest in) property held by the spouse, children, grandchildren, or parents of an individual shall be treated as held by such individual.

(C) Carrying charges or interest.—Any carrying charges or interest with respect to a disposition described in subparagraph (A) or (B) which are added on the books of account of the seller to the established cash selling price of the property shall be included in the total contract price of the property and, if such charges or interest are not so included, any payments received shall be treated as applying first against such carrying charges or interest.

**(3) Payment of interest on timeshares and residential lots.—**

(A) In general.—In the case of any installment obligation to which paragraph (2)(B) applies, the tax imposed by this chapter for any taxable year for which payment is received on such obligation shall be increased by the amount of interest determined in the manner provided under subparagraph (B).

(B) Computation of interest.—

(i) In general.—The amount of interest referred to in subparagraph (A) for any taxable year shall be determined—

(I) on the amount of the tax for such taxable year which is attributable to the payments received during such taxable year on installment obligations to which this subsection applies,

(II) for the period beginning on the date of sale, and ending on the date such payment is received, and

(III) by using the applicable Federal rate under section 1274 (without regard to subsection (d)(2) thereof) in effect at the time of the sale compounded semiannually.

(ii) Interest not taken into account.—For purposes of clause (i), the portion of any tax attributable to the receipt of any payment shall be determined without regard to any interest imposed under subparagraph (A).

(iii) Taxable year of sale.—No interest shall be determined for any payment received in the taxable year of the disposition from which the installment obligation arises.

(C) Treatment as interest.—Any amount payable under this paragraph shall be taken into account in computing the amount of any deduction allowable to the taxpayer for interest paid or accrued during such taxable year.

## IRC §453A. SPECIAL RULES FOR NONDEALERS.

**(a) General Rule.**—In the case of an installment obligation to which this section applies—

(1) interest shall be paid on the deferred tax liability with respect to such obligation in the manner provided under subsection (c), and

(2) the pledging rules under subsection (d) shall apply.

**(b) Installment Obligations to Which Section Applies.—**

**(1) In general.**—This section shall apply to any obligation which arises from the disposition any property under the installment method, but only if the sales price of such property exceeds $150,000.

**(2) Special rule for interest payments.**—For purposes of subsection (a)(1), this section shall apply to an obligation described in paragraph (1) arising during a taxable year only if—

(A) such obligation is outstanding as of the close of such taxable year, and

(B) the face amount of all [1]*such obligations held by the taxpayer* which arose

---

**[Footnote IRC §453A]** Matter in *italics* in IRC §453A(b)(2)(B) added by section 7821(a)(1), '89 OBRA, P.L. 101-239, 12-19-89, which struck out:

(1) "obligations of the taxpayer described in paragraph (1)"

**Effective date** (Sec. 7823, '89 OBRA and section 10202(e)(1), and (5), '87 OBRA, P.L. 100-203, 12-22-87).—

(1) Generally applies to dispositions in tax years beginning after 12-31-87.



66

during, and are outstanding as of the close of, such taxable year exceeds $5,000,000. Except as provided in regulations, all persons treated as a single employer under subsection (a) or (b) of section 52 shall be treated as one person for purposes of this paragraph and subsection (c)(4).

[2]*(3) Exception for personal use and farm property.—An installment obligation shall not be treated as described in paragraph (1) if it arises from the disposition—*

*(A) by an individual of personal use property (within the meaning of section 1275(b)(3)), or*

*(B) of any property used or produced in the trade or business of farming (within the meaning of section 2032A(e)(4) or (5)).**

**(4) Special rule for timeshares and residential lots.**—An installment obligation shall not be treated as described in paragraph (1) if it arises from a disposition described in section 453(l)(2)(B), but the provisions of section 452(l)(3) (relating to interest payments on timeshares and residential lots) shall apply to such obligation.

**(5) Sales price.**—For purposes of paragraph (1), all sales or exchanges which are part of the same transaction (or a series of related transactions) shall be treated as 1 sale or exchange.

**(c) Interest on Deferred Tax Liability.—**

**(1) In general.**—If an obligation to which this section applies is outstanding as of the close of any taxable year, the tax imposed by this chapter for such taxable year shall be increased by the amount of interest determined in the manner provided under paragraph (2).

**(2) Computation of interest.**—For purposes of paragraph (1), the interest for any taxable year shall be an amount equal to the product of—

(A) the applicable percentage of the deferred tax liability with respect to such obligation, multiplied by

(B) the underpayment rate in effect under section 6621(a)(2) for the month with or within which the taxable year ends.

**(3) Deferred tax liability.**—For purposes of this section, the term "deferred tax liability" means, with respect to any taxable year, the product of—

(A) the amount of gain with respect to an obligation which has not been recognized as of the close of such taxable year, multiplied by

(B) the maximum rate of tax in effect under section 1 or 11, whichever is appropriate, for such taxable year.

**(4) Applicable percentage.**—For purposes of this subsection, the term "applicable percentage" means, with respect to obligations arising in any taxable year, the percentage determined by dividing—

(A) the portion of the aggregate face amount of such obligations outstanding as of the close of such taxable year in excess of $5,000,000, by

**[Footnote IRC §453A (1) continued]**

* * * * * * * * * * * * *

(5) Coordination with Tax Reform Act of 1986.—The amendments made by this section shall not apply to any installment obligation or to any taxpayer during any period to the extent the amendments made by section 811 of '86 TRA do not apply to such obligation or during such period.

IRC 453A(b)(3) in *italics* added by section 7815(g), '89 OBRA, which struck out:

(2) "(3) **Exception for farm property.**—An installment obligation shall not be treated as described in paragraph (1) if it arises from the disposition of any property used or produced in the trade or business of farming (within the meaning of section 2032A(e)(4) or (5)."

**Effective date** (Sec. 7817, '89 OBRA and sec. 5076(c), '88 TMRA).—(1) Generally applies to sales after 12-31-88.

(2) Binding contract, etc.—The amendments made by this section shall not apply to any sale on or before 12-31-90, if—

(A) such sale is pursuant to a written binding contract in effect on 10-21-88, and at all times thereafter before such sale.

(B) such sale is pursuant to a letter of intent in effect on 10-21-88.

(C) there is a board of directors or shareholder approval for such sale on or before 10-21-88.

*Previously amended by section 7812(c)(2) which added: ")"



67

such taxable year exceeds $5,000,000.
ed as a single employer under subsec-
person for purposes of this paragraph

*perty.—An installment obligation shall*
*rises from the disposition—*
*perty (within the meaning of section*

*e trade or business of farming (within*

itial lots.—An installment obligation
(1) if it arises from a disposition de-
; of section 452(1)(3) (relating to inter-
shall apply to such obligation.

(1), all sales or exchanges which are
ted transactions) shall be treated as 1

iis section applies is outstanding as of
by this chapter for such taxable year
ermined in the manner provided under

of paragraph (1), the interest for any
duct of—
rred tax liability with respect to such

section 6621(a)(2) for the month with

f this section, the term "deferred tax
:, the product of—
1 obligation which has not been recog-
tiplied by
ler section 1 or 11, whichever is appro-

f this subsection, the term "applicable
arising in any taxable year, the percent-

ount of such obligations outstanding as
$5,000,000, by

* * * *

lments made by this section shall not apply to any
he extent the amendments made by section 811 of

—

, which struck out:
ligation shall not be treated as described in para-
1 or produced in the trade or business of farming

8 TMRA).—(1) Generally applies to sales after

section shall not apply to any sale on or before

ffect on 10-21-88, and at all times thereafter before

21-88.
such sale on or before 10-21-88.





(B) the aggregate face amount of such obligations outstanding as of the close of such taxable year.

*(5) Treatment as interest.—Any amount payable under this subsection shall be taken into account in computing the amount of any deduction allowable to the taxpayer for interest paid or accrued during the taxable year.*

[3]*(6)* **Regulations.**—The Secretary shall prescribe such regulations as may be necessary to carry out the provisions of this subsection including regulations providing for the application of this subsection in the case of contingent payments, short taxable years, and pass-thru entities.

**(d) Pledges, Etc., of Installment Obligations.—**

**(1) In general.**—For purposes of section 453, if any indebtedness (hereinafter in this subsection referred to as "secured indebtedness") is secured by an installment obligation to which this section applies, the net proceeds of the secured indebtedness shall be treated as a payment received on such installment obligation as of the later of—

(A) the time the indebtedness becomes secured indebtedness, or

(B) *the time* the proceeds of such indebtedness are received by the taxpayer.

**(2) Limitation based on total contract price.**—The amount treated as received under paragraph (1) by reason of any secured indebtedness shall not exceed the excess (if any) of—

(A) the total contract price, over

(B) any portion of the total contract price received under the contract before [4]*the later of the times referred to in subparagraph (A) or (B) of paragraph (1)* (including amounts previously treated as received under paragraph (1) but not including amounts not taken into account by reason of paragraph (3)).

**(3) Later payments treated as receipt of tax paid amounts.**—If any amount is treated as received under paragraph (1) with respect to any installment obligation, subsequent payments received on such obligation shall not be taken into account for purposes of section 453 to the extent that the aggregate of such subsequent payments does not exceed the aggregate amount treated as received under paragraph (1).

**(4) Secured indebtedness.**—For purposes of this subsection indebtedness is secured by an installment obligation to the extent that payment of principal or interest on such indebtedness is directly secured (under the terms of the indebtedness or any underlying arrangements) by any interest in such installment obligation.

**(e) Regulations.**—The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this section, including regulations—

(1) disallowing the use of the installment method in whole or in part for transactions in which the rules of this section otherwise would be avoided through the use of related persons, pass-thru entities, or intermediaries, and

(2) providing that the sale of an interest in a partnership or other pass-thru entity will be treated as a sale of the proportionate share of the assets of the partnership or other entity.

## IRC §453B. GAIN OR LOSS ON DISPOSITION OF INSTALLMENT OBLIGATIONS.

**(a) General Rule.**—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and—

(1) the amount realized, in the case of satisfaction at other than face value or a sale or exchange, or

**[Footnote IRC §453A continued]**

Matter in *italics* in IRC §453A(c)(5), (6), (d)(1)(B) and (2)(B) added by section 7821(a)(2), (3), and (4)(B), '89 OBRA, P.L. 101-239, 12-19-89, which struck out:

(3) "(5)"

(4) "such secured indebtedness was incurred"

**Effective date** (Sec. 7823, '89 OBRA and section 10202(e)(1) and (5), '87 OBRA, P.L. 100-203, 12-22-87, as amended by section 2004(d)(3), (4) and (6), '88 TMRA, P.L. 100-647, 11-10-88).—Generally applies to dispositions in taxable years beginning after 12-31-87.

* * * * * * * * * * * *

(5) Coordination with Tax Reform Act of 1986.—The amendments made by this section shall not apply to any installment obligation or to any taxpayer during any period to the extent the amendments made by section 811 of '86 TRA do not apply to such obligation or during such period.

©1990 Macmillan, Inc.—Internal Revenue Code 11-29-90 

68

(2) the fair market value of the obligation at the time of distribution, transmission, or disposition, in the case of the distribution, transmission, or disposition otherwise than by sale or exchange.

Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received.

**(b) Basis of Obligation.**—The basis of an installment obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

**(c) Special Rule for Transmission at Death.**—Except as provided in section 691 (relating to recipients of income in respect of decedents), this section shall not apply to the transmission of installment obligations at death.

**(d)** [1]*Exception for Distributions to Which Section 337(a) Applies.—Subsection (a) shall not apply to any distribution to which section 337(a) applies.*

**(e) Life Insurance Companies.—**

**(1) In general.**—In the case of a disposition of an installment obligation by any person other than a life insurance company (as defined in section 816(a)) to such an insurance company or to a partnership of which such an insurance company is a partner, no provision of this subtitle providing for the nonrecognition of gain shall apply with respect to any gain resulting under subsection (a). If a corporation which is a life insurance company for the taxable year was (for the preceding taxable year) a corporation which was not a life insurance company, such corporation shall, for purposes of this subsection and subsection (a), be treated as having transferred to a life insurance company, on the last day of the preceding taxable year, all installment obligations which it held on such last day. A partnership of which a life insurance company becomes a partner shall, for purposes of this subsection and subsection (a), be treated as having transferred to a life insurance company, on the last day of the preceding taxable year of such partnership, all installment obligations which it holds at the time such insurance company becomes a partner.

**(2) Special rule where life insurance company elects to treat income as not related to insurance business.**—Paragraph (1) shall not apply to any transfer or deemed transfer of an installment obligation if the life insurance company elects (at such time and in such manner as the Secretary may by regulations prescribe) to determine its life insurance company taxable income—

(A) by returning the income on such installment obligation under the installment method prescribed in section 453, and

(B) as if such income were an item attributable to a noninsurance business (as defined in section 806(b)(3)).

**(f) Obligation Becomes Unenforceable.**—For purposes of this section, if any installment obligation is cancelled or otherwise becomes unenforceable—

(1) the obligation shall be treated as if it were disposed of in a transaction other than a sale or exchange, and

(2) if the obligor and obligee are related persons (within the meaning of section 453(f)(1)), the fair market value of the obligation shall be treated as not less than its face amount.

**(g) Transfers Between Spouses or Incident to Divorce.**—In the case of any transfer described in subsection (a) of section 1041 (other than a transfer in trust)—

(1) subsection (a) of this section shall not apply, and

---

**[Footnote IRC §453B]** Matter in *italics* in IRC §453B(d) added by section 11702(a)(2), OBRA '90, P.L. 101-508, 11-5-90, which struck out:

**(1) "Effect of Distribution in Liquidations to Which Section 332 Applies.**—If—

(1) an installment obligation is distributed in a liquidation to which section 332 (relating to complete liquidations of subsidiaries) applies, and

(2) the basis of such obligation in the hands of the distributee is determined under section 334(b)(1), then no gain or loss with respect to the distribution of such obligation shall be recognized by the distributing corporation."

**Effective date** (Sec. 11702(j), OBRA '90, P.L. 101-508, 11-5-90, section 1019(a), '88 TMRA and section 633(a), '86 TRA)—(a) Generally applies to—

(1) any distribution in complete liquidation, and any sale or exchange, made by a corporation after 7-31-86, unless such corporation is completely liquidated before 1-1-87,

(2) any transaction described in section 338 '86 Code for which the acquisition date occurs after 12-31-86,

(3) any distribution (not in complete liquidation) made after 12-31-86.

 ©1990 Macmillan, Inc.—Internal Revenue Code