the 3 taxable years preceding the

the 15 taxable years following the

ompany for the loss year, an opera-
rs following the 15 taxable years de-

he entire amount of the loss from
the earliest of the taxable years to
be carried. The portion of such loss
years shall be the excess (if any) of
ts (as defined in subsection (d)) for
nay be carried.

n the case of a loss from operations
linquish the entire carryback period
e due date (including extensions of
e loss from operations for which the
taxable year, such election shall be

purposes of this section—

s" means the excess of the life insur-
insurance gross income for such tax-

(1)—
e allowed, and
3 (relating to dividends received by
1 on certain preferred stock of public
d from certain foreign corporations)
(b) as modified by section 805(a)(4).

b)(2), the term "offset" means, with
that increase in the operations loss
e life insurance company taxable in-
and (3) of section 804) for such year

of paragraph (1), the operations loss
without regard to the loss from oper-
reafter.

is part, a life insurance company is a
ble year begins not more than 5 years
if section 381(c)(22) applies) was au-

of Operation Losses.—Except as pro-
pply in respect of operation loss car-
ns loss deduction under this part, in
btitles apply in respect of net operat-
d the net operating loss deduction.

tion and section 812 (as in effect be-
1984), this section shall be treated as

**, and Foreign Provisions**

1 policyholders' share.
] Repealed.
lomestic life insurance companies.
rom pre-1984 policyholders surplus



### IRC §811. ACCOUNTING PROVISIONS.

**(a) Method of Accounting.**—All computations entering into the determination of the taxes imposed by this part shall be made—

(1) under an accrual method of accounting, or

(2) to the extent permitted under regulations prescribed by the Secretary, under a combination of an accrual method of accounting with any other method permitted by this chapter (other than the cash receipts and disbursements method).

To the extent not inconsistent with the preceding sentence or any other provision of this part, all such computations shall be made in a manner consistent with the manner required for purposes of the annual statement approved by the National Association of Insurance Commissioners.

**(b) Amortization of Premium and Accrual of Discount.—**

**(1) In general.**—The appropriate items of income, deductions, and adjustments under this part shall be adjusted to reflect the appropriate amortization of premium and the appropriate accrual of discount attributable to the taxable year on bonds, notes, debentures, or other evidences of indebtedness held by a life insurance company. Such amortization and accrual shall be determined—

(A) in accordance with the method regularly employed by such company, if such method is reasonable, and

(B) in all other cases, in accordance with regulations prescribed by the Secretary.

**(2) Special rules.—**

(A) Amortization of bond premium.—In the case of any bond (as defined in section 171(d)), the amount of bond premium, and the amortizable bond premium for the taxable year, shall be determined under section 171(b) as if the election set forth in section 171(c) had been made.

(B) Convertible evidence of indebtedness.—In no case shall the amount of premium on a convertible evidence of indebtedness include any amount attributable to the conversion features of the evidence of indebtedness.

**(3) Exception.**—No accrual of discount shall be required under paragraph (1) on any bond (as defined in section 171(d)), except in the case of discount which is—

(A) interest to which section 103 applies, or

(B) original issue discount (as defined in section 1273).

**(c) No Double Counting.**—Nothing in this part shall permit—

(1) a reserve to be established for any item unless the gross amount of premiums and other consideration attributable to such item are required to be included in life insurance gross income,

(2) the same item to be counted more than once for reserve purposes, or

(3) any item to be deducted (either directly or as an increase in reserves) more than once.

**(d) Method of Computing Reserves on Contract Where Interest Is Guaranteed Beyond End of Taxable Year.**—For purposes of this part (other than section 816), amounts in the nature of interest to be paid or credited under any contract for any period which is computed at a rate which—

(1) exceeds [1]*the greater of the prevailing State assumed interest rate or applicable Federal interest rate in effect under section 807 for the contract* for such period, and

(2) is guaranteed beyond the end of the taxable year on which the reserves are being computed,

shall be taken into account in computing the reserves with respect to such contract as if such interest were guaranteed only up to the end of the taxable year.

**(e) Short Taxable Years.**—If any return of a corporation made under this part is for a period of less than the entire calendar year (referred to in this subsection as "short period"), then section 443 shall not apply in respect to such period, but life insurance com-

**[Footnote IRC §811]** Matter in *italics* in IRC §811(d)(1) added by section 2004(p)(1), '88 TMRA, P.L. 100-647, 11-10-88, which struck out:

(1) "the prevailing State assumed interest rate for the contract"

**Effective date** (Sec. 2004(u), '88 TMRA, and section 10241(c), '87 OBRA, P.L. 100-203, 12-22-87).—Applies to contracts issued in taxable years beginning after 12-31-87.



70

pany taxable income shall be determined, under regulations prescribed by the Secretary, on an annual basis by a ratable daily projection of the appropriate figures for the short period.

## IRC §812. DEFINITION OF COMPANY'S SHARE AND POLICYHOLDERS' SHARE.

**(a) General Rule.—**

**(1) Company's share.**—For purposes of section 805(a)(4), the term "company's share" means, with respect to any taxable year, the percentage obtained by dividing—

(A) the company's share of the net investment income for the taxable year, by

(B) the net investment income for the taxable year.

**(2) Policyholders' share.**—For purposes of section 807, the term "policyholders' share" means, with respect to any taxable year, the excess of 100 percent over the percentage determined under paragraph (1).

**(b) Company's Share of Net Investment Income.—**

**(1) In general.**—For purposes of this section, the company's share of net investment income is the excess (if any) of—

(A) the net investment income for the taxable year, over

(B) the sum of—

(i) the policy interest, for the taxable year, plus

(ii) the gross investment income's proportionate share of policyholder dividends for the taxable year.

**(2) Policy interest.**—For purposes of this subsection, the term "policy interest" means—

(A) required interest (at the greater of the prevailing State assumed rate or the applicable Federal interest rate) on reserves under section 807(c) (other than paragraph (2) thereof),

(B) the deductible portion of excess interest,

(C) the deductible portion of any amount (whether or not a policyholder dividend), and not taken into account under subparagraph (A) or (B), credited to —

(i) a policyholder's fund under a pension plan contract for employees (other than retired employees), or

(ii) a deferred annuity contract before the annuity starting date, and

(D) interest on amounts left on deposit with the company.

In any case where [1]*neither the prevailing State assumed interest rate nor the applicable Federal interest rate is used, another appropriate rate shall be used for purposes of subparagraph (A).*

**(3) Gross investment income's proportionate share of policyholder dividends.**—For purposes of paragraph (1), the gross investment income's proportionate share of policyholder dividends is—

(A) the deduction for policyholders' dividends determined under sections 808 and 809 for the taxable year, but not including—

(i) the deductible portion of excess interest,

(ii) the deductible portion of policyholder dividends on contracts referred to in clauses (i) and (ii) of paragraph (2)(C), and

(iii) the deductible portion of the premium and mortality charge adjustments with respect to contracts paying excess interest for such year,

multiplied by

(B) the fraction—

(i) the numerator of which is gross investment income for the taxable year (reduced by the policy interest for such year), and

---

**[Footnote IRC §812]** Matter in *italics* in IRC §812(b)(2) added by section 2004(p)(2), '88 TMRA, P.L. 100-647, 11-10-88, which struck out:

(1) "the prevailing State assumed rate is not used, another appropriate rate shall be treated as the prevailing State assumed rate for purposes of subparagraph (A)."

**Effective date** (Sec. 2004(u), '88 TMRA, and section 10241(c), '87 OBRA, P.L. 100-203, 12-22-87).—Applies to contracts issued in taxable years beginning after 12-31-87.



©PH, Inc.—Internal Revenue Code

# CHAPTER 6—CONSOLIDATED RETURNS

Subchapter A. Returns and payment of tax.
Subchapter B. Related rules.

## SUBCHAPTER A—RETURNS AND PAYMENT OF TAX

IRC §1501. Privilege to file consolidated returns.
IRC §1502. Regulations.
IRC §1503. Computation and payment of tax.
IRC §1504. Definitions.
IRC §1505. Cross references.

### IRC §1501. PRIVILEGE TO FILE CONSOLIDATED RETURNS.

An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year, the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

### IRC §1502. *REGULATIONS.

The Secretary shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income-tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability.

### IRC §1503. COMPUTATION AND PAYMENT OF TAX.

In any case in which a consolidated return is made or is required to be made, the tax shall be determined, computed, assessed, collected, and adjusted in accordance with the regulations under section 1502 prescribed before the last day prescribed by law for the filing of such return.

**(c) [Should be Redesignated] Special Rule for Application of Certain Losses Against Income of Insurance Companies Taxed Under Section 801.—**

**(1) In general.**—If an election under section 1504(c)(2) is in effect for the taxable year and the consolidated taxable income of the members of the group not taxed under section 801 results in a consolidated net operating loss for such taxable year, then under regulations prescribed by the Secretary, the amount of such loss which cannot be absorbed in the applicable carryback periods against the taxable income of such members not taxed under section 801 shall be taken into account in determining the consolidated taxable income of the affiliated group for such taxable year to the extent of 35 percent of such loss or 35 percent of the taxable income of the members taxed under section 801, whichever is less. The unused portions of such loss shall be available as a carryover, subject to the same limitations (applicable to the sum of the loss for the

**[Footnote IRC §1502]** * [Note: For purposes of applying Reg. §1.1502-19, section 6126, '88 TMRA, P.L. 100-647, 11-10-88, provides rules for certain reorganizations involving dual resident companies. For text of section 6126, '88 TMRA, see Amending Acts, Code Volume II.]

**Example (2).** The facts are the same as in example (1), except that G desires to extend the due date of its income tax return for the year ending January 31, 1988, to a date beyond August 15, 1988. Pursuant to paragraph (c)(1)(ii) of this section, G may extend such return to November 15, 1988 (i.e., the date that is up to 6 months after May 15, 1988, the normal due date of the return). However, in order to obtain this additional extension, G must file Form 2758 pursuant to paragraph (c)(1)(i) of this section on or before August 15, 1988.

**Example (3).** H, a partnership that historically used a May 31 taxable year, makes a section 444 election to use a year ending September 30 for its taxable year beginning on June 1, 1987. Absent paragraph (c)(1)(i) of this section, H's Form 1065 for the taxable year beginning June 1, 1987, and ending September 30, 1987, is due on or before January 15, 1988. However, if H types or legibly prints "SECTION 444 RETURN" at the top of Form 1065 for such year, paragraph (c)(1)(i) of this section automatically extends to due date of such return to August 15, 1988.

**Example (4).** The facts are the same as in example (3), except H desires to further extend (i.e., extend beyond August 15, 1988) the due date of its income tax return for its taxable year beginning June 1, 1987, and ending September 30, 1987. Since August 15, 1988, is 6 months or more after the due date (without extensions) of such return, paragraph (c)(1)(ii) of this section prevents H from further extending the time for filing such return.

**Example (5).** I, a partnership that historically used a June 30 taxable year, considered making a section 44 election to retain such taxable year, but eventually decided to change to a December 31, taxable year (I's required taxable year). Absent paragraph (c)(1)(i) of this section, I's Form 1065 for the taxable year beginning July 1, 1987, and ending December 31, 1987, is due on or before April 15, 1988. Pursuant to paragraph (c)(1)(i) of this section, if I types or legibly prints "SECTION 444 RETURN" at the top of Form 1065 for such year, paragraph (c)(1)(i) of this section automatically extends the du[e] date of such return to August 15, 1988. In addition, I ma[y] further extend such return pursuant to paragraph (c)(1)(ii) [of] this section.

**(2) No penalty for certain late payments—(i) I[n] general.** In the case of a personal service corpora[-]tion or S corporation described in paragrap[h] (c)(1)(i) of this section, no penalty under sectio[n] 6651 (a)(2) will be imposed for failure to pa[y] income tax (if any) for the first taxable yea[r] beginning after December 31, 1986, but only fo[r] the period beginning with the last date for pay[-]ment and ending with the later of the date speci[-]fied in paragraph (c)(1)(i) or paragraph (c)(1)(ii) o[f] this section.

**(ii) Example.** The provisions of paragrap[h] (c)(2)(i) of this section may be illustrated by th[e] following example.

**Example.** J, a personal service corporation that historicall[y] used a January 31 taxable year, makes a section 444 election t[o] retain such year for its taxable year beginning February 1, 1987. The last date (without extension) for payment of J's income tax (if any) for its taxable year beginning February 1, 1987, is April 15, 1988. However, under paragraph (c)(2)(i) o[f] this section, no penalty under section 6651(a)(2) will be im[-]posed on any underpayment of income tax for the perio[d] beginning April 15, 1988 and ending August 15, 1988.

**(d) Effective date.** This section is effective fo[r] taxable years beginning after December 31, 1986. [T.D. 8205, 53 FR 19703, May 27, 1988]

## Methods Of Accounting

### Methods of Accounting in General

### § 1.446-1 General rule for methods of accounting.

**(a) General rule. (1)** Section 446(a) provides that taxable income shall be computed under the method of accounting on the basis of which a taxpayer regularly computes his income in keeping his books. The term "method of accounting" includes not only the overall method of accounting of the taxpayer but also the accounting treatment of any item. Examples of such over all methods are the cash receipts and disbursements method, an accrual method, combinations of such methods, and combinations of the foregoing with various methods provided for the accounting treatment of special items. These methods of accounting for special items include the accounting treatment prescribed for research and experimental expenditures, soil and water conservation expenditures, depreciation, net operating losses, etc. Except for deviations permitted or required by such special accounting treatment, taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books. For requirement respecting the adoption or change of accounting method, see section 446(e) and paragraph (e) of this section.

**(2)** It is recognized that no uniform method of accounting can be prescribed for all taxpayers. Each taxpayer shall adopt such forms and systems as are, in his judgment, best suited to his needs. However, no method of accounting is acceptable unless, in the opinion of the Commissioner, it clearly reflects income. A method of accounting which reflects the consistent application of generally accepted accounting principles in a particular trade or business in accordance with accepted conditions or practices in that trade or business will ordinarily be regarded as clearly reflecting income, provided all items of gross income and expense are treated consistently from year to year.

matically extends the du
988. In addition, I may
to paragraph (c)(1)(ii) of

**ate payments—(i) In**
onal service corpora
ribed in paragraph
enalty under section
for failure to pay
first taxable year
, 1986, but only for
e last date for pay
er of the date speci
aragraph (c)(1)(ii) of

sions of paragraph
be illustrated by the

rporation that historically
s a section 444 election to
r beginning February
ision) for payment of
ar beginning February
der paragraph (c)(2)(i) of
n 6651(a)(2) will be im
come tax for the period
g August 15, 1988.

ction is effective for
December 31, 1986
27, 1988]

le income shall be
of accounting on the
gularly computes his
s. For requirement
hange of accounting
nd paragraph (e) of

o uniform method of
d for all taxpayers
ch forms and systems
suited to his needs
ounting is acceptable
he Commissioner,
nethod of accounting
application of gener
iciples in a particular
dance with accepted
hat trade or business
as clearly reflecting
of gross income
tly from year to year

(3) Items of gross income and expenditures which are elements in the computation of taxable income need not be in the form of cash. It is sufficient that such items can be valued in terms of money. For general rules relating to the taxable year for inclusion of income and for taking deductions, see sections 451 and 461, and the regulations thereunder.

(4) Each taxpayer is required to make a return of his taxable income for each taxable year and must maintain such accounting records as will enable him to file a correct return. See section 6001 and the regulations thereunder. Accounting records include the taxpayer's regular books of account and such other records and data as may be necessary to support the entries on his books of account and on his return, as for example, a reconciliation of any differences between such books and his return. The following are among the essential features that must be considered in maintaining such records:

(i) In all cases in which the production, purchase, or sale of merchandise of any kind is an income-producing factor, merchandise on hand (including finished goods, work in process, raw materials, and supplies) at the beginning and end of the year shall be taken into account in computing the taxable income of the year. (For rules relating to computation of inventories, see sections 263A, 471, and 472, and the regulations thereunder.)

(ii) Expenditures made during the year shall be properly classified as between capital and expense. For example, expenditures for such items as plant and equipment, which have a useful life extending substantially beyond the taxable year, shall be charged to a capital account and not to an expense account.

(iii) In any case in which there is allowable with respect to an asset a deduction for depreciation, amortization, or depletion, any expenditures (other than ordinary repairs) made to restore the asset or prolong its useful life shall be added to the asset account or charged against the appropriate reserve.

(b) **Exceptions.** (1) If the taxpayer does not regularly employ a method of accounting which clearly reflects his income, the computation of taxable income shall be made in a manner which, in the opinion of the Commissioner, does clearly reflect income.

(2) A taxpayer whose sole source of income is wages need not keep formal books in order to have an accounting method. Tax returns, copies thereof, or other records may be sufficient to establish the use of the method of accounting used in the preparation of the taxpayer's income tax returns.

**(c) Permissible methods—(1) In general.** Subject to the provisions of paragraphs (a) and (b) of this section, a taxpayer may compute his taxable income under any of the following methods of accounting:

**(i) Cash receipts and disbursements method.** Generally, under the cash receipts and disbursements method in the computation of taxable income, all items which constitute gross income (whether in the form of cash, property, or services) are to be included for the taxable year in which actually or constructively received. Expenditures are to be deducted for the taxable year in which actually made. For rules relating to constructive receipt, see § 1.451–2. For treatment of an expenditure attributable to more than one taxable year, see section 461(a) and paragraph (a)(1) of § 1.461–1.

**(ii) Accrual method.** Generally, under an accrual method, income is to be included for the taxable year when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy. Under such a method, deductions are allowable for the taxable year in which all the events have occurred which establish the fact of the liability giving rise to such deduction and the amount thereof can be determined with reasonable accuracy. The method used by the taxpayer in determining when income is to be accounted for will be acceptable if it accords with generally accepted accounting principles, is consistently used by the taxpayer from year to year, and is consistent with the Income Tax Regulations. For example, under an accrual method, a taxpayer engaged in manufacturing may account for the sale of an item when the item is shipped, when the item is delivered, when the item is accepted, or when title to the item passes to the purchaser, whether or not billed, depending upon the method regularly employed in keeping the taxpayer's books; however, see § 1.451–5 relating to advance payments. The determination of when an item is shipped, delivered or accepted, or when title passes, does not depend upon when any other item in the contract is shipped, delivered or accepted, or when title passes.

**(iii) Other permissible methods.** Special methods of accounting are described elsewhere in chapter 1 of the Code and the regulations thereunder. For example, see the following sections and the regulations thereunder: Sections 61 and 162, relat-

ing to the crop method of accounting; section 453, relating to the installment method; section 451, relating to the long-term contract methods. In addition, special methods of accounting for particular items of income and expense are provided under other sections of chapter 1. For example, see section 174, relating to research and experimental expenditures, and section 175, relating to soil and water conservation expenditures.

(iv) **Combinations of the foregoing methods.** (a) In accordance with the following rules, any combination of the foregoing methods of accounting will be permitted in connection with a trade or business if such combination clearly reflects income and is consistently used. Where a combination of methods of accounting includes any special methods, such as those referred to in subdivision (iii) of this subparagraph, the taxpayer must comply with the requirements relating to such special methods. A taxpayer using an accrual method of accounting with respect to purchases and sales may use the cash method in computing all other items of income and expense. However, a taxpayer who uses the cash method of accounting in computing gross income from his trade or business shall use the cash method in computing expenses of such trade or business. Similarly, a taxpayer who uses an accrual method of accounting in computing business expenses shall use an accrual method in computing items affecting gross income from his trade or business.

(b) A taxpayer using one method of accounting in computing items of income and deductions of his trade or business may compute other items of income and deductions not connected with his trade or business under a different method of accounting.

**(2) Special rules.** (i) In any case in which it is necessary to use an inventory the accrual method of accounting must be used with regard to purchases and sales unless otherwise authorized under subdivision (ii) of this subparagraph.

(ii) No method of accounting will be regarded as clearly reflecting income unless all items of gross profit and deductions are treated with consistency from year to year. The Commissioner may authorize a taxpayer to adopt or change to a method of accounting permitted by this chapter although the method is not specifically described in the regulations in this part if, in the opinion of the Commissioner, income is clearly reflected by the use of such method. Further, the Commissioner may authorize a taxpayer to continue the use of a method of accounting consistently used by the taxpayer, even though not specifically authorized by the regulations in this part, if, in the opinion of the Commissioner, income is clearly reflected by the use of such method. See section 446(a) and paragraph (a) of this section, which require that taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books, and section 446(e) and paragraph (e) of this section, which require the prior approval of the Commissioner in the case of changes in accounting method.

**(d) Taxpayer engaged in more than one business.** (1) Where a taxpayer has two or more separate and distinct trades or businesses, a different method of accounting may be used for each trade or business, provided the method used for each trade or business clearly reflects the income of that particular trade or business. For example, a taxpayer may account for the operations of a personal service business on the cash receipts and disbursements method and of a manufacturing business on an accrual method, provided such businesses are separate and distinct and the methods used for each clearly reflect income. The method first used in accounting for business income and deductions in connection with each trade or business, as evidenced in the taxpayer's income tax return in which such income or deductions are first reported, must be consistently followed thereafter.

(2) No trade or business will be considered separate and distinct for purposes of this paragraph unless a complete and separable set of books and records is kept for such trade or business.

(3) If, by reason of maintaining different methods of accounting, there is a creation or shifting of profits or losses between the trades or businesses of the taxpayer (for example, through inventory adjustments, sales, purchases, or expenses) so that income of the taxpayer is not clearly reflected, the trades or businesses of the taxpayer will not be considered to be separate and distinct.

**(e) Requirement respecting the adoption or change of accounting method.** (1) A taxpayer filing his first return may adopt any permissible method of accounting in computing taxable income for the taxable year covered by such return. See section 446(c) and paragraph (c) of this section for permissible methods. Moreover, a taxpayer may adopt any permissible method of accounting in connection with each separate and distinct trade or business, the income from which is reported for the first time. See section 446(d) and paragraph (d) of this section. See also section 446(a) and paragraph (a) of this section.

is part, if, in the
income is clearly
thod. See section
his section, which
hall be computed
ig on the basis of
mputes his income
n 446(e) and para-
i require the prior
r in the case of

ore than one busi-
has two or more
businesses, a differ-
be used for each
e method used for
reflects the income
ness. For example
he operations of a
e cash receipts and
f a manufacturing
od, provided such
tinct and the meth-
flect income. The
ng for business in
nnection with each
d in the taxpayer's
h income or deduc-
be consistently fol-

will be considered
poses of this para-
parable set of books
trade or business
ning different meth-
reation or shifting of
ades or businesses of
rough inventory ad-
r expenses) so that
clearly reflected, the
axpayer will not be
d distinct.

g the adoption of
d. (1) A taxpayer
lopt any permissible
mputing taxable in-
ered by such return
ph (c) of this section
Moreover, a taxpayer
method of accounting
ate and distinct trade
which is reported to
46(d) and paragraph
o section 446(a) and
1.

(2)(i) Except as otherwise expressly provided in chapter 1 of the Code and the regulations thereunder, a taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner. Consent must be secured whether or not such method is proper or is permitted under the Internal Revenue Code or the regulations thereunder.

(ii)(a) A change in the method of accounting includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan. Although a method of accounting may exist under this definition without the necessity of a pattern of consistent treatment of an item, in most instances a method of accounting is not established for an item without such consistent treatment. A material item is any item which involves the proper time for the inclusion of the item in income or the taking of a deduction. Changes in method of accounting include a change from the cash receipts and disbursement method to an accrual method, or vice versa, a change involving the method or basis used in the valuation of inventories (see sections 471 and 472 and the regulations thereunder), a change from the cash or accrual method to a long-term contract method, or vice versa (see § 1.451-3), a change involving the adoption, use or discontinuance of any other specialized method of computing taxable income, such as the crop method, and a change where the Internal Revenue Code and regulations thereunder specifically require that the consent of the Commissioner must be obtained before adopting such a change.

(b) A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability (such as errors in computation of the foreign tax credit, net operating loss, percentage depletion or investment credit). Also, a change in method of accounting does not include adjustment of any item of income or deduction which does not involve the proper time for the inclusion of the item of income or the taking of a deduction. For example, corrections of items that are deducted as interest or salary, but which are in fact payments of dividends, and of items that are deducted as business expenses, but which are in fact personal expenses, are not changes in method of accounting. In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts or an adjustment in the useful life of a depreciable asset. Although such adjustments may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustments in the current and future years. For the treatment of the adjustment of the addition to a bad debt reserve, see the regulations under section 166 of the Code; for the treatment of a change in the useful life of a depreciable asset, see the regulations under section 167(b) of the Code. A change in the method of accounting also does not include a change in treatment resulting from a change in underlying facts. On the other hand, for example, a correction to require depreciation in lieu of a deduction for the cost of a class of depreciable assets which has been consistently treated as an expense in the year of purchase involves the question of the proper timing of an item, and is to be treated as a change in method of accounting.

(c) A change in an overall plan or system of identifying or valuing items in inventory is a change in method of accounting. Also a change in the treatment of any material item used in the overall plan for identifying or valuing items in inventory is a change in method of accounting.

**(iii)** A change in the method of accounting may be illustrated by the following examples:

**Example (1).** Although the sale of merchandise is an income producing factor, and therefore inventories are required, a taxpayer in the retail jewelry business reports his income on the cash receipts and disbursements method of accounting. A change from the cash receipts and disbursements method of accounting to the accrual method of accounting is a change in the overall plan of accounting and thus is a change in method of accounting.

**Example (2).** A taxpayer in the wholesale dry goods business computes its income and expenses on the accrual method of accounting and files its Federal income tax returns on such basis except for real estate taxes which have been reported on the cash receipts and disbursements method of accounting. A change in the treatment of real estate taxes from the cash receipts and disbursements method to the accrual method is a change in method of accounting because such change is a change in the treatment of a material item within his overall accounting practice.

**Example (3).** A taxpayer in the wholesale dry goods business computes its income and expenses on the accrual method of accounting and files its Federal income tax returns on such basis. Vacation pay has been deducted in the year in which paid because the taxpayer did not have a completely vested vacation pay plan, and, therefore, the liability for payment did not accrue until that year. Subsequently, the taxpayer adopts a completely vested vacation pay plan that changes its year for accruing the deduction from the year in which payment is made to the year in which the liability to make the payment now arises. The change for the year of deduction of the vacation pay plan is not a change in method of accounting but results, instead, because the underlying facts (that is, the type of vacation pay plan) have changed.

**Example (4).** From 1968 through 1970, a taxpayer has fairly allocated indirect overhead costs to the value of inventories on

a fixed percentage of direct costs. If the ratio of indirect overhead costs to direct costs increases in 1971, a change in the underlying facts has occurred. Accordingly, an increase in the percentage in 1971 to fairly reflect the increase in the relative level of indirect overhead costs is not a change in method of accounting but is a change in treatment resulting from a change in the underlying facts.

**Example (5).** A taxpayer values inventories at cost. A change in the basis for valuation of inventories from cost to the lower of cost or market is a change in an overall practice of valuing items in inventory. The change, therefore, is a change of method of accounting for inventories.

**Example (6).** A taxpayer in the manufacturing business has for many taxable years valued its inventories at cost. However, cost has been improperly computed since no overhead costs have been included in valuing the inventories at cost. The failure to allocate an appropriate portion of overhead to the value of inventories is contrary to the requirement of the Internal Revenue Code and the regulations thereunder. A change requiring appropriate allocation of overhead is a change in method of accounting because it involves a change in the treatment of a material item used in the overall practice of identifying or valuing items in inventory.

**Example (7).** A taxpayer has for many taxable years valued certain inventories by a method which provides for deducting 20 percent of the cost of the inventory items in determining the final inventory valuation. The 20 percent adjustment is taken as a "reserve for price changes." Although this method is not a proper method of valuing inventories under the Internal Revenue Code or the regulations thereunder, it involves the treatment of a material item used in the overall practice of valuing inventory. A change in such practice or procedure is a change of method of accounting for inventories.

**Example (8).** A taxpayer has always used a base stock system of accounting for inventories. Under this system a constant price is applied to an assumed constant normal quantity of goods in stock. The base stock system is an overall plan of accounting for inventories which is not recognized as a proper method of accounting for inventories under the regulations. A change in this practice is, nevertheless, a change of method of accounting for inventories.

(3)(i) Except as otherwise provided under the authority of subdivision (ii) of this subparagraph, in order to secure the Commissioner's consent to a change of a taxpayer's method of accounting, the taxpayer must file an application on Form 3115 with the Commissioner of Internal Revenue, Washington, D.C. 20224, within 180 days after the beginning of the taxable year in which it is desired to make the change. The taxpayer shall, to the extent applicable, furnish (a) all information requested on such form, disclosing in detail all classes of items which would be treated differently under the new method of accounting and showing all amounts which would be duplicated or omitted as a result of the proposed change and (b) the taxpayer's computation of the adjustments to take into account such duplications or omissions. The Commissioner may require such other information as may be necessary in order to determine whether the proposed change will be permitted. Permission to change a taxpayer's method of accounting will not be granted unless the taxpayer and the Commissioner agree to the terms, conditions, and adjustments under which the change will be effected. See section 481 and the regulations thereunder, relating to certain adjustments required by such changes, section 472 and the regulations thereunder, relating to changes to and from the last-in, first-out method of inventorying goods, and section 453 and the regulations thereunder, relating to certain adjustments required by a change from an accrual method to the installment method.

(ii) Notwithstanding the provisions of subdivision (i) of this subparagraph, the Commissioner may prescribe administrative procedures, subject to such limitations, terms, and conditions as he deems necessary to obtain his consent, to permit taxpayers to change their accounting practices or methods to an acceptable treatment consistent with applicable regulations. Limitations, terms, and conditions, as may be prescribed in such administrative procedures by the Commissioner, shall include those necessary to prevent the omission or duplication of items includible in gross income or deductions.

[T.D. 6500, 25 FR 11708, Nov. 26, 1960, as amended by T.D. 7073, 35 FR 17710, Nov. 18, 1970; T.D. 7285, 38 FR 26184, Sept. 19, 1973; T.D. 8067, 51 FR 378, Jan. 6, 1986; T.D. 8131, 52 FR 10084, March 30, 1987]

## § 1.448–1T Limitation on the use of the cash receipts and disbursements method of accounting (temporary).

**(a) Limitation on accounting method—(1) In general.** This section prescribes regulations under section 448 relating to the limitation on the use of the cash receipts and disbursements method of accounting (the cash method) by certain taxpayers.

**(2) Limitation rule.** Except as otherwise provided in this section, the computation of taxable income using the cash method is prohibited in the case of a—

(i) C corporation,

(ii) Partnership with a C corporation as a partner, or

(iii) Tax shelter.

A partnership is described in paragraph (a)(2)(ii) of this section, if the partnership has a C corporation as a partner at any time during the partnership's taxable year beginning after December 31, 1986.

**(3) Meaning of C corporation.** For purposes of this section, the term "C corporation" includes any corporation that is not an S corporation. For

Case 1:02-cv-01278-EMA Document 76-3 Filed 06/08/2005 Page 9 of 9



ction 481(a) to be taken into account the taxable year or years prescribed the Commissioner.

(iii) This paragraph (e)(3) applies to forms 3115 filed on or after December 1997. For other Forms 3115, see 1.446-1(e)(3) in effect prior to December 31, 1997 (§1.446-1(e)(3) as contained the 26 CFR part 1 edition revised as April 1, 1997).

(f) *Effective date*. [Reserved]. For further guidance, see §1.446(e)-1T(e)(4)(i) d (ii).

[T.D. 6500, 25 FR 11708, Nov. 26, 1960, as amended by T.D. 7073, 35 FR 17710, Nov. 18, T.D. 7285, 38 FR 26184, Sept. 19, 1973; 8067, 51 FR 378, Jan. 6, 1986; T.D. 8131, 52 10084, Mar. 30, 1987; T.D. 8408, 57 FR 12419, 10, 1992; T.D. 8482, 58 FR 42233, Aug. 9, T.D. 8608, 60 FR 40078, Aug. 7, 1995; T.D. 62 FR 26741, May 15, 1997; T.D. 8742, 62 68169, Dec. 31, 1997; T.D. 8929, 66 FR 2223, 11, 2001; T.D. 9025, 67 FR 76985, Dec. 16, T.D. 9105, 69 FR 8, Jan. 2, 2004]

### §1.446-1T General rule for methods of accounting (temporary).

(a) through (e)(2)(i) [Reserved]. For further guidance, see §1.446-1(a) through (e)(2)(i).

(e)(2)(ii)(*a*) A change in the method of accounting includes a change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in an overall plan. Although a method of accounting may exist under this definition without the necessity of a pattern of consistent treatment of an item, in most instances a method of accounting is not established for an item without such consistent treatment. A material item is any item that involves the proper time for the inclusion of the item in income or the taking of a deduction. Changes in method of accounting include a change from the cash receipts and disbursement method to an accrual method, or vice versa, a change involving the method or basis used in the valuation of inventories (see sections 471 and 472 and the regulations under sections 471 and 472), a change from the cash or accrual method to a long-term contract method, or vice versa (see §1.460-4), certain changes in computing depreciation or amortization (see paragraph (e)(2)(ii)(*d*) of this section), a change involving the adoption, use or discontinuance of any other specialized method of computing taxable income, such as the crop method, and a change where the Internal Revenue Code and regulations under the Code specifically require that the consent of the Commissioner must be obtained before adopting such a change.

(*b*) A change in method of accounting does not include correction of mathematical or posting errors, or errors in the computation of tax liability (such as errors in computation of the foreign tax credit, net operating loss, percentage depletion, or investment credit). Also, a change in method of accounting does not include adjustment of any item of income or deduction that does not involve the proper time for the inclusion of the item of income or the taking of a deduction. For example, corrections of items that are deducted as interest or salary, but that are in fact payments of dividends, and of items that are deducted as business expenses, but which are in fact personal expenses, are not changes in method of accounting. In addition, a change in the method of accounting does not include an adjustment with respect to the addition to a reserve for bad debts. Although such adjustment may involve the question of the proper time for the taking of a deduction, such items are traditionally corrected by adjustment in the current and future years. For the treatment of the adjustment of the addition to a bad debt reserve (for example, for banks under section 585 of the Internal Revenue Code), *see* the regulations under section 166 of the Internal Revenue Code. A change in the method of accounting also does not include a change in treatment resulting from a change in underlying facts. For further guidance on changes involving depreciable or amortizable assets, see paragraph (e)(2)(ii)(*d*) of this section and §1.1016-3T(h).

(*c*) [Reserved]. For further guidance, *see* §1.446-1(e)(2)(ii)(*c*).

(*d*) *Changes involving depreciable or amortizable assets—(1) Scope*. This paragraph (e)(2)(ii)(*d*) applies to property subject to section 167, 168, 197, 1400I, 1400L(b), or 1400L(c), or to section 168 prior to its amendment by the Tax Reform Act of 1986 (100 Stat. 2121) (former section 168).





(*2*) *Changes in depreciation or amortization that are a change in method of accounting*. Except as provided in paragraph (e)(2)(ii)(*d*)(*3*) of this section, a change in the treatment of an asset from nondepreciable or nonamortizable to depreciable or amortizable, or vice versa, is a change in method of accounting. Additionally, a correction to require depreciation or amortization in lieu of a deduction for the cost of depreciable or amortizable assets that had been consistently treated as an expense in the year of purchase, or vice versa, is a change in method of accounting. Further, except as provided in paragraph (e)(2)(ii)(*d*)(*3*) of this section, the following changes in computing depreciation or amortization are a change in method of accounting:

(*i*) A change in the depreciation or amortization method, period of recovery, or convention of a depreciable or amortizable asset.

(*ii*) A change from not claiming to claiming the additional first year depreciation deduction provided by section 168(k) or 1400L(b) for, and the resulting change to the amount otherwise allowable as a depreciation deduction for the remaining adjusted depreciable basis (or similar basis) of, qualified property, 50-percent bonus depreciation property, or qualified New York Liberty Zone property, provided the taxpayer did not make the election out of the additional first year depreciation deduction (or did not make a deemed election out of the additional first year depreciation deduction; for further guidance, *see* Rev. Proc. 2002-33 (2002-1 C.B. 963), Rev. Proc. 2003-50 (2003-29 I.R.B. 119), and §601.601(d)(2)(ii)(*b*) of this chapter) for the class of property in which the qualified property, the 50-percent bonus depreciation property, or the qualified New York Liberty Zone property is included.

(*iii*) A change from claiming the 30-percent additional first year depreciation deduction to claiming the 50-percent additional first year depreciation deduction for 50-percent bonus depreciation property (provided the property is not included in any class of property for which the taxpayer elected the 30-percent, instead of the 50-percent, additional first year depreciation deduction) or a change from claiming the 50-percent additional first year depreciation deduction to claiming the 30-percent additional first year depreciation deduction for qualified property (including property that is included in a class of property for which the taxpayer elected the 30-percent, instead of the 50-percent, additional first year depreciation deduction) or qualified New York Liberty Zone property, and the resulting change to the amount otherwise allowable as a depreciation deduction for the property's remaining adjusted depreciable basis (or similar basis). This paragraph (e)(2)(ii)(*d*)(*2*)(*iii*) does not apply if a taxpayer is making a late election or revoking a timely valid election under section 168(k) or 1400L(b) (see paragraph (e)(2)(ii)(*d*)(*3*)(*iii*) of this section).

(*iv*) A change from claiming to not claiming the additional first year depreciation deduction for an asset that is not qualified property, 50-percent bonus depreciation property, or qualified New York Liberty Zone property, and the resulting change to the amount otherwise allowable as a depreciation deduction for the property's depreciable basis.

(*v*) A change in salvage value to zero for a depreciable or amortizable asset for which the salvage value is expressly treated as zero by the Internal Revenue Code (for example, section 168(b)(4)), the regulations under the Code (for example, §1.197-2(f)(1)(ii)), or other guidance published in the Internal Revenue Bulletin.

(*vi*) A change in the accounting for depreciable or amortizable assets from a single asset account to a multiple asset account (pooling), or vice versa, or from one type of multiple asset account (pooling) to a different type of multiple asset account (pooling).

(*vii*) For depreciable or amortizable assets that are mass assets accounted for in multiple asset accounts or pools, a change in the method of identifying which assets have been disposed. For purposes of this paragraph (e)(2)(ii)(*d*)(*2*)(*vii*), the term *mass assets* means a mass or group of individual items of depreciable or amortizable assets that are not necessarily homogeneous, each of which is minor in value relative to the total value of the