IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**SECOND STIPULATION OF FACTS**

The parties stipulate and agree that the following facts may be taken as true for purposes of this case only, subject to the right of each party to object herein to any stipulated fact on the ground of relevance or materiality.

1. Principal FC, Ltd. had no employees of its own during the years 1991 through 2002. It was customary during those years (and still is) for employees of Principal Life to provide services to the operating subsidiaries (i.e., those engaged in business) established by Principal Life, rather than have each subsidiary hire and employ its own employees, in order to minimize various administrative expenses that would be incurred in maintaining separate employees and payrolls for each affiliate and the federal and state reporting for taxes, unemployment insurance, and other statutory obligations that would apply in the event each subsidiary had its own employees.

2. As of December 31, 1991, none of the following subsidiaries of Principal Life had its own employees:

Principal National Life Insurance Company
Principal Holding Company
Petula Associates, Ltd.
Patrician Associates, Ltd.
Principal Development Associates, Inc.
Princor Financial Services Corporation
Princor Management Corporation
Principal Investors Corporation
Invista Capital Management, Inc.
The Principal Financial Group, Inc.
Principal Marketing Services, Inc.
Principal Casualty Insurance Company
Principal Financial Advisors
Principal International, Inc.
Principal Spectrum Associates, Inc.
Principal FC, Ltd.

3. As was the case with Principal Life's other 32 domestic subsidiaries, the operations of Principal FC, Ltd., during those years were conducted by employees of Principal Life. Principal Life, through its employees, recorded the expenses incurred by or on behalf of Principal FC, Ltd., and allocated those expenses to Principal FC, Ltd., on its financial statements, and received reimbursements for those expenses.

4. Principal's manner of operating its subsidiaries as described above, i.e., through employees of the parent corporation rather than through employees specific to the subsidiary, is usual and customary in the world of large business enterprises with multiple subsidiaries.

5. During the years 1991 through 2002, Principal FC, Ltd. made expenditures for the purchase of securities on 45 separate occasions. Such securities were debt obligations of unrelated issuers and included General Electric Capital Corporation Notes, Associates Corporation of North America Notes, American Express Credit Corporation Notes, and U.S.

Treasury Notes. None of such expenditures or transactions involved an amount less than $99,000.00, the majority were in excess of $200,000 each, and 11 were in excess of $900,000.00 each. Such securities, once purchased, became assets of Principal FC, Ltd. Joint Exhibit 205 represents a summary of such securities transactions.

6. Joint Exhibit 206 represents a summary of the records which allocate to Principal FC, Ltd. its portion of the affiliated group's federal and state income taxes during the years 1991-2002, which amounts were paid by Principal FC, Ltd. to Principal Life Insurance Company.

7. Joint Exhibit 207 represents a summary of the expenditures by Principal FC, Ltd. during the years 1991-2002 for payment of its corporate maintenance fees.

8. The following represents a summary of the expenditures made, incurred, or accrued by Principal FC, Ltd. during the years 1991-2002 (other than payments made to Prudential or its subsidiaries and other than the expenditures for purchases of securities referred to in paragraph 5 above):

| | |
|---|---|
| <u>1991</u> | |
| Federal income tax | $571.53 |
| State income tax | 190.04 |
| | |
| <u>1992</u> | |
| Federal income tax | 14,398.84 |
| State income tax | 4,310.56 |
| Filing fees | 130.00 |
| Miscellaneous expense | 60.51 |
| | |
| <u>1993</u> | |
| Federal income tax | 16,080.11 |
| State income tax | 3,400.31 |
| Environmental tax | 16.17 |
| Filing fees | 30.00 |
| | |
| <u>1994</u> | |
| Federal income tax | 18,649.13 |
| State income tax (refund) | (3,511.40) |
| Environmental tax | 58.00 |

| | |
|---|---|
| Filing fees | 30.00 |
| 1995 | |
| Federal income tax | 21,704.38 |
| State income tax | 2,360.00 |
| Environmental tax | 71.00 |
| Filing fees | 30.00 |
| 1996 | |
| Federal income tax | 20,602.97 |
| State income tax | 1,794.00 |
| Environmental tax | 69.00 |
| Filing fees | 30.00 |
| 1997 | |
| Federal income tax | 21,715.92 |
| State income tax | 1,600.00 |
| Filing fees | 30.00 |
| 1998 | |
| Federal income tax | 24,445.49 |
| State income tax | 2,135.00 |
| Filing fees | 45.00 |
| 1999 | |
| Federal income tax | 23,073.00 |
| State income tax | 2,977.00 |
| 2000 | |
| Federal income tax | 29,184.00 |
| Environmental tax | 645.00 |
| Filing fees | 45.00 |
| 2001 | |
| Federal income tax | 26,488.00 |
| 2002 (3/31) | |
| Federal income tax | 12,466.00 |
| Filing fees | 30.00 |

STIPULATED AND AGREED TO on or as of the ______ day of ____________, 2006.

***s/ Bruce Graves***
Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, P.L.C.
Suite 2000, Ruan Center
666 Grand Avenue
Des Moines, Iowa 50309
Telephone: 515/242-2400
Fax: 515/283-0231

ATTORNEY FOR PLAINTIFF

______________________________
Mary M. Abate
Attorney of Record
U.S. Dept. of Justice, Tax Div.
Court of Fed. Claims Section
P.O. Box 26, Franklin Station
Washington, D.C. 20044
Telephone: 202/307-6507
Fax: 202/514-9440

ATTORNEY FOR DEFENDANT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFF'S EXHIBIT 9**
**AFFIDAVIT OF JILL HITTNER**

STATE OF IOWA )
) ss
COUNTY OF POLK )

The undersigned, Jill Hittner, being first duly sworn on oath, hereby deposes and states as follows:

1. I am an employee and officer of Principal Life Insurance Company ("Principal Life") and hold the title of Second Vice President & Chief Accounting Officer.

2. I have been employed by Principal Life since 1989 and have worked in the Investment Accounting department since commencing employment. During the years 1991 – 2002, the titles I held were as follows: 1991- 1993, Investment Accounting Analyst; 1993 – 1997, Senior Accounting Analyst; 1997 – 1999, Assistant Director, Investment Accounting; 2000 – 2002, Director, Investment Accounting.

3. I am familiar with Principal FC, Ltd., a corporation established by Principal Life in 1991, and my department performed the financial accounting for the operations and transactions of that corporation during the years 1991 - 2002.

4. Plaintiff's Exhibits 12, 13, 14, 15, 16, and 17 are copies of financial records of Principal FC, Ltd. Such records were prepared and/or maintained in my department and under supervision, control and custody of the senior officer in the Investment Accounting department (and since the year 2000, under my supervision, control and custody). Such records are regularly and routinely prepared and maintained in my department for and on behalf of Principal Life Insurance Company and its subsidiaries.

5. Plaintiff's Exhibit 12 consists of the records reflecting expenditures by Principal FC, Ltd. during the years 1991-2002 for purchases of securities on 45 separate occasions. Such securities were debt instruments of unrelated issuers, including General Electric Capital Corporation Notes, Associates Corporation of North America Notes, American Express Credit Corporation Notes, and U.S. Treasury Notes. The records in Plaintiff's Exhibit 12 are preceded by a summary of the transactions. None of such expenditures or transactions involved an amount less than $99,000.00, the majority were in excess of $200,000 each, and 11 were in excess of $900,000.00 each. As shown by Plaintiff's Exhibits 15 and 16, such securities, once purchased, became assets of Principal FC, Ltd.

6. As shown by Plaintiff's Exhibit 12, the following shows the number of the separate expenditures made by Principal FC, Ltd. during each of the years 1991 through 2002 for the purchase of securities in separate purchase transactions:

| Year | Number Of Expenditures |
| --- | --- |

| | |
|---|---|
| 1991 | 1 |
| 1992 | 14 |
| 1993 | 11 |
| 1994 | 4 |
| 1995 | 2 |
| 1996 | 2 |
| 1997 | 2 |
| 1998 | 2 |
| 1999 | 2 |
| 2000 | 2 |
| 2001 | 2 |
| 2002 | 1 |
| Total | 45 |

7. Plaintiff's Exhibit 13 consists of the records relating to Principal FC, Ltd.'s expenditures for reimbursement of Principal Life Insurance Company for its share of the affiliated group's federal and state income taxes during the years 1991-2002, preceded by a summary thereof.

8. Plaintiff's Exhibit 14 consists of the records relating to expenditures by Principal FC, Ltd. during the years 1991-2002 for payment of its corporate maintenance fees, preceded by a summary thereof.

9. Plaintiff's Exhibit 15 consists of Principal FC, Ltd.'s interim and year-end financial statements prepared during the years 1991-2002. Such statements show the expenses incurred and expenditures made by Principal FC, Ltd. during those years.

10. Plaintiff's Exhibit 16 consists of Principal FC, Ltd.'s general journal and ledger during the years 1991-2002 in which its transactions and expenditures were recorded.

11. Plaintiff's Exhibit 17 consists of Principal FC, Ltd.'s check register during the years 1991-2002.

12. As shown by Plaintiff's Exhibits 13, 14, 15, 16, and 17, the following represents a summary of the other expenditures made, incurred, or accrued by Principal FC, Ltd. during the years 1991 -2002 (other than the payments made to Prudential or its subsidiaries and other than the expenditures for purchases of securities referred to in paragraphs 5 and 6 above):

| | |
|---|---|
| 1991 | |
| Federal income tax | $571.53 |
| State income tax | 190.04 |
| | |
| 1992 | |
| Federal income tax | 14,398.84 |
| State income tax | 4,310.56 |
| Filing fees | 130.00 |
| Miscellaneous expense | 60.51 |
| | |
| 1993 | |
| Federal income tax | 16,080.11 |
| State income tax | 3,400.31 |
| Environmental tax | 16.17 |
| Filing fees | 30.00 |
| | |
| 1994 | |
| Federal income tax | 18,649.13 |
| State income tax (refund) | (3,511.40) |
| Environmental tax | 58.00 |
| Filing fees | 30.00 |
| | |
| 1995 | |
| Federal income tax | 21,704.38 |
| State income tax | 2,360.00 |
| Environmental tax | 71.00 |
| Filing fees | 30.00 |
| | |
| 1996 | |
| Federal income tax | 20,602.97 |
| State income tax | 1,794.00 |
| Environmental tax | 69.00 |
| Filing fees | 30.00 |
| | |
| 1997 | |
| Federal income tax | 21,715.92 |

| | |
|---|---|
| State income tax | 1,600.00 |
| Filing fees | 30.00 |
| | |
| 1998 | |
| Federal income tax | 24,445.49 |
| State income tax | 2,135.00 |
| Filing fees | 45.00 |
| | |
| 1999 | |
| Federal income tax | 23,073.00 |
| State income tax | 2,977.00 |
| | |
| 2000 | |
| Federal income tax | 29,184.00 |
| Environmental tax | 645.00 |
| Filing fees | 45.00 |
| | |
| 2001 | |
| Federal income tax | 26,488.00 |
| | |
| 2002 (3/31) | |
| Federal income tax | 12,466.00 |
| Filing fees | 30.00 |

Dated and signed at Des Moines, Iowa on this 28th day of February, 2006.

Jill Hittner

Jill Hittner

Subscribed and sworn to before me on this 28 day of February, 2006.

SARAH E. CLARK
Commission Number 735334
My Commission Expires
07-07-2008

Notary Public

Sarah E. Clark

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFF'S EXHIBIT 10**
**AFFIDAVIT OF MELINDA HANRAHAN**

STATE OF IOWA )
) ss
COUNTY OF POLK )

The undersigned, Melinda Hanrahan, being duly sworn on oath, hereby deposes and states as follows:

1. I am an employee and officer of Principal Life Insurance Company ("Principal Life") and hold the title of Director, Investment Accounting – Securities.

2. have been employed by Principal Life since 1989 and have worked in the Investment Accounting department since 1989. During the years 1991 – 2002, the titles I held were as follows: 1990 Inv. Acct. II; 1992 Asst. Mgr. Inv. Acctg.; 1994 Mgr. Inv. Acctg. & Treasury; 1999 Asst. Director Security Acctg.; 2000 Director Security Acctg.

3. I am familiar with Principal FC, Ltd., a corporation established by Principal Life in 1991, and that I was involved in the creation and operations of that corporation;

4. During the years 1991 through 2002, the operations of Principal FC, Ltd., was conducted by employees of Principal Life. Principal FC, Ltd., had no employees during the years 1991 through 2002.

5. Principal Life had approximately 33 domestic subsidiaries as of December 31, 1991, and that the following subsidiaries had no employees on that date:

Principal National Life Insurance Company
Principal Holding Company
Petula Associates, Ltd.
Patrician Associates, Ltd.
Principal Development Associates, Inc.
Princor Financial Services Corporation
Princor Management Corporation
Principal Investors Corporation
Invista Capital Management, Inc.
The Principal Financial Group, Inc.
Principal Marketing Services, Inc.
Principal Casualty Insurance Company
Principal Financial Advisors
Principal International, Inc.
Principal Spectrum Associates, Inc.
Principal FC, Ltd.

6. That it was (and still is) customary for employees of Principal Life to provide services to operating subsidiaries (i.e., those engaged in business) established by Principal Life, rather than have each subsidiary hire and employ its own employees, in order to minimize various administrative expenses that would be incurred in maintaining separate employees and payrolls for each affiliate and the federal and state reporting for taxes, unemployment insurance, and other statutory obligations that would apply in the event each subsidiary had its own employees.

7. I have attended various meetings and seminars during the course of my employment at Principal Life and I have engaged in discussions with my counterparts in the investment accounting departments of other large corporations. From these contacts,

as well as my own investigation and studies, I have come to believe that Principal's manner of operating its subsidiaries as described above, i.e., through employees of a parent corporation rather than through employees specific to the subsidiary, is usual and customary in the world of large business enterprises with multiple subsidiaries.

8. Principal Life, through its employees, recorded the expenses incurred by or on behalf of Principal FC, Ltd., and allocated those expenses to Principal FC, Ltd., on its financial statements, and received reimbursements for those expenses.

Dated and signed at Des Moines, Iowa, on this 23rd day of February, 2006.

Melinda Hanrahan

Melinda Hanrahan

Subscribed and sworn to before me on this 23rd day of February, 2006.

Cynthia D McDonough

Notary Public

NOTARIAL SEAL IOWA
CYNTHIA D McDONOUGH
Commission Number 186887
My Commission Expires
10/7/08