IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**SECOND STIPULATION OF FACTS**

The parties stipulate and agree that the following facts may be taken as true for purposes of this case only, subject to the right of each party to object herein to any stipulated fact on the ground of relevance or materiality.

1. Principal FC, Ltd. had no employees of its own during the years 1991 through 2002. It was customary during those years (and still is) for employees of Principal Life to provide services to the operating subsidiaries (i.e., those engaged in business) established by Principal Life, rather than have each subsidiary hire and employ its own employees, in order to minimize various administrative expenses that would be incurred in maintaining separate employees and payrolls for each affiliate and the federal and state reporting for taxes, unemployment insurance, and other statutory obligations that would apply in the event each subsidiary had its own employees.

2. As of December 31, 1991, none of the following subsidiaries of Principal Life had its own employees:

Principal National Life Insurance Company
Principal Holding Company
Petula Associates, Ltd.
Patrician Associates, Ltd.
Principal Development Associates, Inc.
Princor Financial Services Corporation
Princor Management Corporation
Principal Investors Corporation
Invista Capital Management, Inc.
The Principal Financial Group, Inc.
Principal Marketing Services, Inc.
Principal Casualty Insurance Company
Principal Financial Advisors
Principal International, Inc.
Principal Spectrum Associates, Inc.
Principal FC, Ltd.

3. As was the case with Principal Life's other 32 domestic subsidiaries, the operations of Principal FC, Ltd., during those years were conducted by employees of Principal Life. Principal Life, through its employees, recorded the expenses incurred by or on behalf of Principal FC, Ltd., and allocated those expenses to Principal FC, Ltd., on its financial statements, and received reimbursements for those expenses.

4. Principal's manner of operating its subsidiaries as described above, i.e., through employees of the parent corporation rather than through employees specific to the subsidiary, is usual and customary in the world of large business enterprises with multiple subsidiaries.

5. During the years 1991 through 2002, Principal FC, Ltd. made expenditures for the purchase of securities on 45 separate occasions. Such securities were debt obligations of unrelated issuers and included General Electric Capital Corporation Notes, Associates Corporation of North America Notes, American Express Credit Corporation Notes, and U.S.

Treasury Notes. None of such expenditures or transactions involved an amount less than $99,000.00, the majority were in excess of $200,000 each, and 11 were in excess of $900,000.00 each. Such securities, once purchased, became assets of Principal FC, Ltd. Joint Exhibit 205 represents a summary of such securities transactions.

6. Joint Exhibit 206 represents a summary of the records which allocate to Principal FC, Ltd. its portion of the affiliated group's federal and state income taxes during the years 1991-2002, which amounts were paid by Principal FC, Ltd. to Principal Life Insurance Company.

7. Joint Exhibit 207 represents a summary of the expenditures by Principal FC, Ltd. during the years 1991-2002 for payment of its corporate maintenance fees.

8. The following represents a summary of the expenditures made, incurred, or accrued by Principal FC, Ltd. during the years 1991-2002 (other than payments made to Prudential or its subsidiaries and other than the expenditures for purchases of securities referred to in paragraph 5 above):

| | |
|---|---|
| 1991 | |
| Federal income tax | $571.53 |
| State income tax | 190.04 |
| | |
| 1992 | |
| Federal income tax | 14,398.84 |
| State income tax | 4,310.56 |
| Filing fees | 130.00 |
| Miscellaneous expense | 60.51 |
| | |
| 1993 | |
| Federal income tax | 16,080.11 |
| State income tax | 3,400.31 |
| Environmental tax | 16.17 |
| Filing fees | 30.00 |
| | |
| 1994 | |
| Federal income tax | 18,649.13 |
| State income tax (refund) | (3,511.40) |
| Environmental tax | 58.00 |

| | |
|---|---|
| Filing fees | 30.00 |
| 1995 | |
| Federal income tax | 21,704.38 |
| State income tax | 2,360.00 |
| Environmental tax | 71.00 |
| Filing fees | 30.00 |
| 1996 | |
| Federal income tax | 20,602.97 |
| State income tax | 1,794.00 |
| Environmental tax | 69.00 |
| Filing fees | 30.00 |
| 1997 | |
| Federal income tax | 21,715.92 |
| State income tax | 1,600.00 |
| Filing fees | 30.00 |
| 1998 | |
| Federal income tax | 24,445.49 |
| State income tax | 2,135.00 |
| Filing fees | 45.00 |
| 1999 | |
| Federal income tax | 23,073.00 |
| State income tax | 2,977.00 |
| 2000 | |
| Federal income tax | 29,184.00 |
| Environmental tax | 645.00 |
| Filing fees | 45.00 |
| 2001 | |
| Federal income tax | 26,488.00 |
| 2002 (3/31) | |
| Federal income tax | 12,466.00 |
| Filing fees | 30.00 |

STIPULATED AND AGREED TO on or as of the ______ day of ____________, 2006.

***s/ Bruce Graves***
Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, P.L.C.
Suite 2000, Ruan Center
666 Grand Avenue
Des Moines, Iowa 50309
Telephone: 515/242-2400
Fax: 515/283-0231

ATTORNEY FOR PLAINTIFF

______________________________
Mary M. Abate
Attorney of Record
U.S. Dept. of Justice, Tax Div.
Court of Fed. Claims Section
P.O. Box 26, Franklin Station
Washington, D.C. 20044
Telephone: 202/307-6507
Fax: 202/514-9440

ATTORNEY FOR DEFENDANT