# In the United States Court of Federal Claims

No. 02-1278T

(Filed: March 29, 2006)

PRINCIPAL LIFE INSURANCE COMPANY and SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ERRATA**

Please substitute the following corrected fn.15 on page 16 of the opinion filed on March 17, 2006, in the above captioned action:

> [15] An example will demonstrate the mechanics and terminology of sections 453 and 453A(c). Assume in 1991, X Corp. sold property for $12 million, of which $2 million was paid in cash and the remaining $10 million was evidenced by a ten-year interest-only installment obligation. X Corp.'s basis in the property at the time of the sale was $6 million. The $10 million note is the only obligation arising during 1991. Assume further that the underpayment rate in effect under section 6621(a)(2) for December 1991 was eight percent. Under section 453, the selling price and the total contract price are $12 million. The gross profit is $6 million and the gross profit ratio is 50 percent. The amount of the interest on deferred tax liability under section 453A(c) is $68,000: $5 million (the unrecognized gain as of December 31, 1991) times 34 percent (the maximum tax rate for capital assets in corporate solution in 1991) times 50 percent (the "applicable percentage" with respect to obligations arising during 1991) times eight percent (the assumed underpayment rate). The $68,000 of interest on deferred tax liability is reflected on the tax return as a payment of tax and is remitted to the government with the tax return.

> Assuming the tax rate and the underpayment rate remain the same for 1992, the amount of the interest on deferred tax liability for December 31, 1992, will also be $68,000. This amount is owed the government every year until the $10 million note is paid off (no interest on the deferred tax liability is owed in the final year of collection of the note).

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge