IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFF'S COMPUTATIONS FOR JUDGMENT**

In accordance with the Court's Order filed with its Opinion on March 17, 2006, and its Order dated November 20, 2006, Plaintiff submits this memorandum and computations setting forth and explaining the reasons for the amount of the judgment that it believes should be entered in this case.

1. The Plaintiff believes that the total amount of tax, assessed interest, and overpayment interest that should be refunded to it as a result of the Court's March 17, 2006 Opinion is as follows (overpayment interest under IRC §6611 has been calculated through December 31, 2006):

| Year | Tax | Assessed Interest | Overpayment Interest | Total |
|---|---|---|---|---|
| 1991 | 1,508,856.99 | 609,820.53 | 1,581,057.70 | 3,699,735.22 |
| 1992 | 1,055,438.20 | 318,505.69 | 4,020,926.45 | 5,394,870.34 |
| 1993 | 1,070,023.57 | 482,469.08 | 327,362.64 | 1,879,855.29 |
| 1994 | 1,378,903.30 | 0.00 | 118,109.20 | 2,760,999.21 |
| Total | 5,013,222.06 | 1,410,795.30 | 6,047,455.99 | 13,735,460.06 |

The judgment in this case should therefore be entered in the total amount of $13,735,460.06, together with the costs of this proceeding which are allowable as prayed for in the Complaint.

2. The above calculations take into account and allow for the offset claimed in paragraph 56 of Defendant's Answer filed January 27, 2003.

3. The calculation of the overpayment interest shown above has taken into account IRC §6621(d), which provides for "global interest netting."

4. Plaintiff believes that the only material difference between its calculations and those of the Defendant involves the Defendant's assertion of additional alternative minimum tax ("AMT") in 1994 as an offset against the Section 453A refund of tax due to Plaintiff for that year and as an additional offset against the refund due to Plaintiff for the taxable years 1991-1993. Plaintiff understands that Defendant asserts additional AMT as follows:

| | |
|---|---|
| AMT for 1994 as last adjusted (IRS Appeals) | 4,557,918 |
| AMT for 1994 per Defendant's calculations | 6,360,409 |
| Increase in 1994 AMT per Defendant | 1,802,491 |
| Offset by Def. against 1994 §453A refund | 1,378,903 |
| 1994 AMT Offset by Defendant in 1991-1993 | 423,588 |

5. Plaintiff believes and submits to the Court that the additional AMT for 1994 as calculated by Defendant may not be properly offset against either the refund due Plaintiff for 1994 or the refunds due Plaintiff in any of the years 1991-1993, for the following reasons:

a. The Defendant is now barred from collecting additional AMT by the statute of limitations contained in IRC §6501(a), which applies to "any tax imposed by this title," which is Title 26, USC. AMT is imposed by IRC (26 USC) §55. Accordingly, the Defendant may not now collect, via an offset against Plaintiff's refund, the additional AMT of $1,802,491, either in 1994 or in any other year in this suit.

b. No offset for additional AMT in any year in suit was either pled or litigated in this case, and accordingly no such offset is allowable. *Provident Life And Accident Insurance Co. v. U.S.,* 334 F.Supp.2d 1029 (E.D. Tenn. 2004). For the reasons herein stated, justice does not require that the Court exercise its discretion to allow an amendment at this late date

to Defendant's Answer to assert any such offset. RCFC 13 e), (f); RCFC 15(a), (d).

c. The Defendant is not entitled to any offset for such AMT on the ground of equitable recoupment, since the AMT asserted does not arise out of the "same transaction" as the §453A interest charge. *U.S. v. Dalm*, 494 U.S. 596, 608 (1990). Section 453A(c)(1) characterizes the §453A interest charge as an increase in "the tax imposed by this chapter," meaning chapter 1 of subtitle A of Title 26. Under chapter 1, the regular tax as defined in §§26(b) and 55(c), and, more specifically, §26(b)(2)(O), is first calculated. Then the AMT under §55 is calculated. Finally, the §453A interest charge is added to the combined regular tax and AMT, if any. This sequence of calculations made pursuant to separate provisions of the Internal Revenue Code belie any assertion that the §453A interest charge and the AMT arise out of the "same transaction."

6. Further, Plaintiff states to the Court that it has this date transmitted to the Clerk of this Court for filing a Complaint relating to Plaintiff's taxable years 1995 and 1996 (including the required Notice Of Related Case referring to this case). The sole issue raised in such Complaint is Plaintiff's entitlement to refund of §453A interest paid by it for 1995 and 1996 with respect to the same 1991

transaction that was the subject of this case. Because Plaintiff is barred in such suit by the statute of limitations from claiming any credit in 1995 or 1996 under §53, which allows for a credit against tax for AMT imposed in a prior taxable year, the bar of §6501(a) which prevents Defendant from collecting any additional AMT in the years 1991-1994 should be enforced.

7. Filing of Plaintiff's Complaint for the taxable years 1995 and 1996 constitutes another reason why Defendant's claim based on the doctrine of equitable recoupment should be denied. Should Defendant's claimed offset for AMT be allowed in this case on that ground, Plaintiff would, upon the same ground of equitable recoupment, be entitled to an AMT credit under §53 in 1995. Moreover, any overpayment interest payable to Plaintiff as a result of such AMT credit in 1995 would be calculated under the "global interest netting" rules of §6621(d). Accordingly, Defendant's claim for an AMT offset in this case should be denied in the interests of judicial economy.

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff in this case in the amount of $13,735,460, and for the costs of this proceeding.

Dated: December 22, 2006.

s/ Bruce Graves________________________

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, P.L.C.
Suite 2000, Ruan Center, 666 Grand Avenue
Des Moines, Iowa 50309
Telephone: 515/242-2400
Fax: 515/283-0231

ATTORNEY FOR PLAINTIFF

Filed electronically