IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE
COMPANY AND SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

DECLARATION OF THOMAS F. BLAKE

I, Thomas F. Blake, hereby affirm and attest that the following statements are true to the best of my knowledge and belief:

1. I am a Recomputation Specialist in the Justice Department's Tax Division, assigned in my official capacity to perform and coordinate computations of tax and interest for purposes of determining the amounts of the judgment to be entered in the above-captioned case as a result of the decision of the Court of Federal Claims filed March 17, 2006, for plaintiff's tax years 1991 through 1994.

2. Within my official capacity, I prepared the interest computations, and coordinated with Mr. Thomas J. Wells (Tax Computation Specialist, IRS Appeals Office, Omaha, NE) and

reviewed the tax computations he prepared in his official capacity in order to assist the trial attorney assigned to this case (Mary M. Abate, Esquire) in determining the amount of the judgment to be entered as a result of the Court's decision of March 17, 2006 for the tax years 1991 through 1994.

3. At Ms. Abate's request in connection with the preparation of the Government's Motion for Leave to Amend Answer to be filed in this case, I reviewed the tax and interest computations for the 1991 through 1994 years. I also prepared spread sheets to analyze the differences in the Alternative Minimum Tax (AMT) computations for those years, both before the Court's decision and after (and consistent with) the Court's decision.

4. Based on my review of the tax and interest computations, and the spread sheets I prepared, I concluded the following:

a. Code § 55 imposes the AMT. In subsection(a), the general rule states:

> (a) GENERAL RULE.–There is hereby imposed (in addition to any other tax imposed by this subtitle [*i.e.*, Income Taxes]) a tax equal to the excess (if any) of–
>
> (1) the tentative minimum tax for the taxable year over
> (2) the regular tax for the taxable year.

Code § 55(c) defines the "regular tax" as meaning "the regular tax liability for the taxable year (as defined in section 26(b))" reduced by, *inter alia*, the foreign tax credit allowable under section 27(a).

b. As a result of the Court's decision of March 17, 2006, the interest previously reported by plaintiff as additional tax imposed by § 453A is not taxed as such. Thus, plaintiff's AMT liability for the 1994 tax year was reduced by the $2,120,183.00 previously imposed tax under § 453A. This resulted in increases to plaintiff's regular



2118939.1

tax, AMT, and environmental tax for the 1994 year, all of which resulted in an underpayment of tax for 1994 in the amount of $426,132.

c. The deficiency interest that would be due on the 1994 tax underpayment of $426,132, according to my computations, is $96,517.78.

d. Mr. Wells' and my computations resulted in the following overpayments of tax and assessed interest, for the tax years 1991-1993:

| Tax Year | Tax Overpayment | Assessed Interest Overpayment |
|---|---|---|
| 1991 | $1,508,838.00 | $609,820.46 |
| 1992 | $1,055,438.00 | $318,505.64 |
| 1993 | $1,070,023.08 | $482,468.86 |

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., on December 22, 2006.

Respectfully submitted,

/S/ Thomas F. Blake
THOMAS F. BLAKE
Recomputation Specialist
U.S. Department of Justice
Tax Division
Office of Review
Post Office Box 310
Ben Franklin Post Office
Washington, D.C. 20044
(202) 514-6576 (phone)
(202) 514-9477 (fax)