# In The United States Court of Federal Claims

No. 02-1278 T

(Filed: January 9, 2007)

__________

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES, Plaintiff, v. THE UNITED STATES, Defendant. | * * * * * * * * * * | Tax refund suit; Motion for leave to amend answer; Offset and equitable recoupment claims raised post-trial and post-decision on the merits; RCFC 15; RCFC 15(a) – leave to amend is to be "freely given when justice so requires"; *Foman*; leave not granted where there is prejudice and undue delay; RCFC 15(b); Motion denied. |

__________

**ORDER**

__________

*Bruce Graves*, Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, Iowa, for plaintiff.

*Mary M. Abate*, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Eileen J. O'Connor*, for defendant.

**ALLEGRA, Judge**:

On March 7, 2005, a trial was held in this tax refund suit. Following post-trial briefing, on March 13, 2006, the court issued an opinion and order, wherein it determined that plaintiff is entitled to a refund of tax. *Principal Life Ins. Co. v. United States*, 70 Fed. Cl. 144 (2006). That opinion, however, indicated that the court would withhold the entry of judgment to permit the parties to submit computations, consistent with the court's determination of the issues, showing the correct amount of the judgment to be entered. The court ordered the parties to file a status report showing the correct amount of the judgment to be entered on or before May 31, 2006. *Id.* at 171. After a series of enlargements, on December 22, 2006, defendant filed a motion for leave to amend its answer seeking to assert offset and equitable recoupment claims.

Under RCFC 15, the grant or denial of a motion to amend the pleadings is within this court's discretion. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989); *see also Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). While leave to amend a pleading under RCFC 15(a) is to be "freely given when justice so

requires," that permission is not automatic and may be denied, *inter alia*, when the opposing party would be substantially prejudiced by the amendment or when the amendment is unreasonably delayed. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962).[1] Similar considerations apply under RCFC 13(f), which potentially provides a further avenue for an amendment that asserts a counterclaim. *See T.J. Stevenson Co., Inc. v. 81,193 Bags of Flour*, 629 F.2d 338, 369-70 (5th Cir. 1980); *Mercantile Trust Co. Nat. Ass'n v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 n.5 (8th Cir. 1976); *see also* 6 Charles Alan Wright, et al. Federal Practice and Procedure § 1479 (2006) ("[t]hus, little seems to turn on whether the amendment is made under Rule 13(f) or Rule 15(a)"). In the court's view, the existence of both prejudice and delay preclude it from granting of defendant's motion in the case *sub judice*.

It appears that, if defendant is correct, its offset and recoupment claims would eliminate a refund otherwise owed in 1994 and substantially reduce the recovery in the other tax years in issue. In the court's view, plaintiff was entitled to be notified about the existence of these claims before it proceeded significantly with this litigation. Moreover, it appears that consideration of defendant's belated claims would require both plaintiff and the court to expend considerable resources not only in resolving the validity of defendant's claims – plaintiff, for example, contests whether an equitable recoupment is appropriate here – but also in resolving reciprocal issues, such as whether the adjustment in 1994 would entitle plaintiff to certain carryovers for its 1995 taxable year. In addition, potentially thorny questions exist as to whether, and to what extent, defendant may seek to diminish the recovery here by tax amounts otherwise barred by the statute of limitations. As such, defendant's claims present issues that, if allowed to proceed, would undoubtedly set off a new waive of motions, if not require further discovery and a trial (both apparently involving a new set of operative facts). This court does not intend to require plaintiff to embark on such a course at this late date. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985); *Preferred Meal Sys. v. Save More Foods, Inc.*, 129 F.R.D. 11, 12-13 (D.D.C. 1990); *Richardson Greenshields Secs. Inc. v. Mui-hin Lau*, 113 F.R.D. 608, 611-12 (S.D.N.Y. 1986).

Even if this prejudice did not exist, defendant has provided no explanation whatsoever as to why it waited more than four years – until after trial and an opinion on the merits in this case –

---

[1] *See also Smith v. Pacific Properties and Development Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004); *Strub v. Axon Corp.*, 1998 WL 537721, *11 (Fed. Cir. 1998) ("Although rule 15(a) gives the . . . court discretion to freely grant a party leave to amend when justice so requires, this discretion is not without limitation."); *Mitsui Foods*, 867 F.2d at 1403. RCFC 15(a) is identical to Federal Rule of Civil Procedure 15(a) and case law construing the latter may be used to interpret the former. *See Te-Moak Bands of W. Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1260, n.4 (Fed. Cir.1991); *Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States*, 71 Fed. Cl. 172, 177 n.7 (2006).

to first raise these issues. Absent that proof, the court is left with the conclusion that defendant simply overlooked the possibility of raising these claims. It thus has utterly failed to meet its "burden of showing that the delay [in filing an amendment to a pleading] was jusitified." *Alfa Laval Separation, Inc. v. United States*, 47 Fed. Cl. 305, 313 (2000); *see also Te-Moak Bands*, 948 F.3d at 1263 (discussing this burden). In like circumstances, other courts have rejected the amendment of answers to raise defenses post-trial and post-decision. *See*, *e.g.*, *New Britain Mach. Co. v. Yeo*, 358 F.2d 397, 410-11 (6th Cir. 1966) (in suit filed in 1960, district court did not abuse discretion in denying defendant's motion to file counterclaim by amendment in 1964, after a trial had been completed and a decision on the merits that was adverse to defendant had been announced by the court); *see also Landon v. Northern Natural Gas Co.*, 338 F.2d 17, 20 (10th Cir. 1964); *Kirbens v. Wodis*, 295 F.2d 372, 375 (7th Cir. 1961); *E.E.O.C. v. Hay Assocs.*, 545 F. Supp. 1064, 1070 (E.D. Pa. 1982). Indeed, courts have reached the same result in circumstances in which the delay encountered was far less eggregious. *See*, *e.g.*, *Tasty Baking Co. v. Cost of Living Council*, 529 F.2d 1005, 1011 (Tem. Em. Ct. App. 1975) (refusing to allow an amendment raised shortly before argument on a summary judgment motion). Certainly, the circumstances presented are starkly different from those in *Americold Corp. v. United States*, 28 Fed. Cl. 747 (1993), which defendant cites in support of its motion. There, although defendant was allowed to amend its answer three years after the complaint was filed, the case had been stayed and no decision on the merits had been reached. *Id*. at 751-52.

Finally, it is nothing short of specious to contend, as defendant blithely does, that the issues presented by its counterclaims were tried by the consent of the parties, so as to qualify defendant's amendment under RCFC 15(b). No evidence whatsoever on this issue was adduced at trial and defendant does not claim otherwise (nor in good faith, could it). Contrary to its importunings, this is not a case, such as *Erickson v. United States*, 309 F.2d 760, 764 (Ct. Cl. 1962), where evidence of an affirmative defense was presented at trial, but rather one in which "[t]here is nothing in the record . . . which would support an inference of . . . consent by implication." *Standard Title Ins. Co. v. Roberts*, 349 F.2d 613, 621-22 (8th Cir. 1965). Nor can the court subscribe to the faulty notion that because the calculation of a refund requires consideration of a taxpayer's liability for a given tax year, *see, e.g.*, *Dysart v. United States*, 340 F.2d 624 (Ct. Cl. 1965), when ***any*** issue involving that year is tried, ***every*** issue involving that year is implicitly raised. Were that the case, this court might as well defenestrate its pleading rules, at least in tax cases. That this court will not do.

In sum, as has been characteristic of its recent approach to this litigation, exemplified by its raising of a heavily-factual substance-over-form argument for the first time in its post-trial briefs, defendant's motion offers too little, too late. Accordingly, defendant's motion is **DENIED**. On or before February 1, 2007, defendant shall respond to the memorandum filed by plaintiff on December 22, 2006, setting forth a proposed calculation of the refund here. **No enlargements of this deadline will be granted.**

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge