IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY
AND SUBSIDIARIES,
Plaintiff

v.

THE UNITED STATES,
Defendant

DEFENDANT'S MOTION FOR RECONSIDERATION[1]

Defendant, the United States, respectfully moves the Court, pursuant to RCFC 59(b), for reconsideration of the Court's order denying defendant's motion for leave to file an amended answer, to assert the defenses of (1) offset and (2) equitable recoupment that arose in the recomputation of plaintiff's tax liabilities for the years in suit (1991-1994) resulting from the Court's decision on the substantive issues (70 Fed. Cl. 144 (2006)).[2]

BACKGROUND - THE FACTUAL CONTEXT OF THE MOTION

As reported in the parties' previously-filed status reports, the dispute centers on the application of the alternative minimum tax (AMT) for tax year 1994 that results in a tax deficiency as to which assessment is time-barred. As recounted in plaintiff's opposition (at 3, ¶ (6)), plaintiff's counsel proposed to defendant's counsel that the issue be settled–

1/Rule 59(b) requires that a motion for reconsideration be filed no later than 10 days after the date of the order. This motion is timely, in accordance with RCFC 6(a), which provides:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule . . ., "legal holiday" includes . . . Birthday of Martin Luther King, Jr. . . . .

2/Plaintiff filed an opposition to defendant's motion for leave to amend, on January 5, 2007. The Court's order denying the motion was entered on January 9, 2007, thus precluding defendant from filing a reply to plaintiff's opposition.

> [*i.e.*,] that the existing dispute be resolved through a stipulation whereby Principal would agree to the full amounts of the AMT offset and recoupment asserted by the Defendant in this case for the taxable years 1991-1994 and the Defendant would agree that Principal would be entitled to an AMT credit carryover under IRC § 53 in the same aggregate amount in the taxable year 1995.

Without revealing the specifics of this settlement suggested by plaintiff, defendant stated in its latest status report to the Court, filed November 15, 2006 (ECF Doc. 108):

> Defendant's counsel still has that proposal under serious consideration, and the process is taking longer than anticipated, in large part because the proposed settlement would affect later (non-suit) years [*i.e.*, 1995]. She has been discussing the proposal informally with Internal Revenue Service personnel, and is requesting additional information from plaintiff's counsel. In the circumstances, defendant now expects to file another report on the status of the proposed settlement (or to raise the new issue by motion for leave to amend the answer) by December 15, 2006.

As the Court is aware, the Justice Department does not have authority to enter into a stipulation settling an issue for a tax year (1995) that has not been referred to it by the Internal Revenue Service (IRS) for litigation (*see* IRC § 7122(a)). Such a settlement would require a formal agreement by the IRS, not by the Justice Department–the reason why defendant's counsel was conferring with IRS personnel on the matter. At the time the status report was filed, it appeared to defendant's counsel that there was a substantial likelihood that the proposal would be workable, and defendant's counsel was prepared to recommend it favorably (assuming that the IRS agreed), after the parties had determined the practical issue of what form such an agreement would take. Five days after the filing of the November 15 status report, however, on November 20, 2006, the Court issued an order that stated in part:

> Barring extraordinary circumstances that this court cannot foresee, this court is strongly disinclined to allow the filing of post-trial counterclaims or defenses. . . . On or before December 22, 2006, the parties shall file a memorandum providing the computations previously requested by the court in its March 13, 2006, order and opinion.

Defendant interpreted this order as effectively cutting off further consideration of settlement; and upon receiving plaintiff's counsel's e-mail of December 14, 2006, setting forth plaintiff's original amounts that would be reported to the Court on December 22, defendant's counsel

believed that plaintiff shared that interpretation. It was in this context that defendant filed its motion for leave to amend, on December 22, 2006.[3]

THE COURT'S ORDER OF JANUARY 9, 2007

In its order filed January 9, 2007, the Court denied defendant's motion for leave to amend, based on the following conclusions (paraphrasing in part):

1. Because the AMT computation for 1994 would eliminate any refund for 1994 and reduce the aggregate amount of recovery for 1991-1993, defendant should have notified plaintiff of the computation "before it proceeded significantly with this litigation"; and defendant has not explained "why it waited more than four years–until after trial and an opinion on the merits in this case–to first raise these issues. Absent that proof, the court is left with the conclusion that defendant simply overlooked the possibility of raising these claims";

2. Consideration of the offset and recoupment defenses "would require both plaintiff and the court to expend considerable resources not only in resolving the validity of defendant's claims . . . but in resolving reciprocal issues, such as whether the adjustment in 1994 would entitle plaintiff to certain carryovers for its 1995 taxable year"; they involve issues whether tax amounts that may not be assessed because of the statute of limitations may diminish plaintiff's recovery; and "[a]s such, defendant's claims . . . would undoubtedly set off a new waive [sic] of motions, if not require further discovery and a trial (both apparently involving a new set of operative facts)"; and

3. It is "specious to contend, as defendant blithely does, that the issues presented by its counterclaims were tried by the consent of the parties, so as to qualify

3/Ironically, since plaintiff has now filed a new suit involving tax years 1995 and 1996 (Fed. Cl. No. 07-6), the Justice Department would have jurisdiction under § 7122 to settle this issue. Plaintiff stated in its opposition (at 3, ¶ (6)), however, that it "no longer is agreeable to resolution on that basis ... ."

defendant's amendment under RCFC 15(b ). No evidence whatsoever on this issue was adduced at trial, and defendant does not claim otherwise . . . ."

Defendant respectfully asserts that these conclusions are erroneous, for the following reasons:[4]

1. *The issue was impliedly tried by consent of the parties; there is no dispute regarding the underlying numbers or the computations themselves; and the parties agreed that resolution of any computational issues would be deferred until after a decision on the merits*

In their Joint Preliminary Status Report, the parties stated:

> c. Bifurcation of trial. The parties agree that separate trials on the questions of liability and damages are unnecessary in this case, and that all evidence necessary to resolve both questions should be presented at one trial. They ask the Court initially to determine the question of liability only, and afterwards to permit the parties a reasonable period to perform and agree upon any necessary recomputation of tax liability and interest due, so that the parties can submit a stipulation as to the amount of judgment. This will avoid devoting unnecessary attention to computations at trial.

In their Stipulation of Facts, filed March 2, 2005, the parties agreed:

> 3. For the years 1991-1994, the IRS's assessments against Principal included interest on deferred tax under § 453A of the Code. Principal denies it is liable for such interest on deferred tax and claims refund of the portion of the assessments attributable thereto. The IRS allowed deductions for the interest on deferred tax assessed and paid for each of the years in suit.[2] The interest on deferred tax was assessed in connection with a 1991 transaction between Principal and Prudential Life Insurance Company ("Prudential") involving commercial mortgage loans and a subsidiary of Principal called Principal, FC, Ltd.
>
> [2] In the event that plaintiff were to prevail on this issue, these deductions must be reversed and the resulting additional tax liability offset against any tax refund or credit for the years in suit.
>
> * * *
>
> 30. Upon examination of Principal's consolidated returns for the taxable years 1991-1994, the IRS determined that Principal was liable for additional federal income tax consisting of interest on its deferred tax liability under Code § 453A. Principal paid the additional amounts assessed as a result of the Service's determination and was allowed a deduction by the IRS for those amounts. Principal later unsuccessfully sought refunds through the administrative process, and subsequently brought this suit for refund.

4/To whatever extent our motion did not adequately address the Court's concerns, we regret the insufficiency, and would hope that it would have been remedied in a reply if one had been filed.

Thus, in these two documents, the parties effectively agreed that, for all four years in suit, the IRS had assessed additional tax under § 453A and allowed that additional tax paid as deductions from taxable income; that plaintiff sought to have the amounts assessed under § 453A reversed; that plaintiff agreed that if it prevailed on that issue, the deductions that had been allowed for those payments must also be reversed and offset against any potential recovery; that there was no necessity for any evidence other than the stipulation regarding the amounts at issue; and that the parties would attempt to stipulate to the computations if plaintiff prevailed and that any necessary resolution of computational issues would not be determined by the court in the trial on the merits.

The parties have never had any disagreement over the amounts of the § 453A tax assessed and paid or of the concomitant deductions for those payments that were allowed. There is no dispute, even now, on the correctness of the computations (including the AMT computations) performed by the Tax Division and IRS computation specialists. (*See* Plt. Opp. at 1-2, ¶¶ (1)-(3); ECF Docs. 105, 106.) The only dispute is plaintiff's contention that the alternative minimum tax for which it is liable for tax year 1994 should be disregarded.

2. *Defendant had no reason to anticipate that if plaintiff prevailed on the § 453A issue for the 1994 tax year, a tax deficiency rather than an overpayment would result; plaintiff has the burden of proving a tax overpayment for 1994 and thus should have performed the computations necessary to determine whether an overpayment would result in this circumstance prior to filing suit for that year*

In addition to their fact stipulation, the parties filed a Joint Stipulation of Exhibits that includes plaintiff's amended consolidated federal income tax return (refund claim) for 1994, dated September 15, 1998 (Jt. Ex. 7); the IRS's notice of proposed disallowance of that claim, with enclosed revenue agent's Form 4549-A showing examination changes, dated July 26, 2000 (Jt. Ex. 8); and the Form 870-AD executed by plaintiff and IRS Appeals for the 1994 year, dated July 26, 2002 (Jt. Ex. 9).

Plaintiff's refund claim reflects that, based on its assumption that it should prevail on all issues raised in the claim, plaintiff computed AMT for 1994 in the amount of $7,357,400.00 (Jt.

Ex. 7 at p. 85, l. 11a), and a claimed tax refund of $6,864,370.00 (*id.*, p. 84; Compl t., ¶ 48). The revenue agent's Form 4549-A, reflecting examination changes on consideration of the claim and proposing partial disallowance (which would have included disallowance of both the § 453A and guaranty fund claims in addition to other disallowed issues), reflects AMT for 1994 of $3,722,265.00, and a tax *overpayment* of $672,382.00 (Jt. Ex. 8, p. 112; Complt., ¶ 49).

The Form 870-AD that plaintiff executed with IRS Appeals reflects that plaintiff reserved for potential litigation a total of eight issues (including the two issues raised in the complaint in this case) for tax year 1994, yet there was a resulting agreed tax *overpayment* for that year of $789,336.00 (Jt. Ex. 9 at p. 114; *see* Complt., ¶ 51). Moreover, in the complaint filed in this case, plaintiff alleged that it was entitled to a refund of tax for the 1994 tax year, in the amount of $4,703,182.00, attributable to the § 453A and guaranty fund issues. (Complt., ¶¶ 53, 54.) In these circumstances, there was absolutely no reason for defendant to anticipate that if plaintiff prevailed on the § 453A issue, the resulting computation for 1994 would result in a deficiency.[5]

Furthermore, as the Court is aware, plaintiff–not defendant–has the burden of proving that it has overpaid its tax for the 1994 year. *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932). It was thus incumbent upon plaintiff–not defendant–to determine whether, when the final computation of tax liability was performed if it prevailed on the § 453A issue, a tax overpayment for 1994 would result.[6]

3. *Consideration of the offset and recoupment defenses would not require discovery, trial,or new operative facts*

As noted above, there is no dispute on the underlying numbers or the correctness of defendant's computations. Thus, the only issue (legal, not factual) is whether the AMT computation for 1994 should be given effect. And, as will be discussed below, it is well-

5/The fact that each of the AMT computations for the 1991 through 1993 tax years does result in a tax overpayment underscores the unusual nature of the result of the AMT computation for the 1994 year.

6/We note that the defenses at issue in our motion for leave to amend are *not* counterclaims, as to which the defendant would have the burden of proof.

established that an amount of tax otherwise due that is barred by limitations may be offset against any potential recovery by the same taxpayer for the same year (and thus need not be affirmatively pleaded, which we requested leave to do in an excess of caution). Thus, the only issue that would remain to be decided is one facet of the recoupment issue–also a legal, not a factual, issue.

4. *The offset for the 1994 tax year results from the computation of 1994 tax liability that incorporates* <u>*both*</u> *the reversal of the $2,120,182.00 of § 453A interest assessed and paid as additional tax and the reversal of the $2,120,182.00 allowed as a concomitant deduction (which was pled as an additional defense in ¶ 56 of the answer and stipulated to by plaintiff)*

In ¶ 56 of the answer, we asserted the following as an additional defense:

> 56. For each of plaintiff's tax years 1991 through 1994, the IRS allowed as deductions the interest paid for each year pursuant to Code § 453A. In the event plaintiff were to prevail on the § 453A issue in this suit, any potential recovery must be offset by the additional tax resulting from the concomitant elimination of the deductions allowed for those interest payments.

As noted above, plaintiff agreed to this offset, in ¶ 3, n.2, of the Stipulation of Facts filed March 2, 2005.

As explained in our motion for leave to amend, Code § 55(a) provides:

> There is hereby imposed (in addition to any other tax imposed by this subtitle [*i.e.*, Income Taxes]) a tax equal to the excess (if any) of–
>
> (1) the tentative minimum tax for the taxable year [defined in § 55(b)]
>
> over
>
> (2) the regular tax for the taxable year [defined in § 55(c)].

During the years at issue, the "regular tax" computation under § 55(c) included the § 453A interest assessed as tax. And, as discussed above, the IRS permitted a deduction from (regular) taxable income for those amounts of § 453A interest paid as additional tax. If the tentative minimum tax computed under § 55 exceeds the regular tax liability computed under § 55, the tax liability for that tax year includes the excess as additional tax. If the converse is true, the tax liability for that year is not affected by the AMT.

The computations prepared by the Appeals Office prior to the suit and the computations prepared by the IRS Recomputation Specialist Thomas J. Wells for the purpose of determining

the amounts of the judgment are summarized in the accompanying schedules prepared by the Tax Division's Recomputation Specialist Thomas F. Blake (Exhibit 1 to this motion, showing "before suit" and "after suit" computations, and the difference between the two).[7] The computations summarized in Exhibit 1 reflect that, for tax years 1991 through 1993, the computation does not require payment of AMT, since the regular tax for those years exceeds the tentative minimum tax computed in accordance with Code § 55. For the 1994 tax year, however, the computation does require payment of AMT, since the regular tax for that year is less than the tentative minimum tax computed in accordance with Code § 55.

As shown on the summary schedule for tax year 1994, the $2,120,182.00 amount of § 453A tax paid by plaintiff was eliminated in the "after suit" computation, but the concomitant $2,120,182.00 amount was added back into taxable income as a reversal of the previously-allowed deduction for 1994. The resulting "regular tax" and "tentative minimum tax" computations required by Code § 55 thus resulted in a $1,802,491.00 increase in the amount of plaintiff's AMT over the amount of AMT that had previously been computed by the IRS for that year, and *under*payments of tax and deficiency interest for 1994, in the amounts of $426,132.00 and $96,517.78, respectively. As already noted, plaintiff agrees that these computations are correct.

5. *The United States has an unconditional right to offset an amount of tax otherwise due that is barred by limitations against any recovery of tax by the same taxpayer for the same tax year*

This principle was explicated by the Court of Appeals for the Federal Circuit, in *Pacific Gas & Electric Co. [PG & E] v. United States*, 417 F.3d 1375 (Fed. Cir. 2005), *rehear. & rehear. en banc denied* (Jan. 13, 2006). The case involved a potential offset of erroneously-

---

7/Mr. Blake also prepared a chart comparing plaintiff's computations with those of Mr. Wells (Exhibit 2 to this motion). This comparison chart was submitted to plaintiff's counsel during the computation process. As noted above, plaintiff agrees with defendant's computations, except for the application of the AMT for the 1994 tax year.

Defendant will file more detailed computations on February 1, 2007, in accordance with the Court's order of January 9, 2007.

refunded statutory interest (not deficiency interest) against a later tax refund for the same year. The Federal Circuit distinguished the treatment of statutory interest, which it characterized as "a nonassessable amount," from that of deficiency interest, which is assessable as part of the tax liability. *Id.* at 1381. In deciding whether to extend the principle of *Lewis v. Reynolds* to an asserted offset of statutory interest, the Court analyzed the Supreme Court's rationale, an analysis that is directly on point here.

After quoting the salient passage from *Lewis v. Reynolds,*[8] the Federal Circuit observed:

> Thus, the Court simply applied the statutory provisions dealing with refunds which require that an overpayment must be shown by the taxpayer before a refund can be authorized. Accordingly, where the taxpayer has filed a claim for a tax refund, the IRS may offset against the refund claim a tax deficiency for the same tax year that previously had not been assessed, even though the assessment of such tax is barred by the expiration of the applicable period of limitations. Otherwise, a refund might be made when there was not, in fact, an "overpayment," an event that would be inconsistent with the statute.

*Id.* at 1379-80 (footnote omitted). It went on to discuss the Court of Claims' opinion in *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965):

> Another issue before the court was "whether in a suit for refund where both the taxpayers' claim and the government's setoff concern the same tax for the same year by the same taxpayers, the right of the government to assert such a defense is an unconditional right ... or whether ... such a right is subject to the court's discretion after evaluating the 'equities' involved in each particular case." . . . The court held that the Supreme Court's language in *Lewis v. Reynolds* laid down an "unqualified rule that 'an overpayment must appear before refund is authorized,'" .... and that there was nothing to suggest "limiting the defense of lack of overpayment where the refund claim and the setoff relate to the same tax, for the same year, payable by the same taxpayer," .... The court further commented that when determining whether there was an overpayment, a taxpayer's "entire *tax liability* under the particular tax return was open for redetermination."
>
> The *Dysart* case, therefore, reiterated the necessity of an overpayment before a refund can be authorized and held that a court may not look to the equities of a case to deny the defense of lack of overpayment to the government.
>
> * * *
>
> The common thread in these cases is that the refund statute requires that there be an actual overpayment of tax to support a refund. There cannot be such an overpayment

---

8/"An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded." 284 U.S. at 283.

> without taking into account any additional amount of assessable tax, interest, or penalty owed by the taxpayer even though such an amount could not be assessed and collected because of the running of the statute of limitations.

*Id.* at 1380-81 (emphasis in original; footnotes and citations omitted). Thus, at the very least, these authorities require that plaintiff's claimed refund of $1,378,903.30 in tax for the 1994 year be offset by the $1,802,491.00 additional AMT owed by plaintiff for that year.

6. *For all of the reasons discussed in points (1)-(4) above, the United States should be permitted to amend its answer to assert the defense of equitable recoupment to offset the remaining $426,132.00 tax (and the deficiency interest) owed by plaintiff for 1994 against its recovery arising from the same transaction for tax years 1991 through 1993*

As plaintiff impliedly recognized (Opp. at 4), defendant's equitable recoupment defense is inextricably entwined with the offset defense, and thus the reasons why we believe that the denial of our motion for leave to amend was incorrect, discussed above, apply equally to both the offset and equitable recoupment defenses.

"Recoupment is the keeping back of something that is due because there is an equitable reason for holding it." *Williams v. Neely*, 134 Fed. 1, 5 (8th Cir. 1904). Not unlike the *Lewis* doctrine, equitable recoupment "permit[s] a transaction which is made the subject of suit by plaintiff to be examined in all its aspects." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299; *United States v. Dalm*, 494 U.S. 596, 611 (1990) (quoting *Rothensies*). Thus, "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Rothensies*, 329 U.S. at 299. *Accord*, *Estate of Mann v. United States*, 731 F.3d 267, 279 (5th Cir. 1984). Where different tax years or different taxpayers are involved, the critical factor allowing equitable recoupment is that "a single or same transaction is involved." *Dysart*, 340 F.2d at 627.

"[A] party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, *but now time-barred* tax claim relating to the same transaction." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (emphasis added). The "single transaction" requirement allows a single 'transaction which is made the subject of suit by a

plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *Electric Storage Battery*, 329 U.S. at 299. In this case, the "transaction upon which the plaintiff's action is grounded" is the recurring annual assessment of interest, as additional tax, under § 453A, on the deferred tax liability on plaintiff's installment sale gain in 1991. Viewing the one transaction as a whole, recoupment of the time-barred $426,132.00 tax (and the $96,517.78 deficiency interest[9]) owing for 1994 against the recovery of tax for 1991 through 1993 is a just result. The United States should be permitted to amend its answer to raise that defense.

Respectfully submitted,

January 24, 2007

s/ Mary M. Abate
MARY M. ABATE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6507

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

January 24, 2007

s/ Steven I. Frahm
Of Counsel

9/*See Fisher v. United States*, 80 F.3d 1576, 1580-81 (Fed. Cir. 1996) (underpayment of deficiency interest may be used to offset tax overpayment).

| Principal Life Insurance Company<br>Federal Claims No. 02-1278 T | Tax Year Ended: 31-Dec-1991<br>Before Suit | <br>After Suit | <br>Difference |
|---|---|---|---|
| Taxable Income, as adjusted | 324,152,542.00 | 326,438,659.00 | 2,286,117.00 |
| Other Deductions - Section 453(A) | | | 2,288,864.00 |
| Environmental Tax Deduction | | | (2,747.00) |
| Total Adjustments to Taxable Income | | | 2,286,117.00 |
| *'Regular'* Income Tax | | | |
| 34% of Taxable Income [Corp Rates] | 110,211,864.00 | 110,989,144.00 | |
| Section 453 Tax * | 0.00 | 0.00 | |
| Total *'Regular'* Income Tax | 110,211,864.00 | 110,989,144.00 | |
| (Less): Foreign Tax Credit | (445,334.00) | (445,334.00) | |
| *'Regular'* Tax *less* Foreign Tx Cr | 109,766,530.00 | 110,543,810.00 | |
| Alternative Minimum Taxable Income, as adjusted | 366,104,063.00 | 368,390,179.00 | 2,286,116.00 |
| Alternative Minimum Tax | | | |
| 20% of Alt-MinTaxable Income | 73,220,813.00 | 73,678,036.00 | |
| (Less): Alt-Min-Tax Foreign Tax Credit | 0.00 | 0.00 | |
| Tenative Minimum Tax | 73,220,813.00 | 73,678,036.00 | 457,223.00 |
| (Less): *'Regular'* Tax *less* Foreign Tx Cr | (109,766,530.00) | (110,543,810.00) | |
| Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| Income Tax Liability, as adjusted | | | |
| Tax from Corporate Rates | 110,211,864.00 | 110,989,144.00 | 777,280.00 |
| (Less): Credits | | | |
| a) Foreign Tax Credit | (445,334.00) | (445,334.00) | 0.00 |
| b) General Business Credits | (308,640.00) | (308,640.00) | 0.00 |
| c) Research Credits per IRS | 0.00 | 0.00 | 0.00 |
| d) Section 29 Non-Conv Fuel Credit | (18,763.00) | (18,763.00) | 0.00 |
| Balance | 109,439,127.00 | 110,216,407.00 | |
| Add: Other Taxes | | | |
| a) Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| b) Environmental Tax | 481,883.00 | 484,630.00 | 2,747.00 |
| c) Section 453 Tax | 2,292,649.00 | 3,785.00 | (2,288,864.00) |
| Corrected Income Tax Liability, as adjusted | 112,213,659.00 | 110,704,822.00 | (1,508,837.00) |

* In the recomputation of alternative minimum tax for this tax year, IRS Appeals did not include the IRC Section 453 Tax in its *'Regular'* Tax amount. In this case, it does not make a difference.

| Principal Life Insurance Company<br>Federal Claims No. 02-1278 T | Tax Year Ended: 31-Dec-1992 | | |
|---|---|---|---|
| | Before Suit | After Suit | Difference |
| Taxable Income, as adjusted | 364,878,416.00 | 366,477,565.00 | 1,599,149.00 |
| Other Deductions - Section 453(A) | | | 1,601,070.00 |
| Environmental Tax Deduction | | | (1,921.00) |
| Total Adjustments to Taxable Income | | | 1,599,149.00 |
| *'Regular'* Income Tax | | | |
| 34% of Taxable Income [Corp Rates] | 124,058,661.00 | 124,602,372.00 | |
| Section 453 Tax | 1,604,855.00 | 3,785.00 | |
| Total *'Regular'* Income Tax | 125,663,516.00 | 124,606,157.00 | |
| (Less): Foreign Tax Credit | (605,100.00) | (605,100.00) | |
| *'Regular'* Tax *less* Foreign Tx Cr | 125,058,416.00 | 124,001,057.00 | |
| Alternative Minimum Taxable Income, as adjusted | 418,804,273.00 | 420,403,422.00 | 1,599,149.00 |
| Alternative Minimum Tax | | | |
| 20% of Alt-MinTaxable Income | 83,760,855.00 | 84,080,684.00 | |
| (Less): Alt-Min-Tax Foreign Tax Credit | (605,100.00) | (605,100.00) | |
| Tenative Minimum Tax | 83,155,755.00 | 83,475,584.00 | 319,829.00 |
| (Less): *'Regular'* Tax *less* Foreign Tx Cr | (125,058,416.00) | (124,001,057.00) | |
| Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| Income Tax Liability, as adjusted | | | |
| Tax from Corporate Rates | 124,058,661.00 | 124,602,372.00 | 543,711.00 |
| (Less): Credits | | | |
| a) Foreign Tax Credit | (605,100.00) | (605,100.00) | 0.00 |
| b) General Business Credits | (277,068.00) | (277,068.00) | 0.00 |
| c) Research Credits per IRS | 0.00 | 0.00 | 0.00 |
| d) Section 29 Non-Conv Fuel Credit | (276,187.00) | (276,187.00) | 0.00 |
| Balance | 122,900,306.00 | 123,444,017.00 | |
| Add: Other Taxes | | | |
| a) Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| b) Environmental Tax | 542,378.00 | 544,299.00 | 1,921.00 |
| c) Section 453 Tax | 1,604,855.00 | 3,785.00 | (1,601,070.00) |
| Corrected Income Tax Liability, as adjusted | 125,047,539.00 | 123,992,101.00 | (1,055,438.00) |

| Principal Life Insurance Company<br>Federal Claims No. 02-1278 T | Tax Year Ended: 31-Dec-1993 | | |
|---|---|---|---|
| | Before Suit | After Suit | Difference |
| Taxable Income, as adjusted | 281,007,419.00 | 282,653,609.00 | 1,646,190.00 |
| Other Deductions - Section 453(A) | | | 1,648,167.00 |
| Environmental Tax Deduction | | | (1,977.00) |
| Total Adjustments to Taxable Income | | | 1,646,190.00 |
| *'Regular'* Income Tax | | | |
| 35% of Taxable Income [Corp Rates] | 98,352,597.00 | 98,928,763.00 | |
| Section 453 Tax* | 1,652,039.00 | 3,872.00 | |
| Total *'Regular'* Income Tax | 100,004,636.00 | 98,932,635.00 | |
| (Less): Foreign Tax Credit | (1,131,453.00) | (1,131,453.00) | |
| *'Regular'* Tax *less* Foreign Tx Cr | 98,873,183.00 | 97,801,182.00 | |
| Alternative Minimum Taxable Income, as adjusted | 343,479,828.00 | 345,126,018.00 | 1,646,190.00 |
| Alternative Minimum Tax | | | |
| 20% of Alt-MinTaxable Income | 68,695,966.00 | 69,025,204.00 | |
| (Less): Alt-Min-Tax Foreign Tax Credit | (1,131,453.00) | (1,131,453.00) | |
| Tenative Minimum Tax | 67,564,513.00 | 67,893,751.00 | 329,238.00 |
| (Less): *'Regular'* Tax *less* Foreign Tx Cr | (98,873,183.00) | (97,801,182.00) | |
| Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| Income Tax Liability, as adjusted | | | |
| Tax from Corporate Rates | 98,352,597.00 | 98,928,763.00 | 576,166.00 |
| (Less): Credits | | | |
| a) Foreign Tax Credit | (1,131,453.00) | (1,131,453.00) | 0.00 |
| b) General Business Credits | 0.00 | 0.00 | 0.00 |
| c) Research Credits per IRS | (61,735.00) | (61,735.00) | 0.00 |
| d) Section 29 Non-Conv Fuel Credit | (3,492,280.00) | (3,492,280.00) | 0.00 |
| Balance | 93,667,129.00 | 94,243,295.00 | |
| Add: Other Taxes | | | |
| a) Alternative Minimum Tax | 0.00 | 0.00 | 0.00 |
| b) Environmental Tax | 447,521.00 | 449,498.00 | 1,977.00 |
| c) Section 453 Tax | 1,652,039.00 | 3,872.00 | (1,648,167.00) |
| Corrected Income Tax Liability, as adjusted | 95,766,689.00 | 94,696,665.00 | (1,070,024.00) |

* In the recomputation of alternative minimum tax for this tax year shown above, the IRC Section 453A Tax has been included in the *'Regular'* Tax amount.

| Principal Life Insurance Company<br>Federal Claims No. 02-1278 T | Tax Year Ended: 31-Dec-1994 | | |
|---|---|---|---|
| | Before Suit | After Suit | Difference |
| Taxable Income, as adjusted | 97,743,440.00 | 99,861,380.00 | 2,117,940.00 |
| Other Deductions - Section 453(A) | | | 2,120,182.00 |
| Environmental Tax Deduction | | | (2,242.00) |
| Total Adjustments to Taxable Income | | | 2,117,940.00 |
| *'Regular'* Income Tax | | | |
| 35% of Taxable Income [Corp Rates] | 34,210,204.00 | 34,951,483.00 | |
| Section 453 Tax | 2,124,018.00 | 3,836.00 | |
| Total *'Regular'* Income Tax | 36,334,222.00 | 34,955,319.00 | |
| (Less): Foreign Tax Credit | (2,339,147.00) | (2,339,147.00) | |
| *'Regular'* Tax *less* Foreign Tx Cr | 33,995,075.00 | 32,616,172.00 | |
| Alternative Minimum Taxable Income, as adjusted | 204,460,701.00 | 206,578,640.00 | 2,117,939.00 |
| Alternative Minimum Tax | | | |
| 20% of Alt-MinTaxable Income | 40,892,140.00 | 41,315,728.00 | |
| (Less): Alt-Min-Tax Foreign Tax Credit | (2,339,147.00) | (2,339,147.00) | |
| Tenative Minimum Tax | 38,552,993.00 | 38,976,581.00 | 423,588.00 |
| (Less): *'Regular'* Tax *less* Foreign Tx Cr | (33,995,075.00) | (32,616,172.00) | |
| Alternative Minimum Tax | 4,557,918.00 | 6,360,409.00 | 1,802,491.00 |
| Income Tax Liability, as adjusted | | | |
| Tax from Corporate Rates | 34,210,204.00 | 34,951,483.00 | 741,279.00 |
| (Less): Credits | | | |
| a) Foreign Tax Credit | (2,339,147.00) | (2,339,147.00) | 0.00 |
| b) General Business Credits | 0.00 | 0.00 | 0.00 |
| c) Research Credits per IRS | (90,178.00) | (90,178.00) | 0.00 |
| d) Section 29 Non-Conv Fuel Credit | 0.00 | 0.00 | 0.00 |
| Balance | 31,780,879.00 | 32,522,158.00 | |
| Add: Other Taxes | | | |
| a) Alternative Minimum Tax | 4,557,918.00 | 6,360,409.00 | 1,802,491.00 |
| b) Environmental Tax | 318,208.00 | 320,752.00 | 2,544.00 |
| c) Section 453 Tax | 2,124,018.00 | 3,836.00 | (2,120,182.00) |
| Corrected Income Tax Liability, as adjusted | 38,781,023.00 | 39,207,155.00 | 426,132.00 |

Principal Life Insurance Company and Subsidiaries

Comparison of Tax Liability Changes

| | Plaintiff's Computations | | Government's Computations |
|---|---|---|---|
| **1991 Tax Year** | | | |
| Increases (Decreases) to Taxable Income | | | |
| Other Deductions - Section 453(A) Interest | 2,288,864.00 | | 2,288,864.00 |
| Environmental Tax Deduction See Environmental Tax W/S | - | | (2,747.00) |
| Total Adjustments to Taxable Income | 2,288,864.00 | | 2,286,117.00 |
| Increases (Decreases) to Tax Liability | | | |
| Income Tax @ 34% Marginal Rate | 778,214.00 | | 777,279.00 |
| Environmental Tax See Environmental Tax W/S | 0.00 | | 2,747.00 |
| Section 453 (A) Tax | (2,288,864.00) | | (2,288,864.00) |
| (Decrease) to 1991 Tax Liability | (1,510,650.00) | | (1,508,838.00) |
| **1992 Tax Year** | | | |
| Increases (Decreases) to Taxable Income | | | |
| Other Deductions - Section 453(A) Interest | 1,601,070.00 | | 1,601,070.00 |
| Environmental Tax Deduction See Environmental Tax W/S | - | | (1,921.00) |
| Total Adjustments to Taxable Income | 1,601,070.00 | | 1,599,149.00 |
| Increases (Decreases) to Tax Liability | | | |
| Income Tax @ 34% Marginal Rate | 544,364.00 | | 543,711.00 |
| Environmental Tax See Environmental Tax W/S | 0.00 | | 1,921.00 |
| Section 453 (A) Tax | (1,601,070.00) | | (1,601,070.00) |
| (Decrease) to 1992 Tax Liability | (1,056,706.00) | | (1,055,438.00) |
| **1993 Tax Year** | | | |
| Increases (Decreases) to Taxable Income | | | |
| Other Deductions - Section 453(A) Interest | 1,648,167.00 | | 1,648,167.00 |
| Environmental Tax Deduction See Environmental Tax W/S | - | | (1,977.00) |
| Total Adjustments to Taxable Income | 1,648,167.00 | | 1,646,190.00 |
| Increases (Decreases) to Tax Liability | | | |
| Income Tax @ 35% Marginal Rate | 576,858.00 | | 576,167.00 |
| Environmental Tax See Environmental Tax W/S | 0.00 | | 1,977.00 |
| Section 453 (A) Tax | (1,648,167.00) | | (1,648,167.00) |
| (Decrease) to 1993 Tax Liability | (1,071,309.00) | | (1,070,023.00) |
| **1994 Tax Year** | | | |
| Increases (Decreases) to Taxable Income | | | |
| Other Deductions - Section 453(A) Interest | 2,120,182.00 | | 2,120,182.00 |
| Environmental Tax Deduction See Below * | - | | (2,242.00) |
| Total Adjustments to Taxable Income | 2,120,182.00 | | 2,117,940.00 |
| Increases (Decreases) to Tax Liability | | | |
| Income Tax @ 35% Marginal Rate | 742,064.00 | | 741,279.00 |
| Alternative Minimum Tax See Alternative Minimum Tax W/S | 0.00 | | 1,802,491.00 |
| Environmental Tax See Environmental Tax W/S | 0.00 | | 2,544.00 |
| Section 453 (A) Tax | (2,120,182.00) | | (2,120,182.00) |
| Increase (Decrease) to 1994 Tax Liability | (1,378,118.00) | | 426,132.00 |
| * Environmental Tax Deduction Allowed by IRS Appeals | | | 318,510.00 |
| Less> Environmental Tax Deduction Allowed by ***D o J*** | | | 320,752.00 |
| Increase in Allowable Environmental Tax Deduction | | | (2,242.00) |