IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

1. Defendant's motion for reconsideration implies that at the time Defendant filed its November 15, 2006 status report, it had under "serious" consideration a settlement proposal made by Principal shortly before. In fact, Principal's settlement proposal to Defendant on the issue was made well before November 15. Principal pointed out to Defendant as early as July 16, 2006 that the additional AMT it was now asserting for 1994 would qualify as an AMT credit carryover to 1995 under IRC §53, and the proposal that the case be settled on that basis was made by Principal to the Defendant as early as September, 2006, as evidenced by Defendant's reference to it in its Status Report to the Court filed on September 15, 2006 (p.2). Defendant thus had more than four months in which to consider and confer with the Internal Revenue Service regarding such settlement proposal prior to rejecting it through the filing of its motion for leave to amend its

answer on December 22, 2006. Furthermore, there was no valid reason for the Defendant to conclude that the Court's order dated November 20, 2006 "cut off" the ability to incorporate the numbers based on such settlement proposal in the computations ordered by the Court to be filed on or before December 22.

2. Defendant's other arguments in its motion for reconsideration have been previously addressed in detail by Principal in Plaintiff's Computations For Judgment filed December 22, 2006, and Plaintiff's Response And Opposition To Defendant's Motion for Leave To Amend filed January 5, 2007. Such previous responses by Principal are incorporated herein by reference. In summary, Principal responds that: (a) the assessment of the additional AMT is time-barred by the statute of limitations; (b) the Defendant could have and should have determined much earlier in this case that the AMT would become an issue if Principal prevailed on the §453A issue; (c) any right of offset the Defendant may have had was waived by its failure to assert it in a timely manner; (d) Principal has proved that it is entitled to a refund of tax for 1994 on the §453A issue of $1,378,903 as evidenced by Defendant's agreement that that is the amount of tax for 1994 attributable to the §453A issue, taking into account allowance of the affirmative defense Defendant did raise in a timely manner, and (e) the Defendant has neither pled nor proved to the contrary.

3. Further, the court is correct in its Order of January 9, 2007, that consideration of Defendant's new offset and recoupment defenses "would require both plaintiff and the court to expend considerable resources not only in resolving the validity of defendant's claims . . . but in resolving reciprocal issues . . . ." because allowing the Defendant to raise a new offset or other defense would entitle Principal to likewise raise new issues as offsets to Defendant's offset. *Union*

*Pacific R.R. Co. v. U.S.*, 389 F.2d 437 (Ct.Cl. 1968); *Charter Co. v. U.S.*, 971 F.2d 1576 (11th Ci. 1992). There exist numerous facts and issues not previously considered by the Internal Revenue Service that have come to Principal's attention, as well as other facts and issues contained in Principal's claim for refund, that Principal could and would raise as offset claims against Defendant's claimed offset.

4. Based on the wise precedent of other courts that have expressed the obvious and practical conclusion that "litigation must end sometime," *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.*, 962 F.2d 1528, 1534 (10th Cir. 1992); *Manchester Group v. Comm.*, T.C. Memo. 1997-576 (1997); *Pietanza v. Comm.*, T.C. Memo. 1990-524 (1990); *Estate of Egger v. Comm.*, 92 T.C. 1079, 1083 (1989); *Abdelsamed v. U.S.*, 2002 WL 31409521 (D. Colo. 2002); *OCG Microelec. Materials v. White Consol. Indus., Inc.*, 40 F.Supp.2d 83, 89 (D. R.I. 1999); *Comm. v. Long's Estate*, 304 F.2d 136 (9th Cir. 1962), Principal respectfully urges the Court to enter judgment in favor of Principal in the amounts of tax and assessed interest reflected in Paragraph 1 of Plaintiff's Computations For Judgment filed on December 22, 2006.

WHEREFORE, Principal prays that the Court properly exercise its discretion to deny Defendant's Motion For Reconsideration.

Dated January 25, 2007.

Respectfully submitted,

*s/Bruce Graves*

Bruce Graves

Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, P.L.C.
Suite 2000, Ruan Center
666 Grand Avenue
Des Moines, Iowa 50309
Telephone: 515/242-2400
Fax: 515/283-0231

ATTORNEY FOR PLAINTIFF

Filed electronically