# In The United States Court of Federal Claims

No. 02-1278T

(Filed: January 29, 2007)

---

PRINCIPAL LIFE INSURANCE
COMPANY and SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**ORDER**

---

On March 7, 2005, a trial was held in this tax refund suit. Following post-trial briefing, on March 13, 2006, the court issued an opinion and order, wherein it determined that plaintiff is entitled to a refund of tax. *Principal Life Ins. Co. v. United States*, 70 Fed. Cl. 144 (2006). That opinion, however, indicated that the court would withhold the entry of judgment to permit the parties to submit computations, consistent with the court's determination of the issues, showing the correct amount of the judgment to be entered, in a procedure analogous to that delineated in Tax Court Rule 155. The court ordered the parties to file a status report showing the correct amount of the judgment to be entered on or before May 31, 2006. *Id.* at 171. After a series of enlargements, on December 22, 2006, plaintiff filed a memorandum proposing its computations for judgment, and defendant filed a motion for leave to amend its answer seeking to assert offset and equitable recoupment claims. The court denied defendant's motion on January 9, 2007, and ordered defendant to respond to the memorandum filed by plaintiff on December 22, 2006, setting forth a proposed calculation of the refund, on or before February 1, 2007.

On January 24, 2007, defendant filed a motion for reconsideration of the January 9, 2007, order denying its motion for leave to amend its answer. On January 25, 2007, plaintiff filed its opposition to defendant's motion for reconsideration. Having reviewed both filings, and considering the procedural posture of this case, the court remains concerned that defendant's motion for leave to amend its answer is untimely. On or before February 9, 2007, defendant shall file a written memorandum addressing the following issues:

1. Provide authority for the proposition that the government is not subject to any time limit when invoking a setoff or equitable recoupment defense, specifically including authority for the proposition that the government may invoke such a defense post-trial and post-decision on the merits.

2. At defendant's request in this case (and others), the court has acquiesced in allowing the parties to determine the amount of a refund using a procedure analagous to that delineated in Tax Court Rule 155. At least in this case, it appears that the effect of using this procedure has been to allow defendant to raise issues that would not otherwise have been raised; the court would have simply determined the amount of damages following its liability ruling and entered judgment. Explain why, in considering the timeliness of defendant's motion, the court should not consider this as an aspect of the prejudice that would be experienced by plaintiff should defendant's motion be granted.

In addition, defendant shall indicate when it is prepared to conduct a trial regarding the refund owed in this case, should its motion be granted.

Defendant's response to plaintiff's December 22, 2006, memorandum is stayed until further order of this court.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge