417 F.2d at 1360. In *Bank of America*, the Court held that the trial judge had not abused his discretion in determining that there had been "such undue delay" (217 Ct. Cl. at 732):

> This is a complex case, filed over seven years ago . . . . If leave were now granted to add the new offset, an additional issue would be inserted, and at best it is uncertain whether that new issue will entail further discovery, dispute over relevant facts, or other inquiry into a factual setting. . . . . Defendant's reply is that nevertheless plaintiff suffered no prejudice, but we think it reasonable to conclude that, in a case of this vintage, complexity, and expenditure of effort, it is prejudice enough to introduce, at so late a stage, a new issue which defendant does not demonstrate can be resolved without further factual disputes, substantial factual inquiry by taxpayer, or other delay.[2]

It thus appears that, under this Court's precedent, the Government's offset defense in a tax case may not be defeated by equitable considerations, such as expiration of the statute of limitations on assessment, or the fact that the offset issue might require the taxpayer to participate in a lengthy trial; but that the ability to raise that defense in a given case may be limited by such considerations as judicial economy or prejudice to the other party caused by undue delay in raising the issue. As will be discussed below, those considerations are not implicated here.

2. Issue II. The second issue raised by the Court concerns the use of a procedure, analogous to the Tax Court's Rule 155 proceeding, to determine the amount of plaintiff's recovery in this case (after decision on the merits) that appears to have permitted the raising of a new issue; and whether that should enter into a determination of whether plaintiff would be prejudiced if defendant were allowed to amend its answer in this case. We believe that the answer is "yes"; and that the AMT adjustment raised by the United States at this point in these proceedings is not a new issue, and there is no prejudice, based on several Tax Court decisions applying Tax Court Rule 155, and on a 1983 decision of the United States Claims Court (*Southeastern Bank of Orlando v. United States*, 2 Cl. Ct. 530 (1983)).

Tax Court Rule 155 ("Computation by parties for entry of decision") provides, in subparagraph (a), that the court may withhold entry of its decision to permit the parties to

---

2/The Court also seems to have been influenced by the defendant's assertions regarding the complexity of the factual issues, including the offset issues, in the case. 217 Ct. Cl. at 732, n.1.



2215208.1