# In The United States Court of Federal Claims

No. 02-1278T

(Filed: February 14, 2007)

_____

|  |  |  |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY and SUBSIDIARIES, | * * | Motion for reconsideration; Setoff; *Lewis* |
|  | * | *v. Reynolds*; Belated raising of setoff in |
| Plaintiff, | * | tax refund suit limited by considerations |
|  | * | of judicial economy and prejudice; Cases |
| v. | * | involving Tax Court Rule 155 are |
|  | * | inapposite; Motion for reconsideration |
| THE UNITED STATES, | * | denied. |
|  | * |  |
| Defendant. | * |  |

_____

**ORDER**

_____

*Bruce Graves*, Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, Iowa, for plaintiff.

*Mary M. Abate*, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Eileen J. O'Connor*, for defendant.

**ALLEGRA, Judge**:

On March 7, 2005, a trial was held in this tax refund suit. Following post-trial briefing, on March 13, 2006, the court issued an opinion and order, wherein it determined that plaintiff is entitled to a refund of tax. *Principal Life Ins. Co. v. United States*, 70 Fed. Cl. 144 (2006). That opinion indicated that, in a procedure "which loosely tracks Rule 155 of the U.S. Tax Court's Rules of Practice and Procedure," the court would withhold the entry of judgment to permit the parties to submit computations, consistent with the court's determination of the issues, showing the correct amount of the judgment to be entered. The court ordered the parties to file a status report showing the correct amount of the judgment to be entered on or before May 31, 2006. *Id.* at 171. After a series of enlargements, on December 22, 2006, plaintiff filed a memorandum proposing its computations for judgment, while defendant filed a motion for leave to amend its answer seeking to assert offset and equitable recoupment claims. The court denied defendant's motion on January 9, 2007. On January 24, 2007, defendant filed a motion for reconsideration, to which plaintiff filed an opposition on January 25, 2007. On January 29, 2007, the court ordered defendant to file a supplemental memorandum addressing, *inter alia*, whether the government is subject to any time limit in invoking a setoff or equitable recoupment defense. On

February 9, 2007, defendant filed its supplemental memorandum.  Having reviewed all these sundry filings,  defendant's motion for reconsideration is hereby **DENIED**.

It is an oft-repeated rule that "[a]n overpayment must appear before refund is authorized," *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932), and that "the right to raise a setoff is not subject to equitable considerations." *Dysart v. United States*, 340 F.2d 624, 627 (1965); *see also Fisher v. United States*, 80 F.3d 1576, 1581 (Fed. Cir. 1996).  This rule, however, is not as absolute as it might seem at first blush.  For one thing, *Dysart* itself recognized that, in a tax refund suit, leave to raise a defense of setoff could be denied, noting that various cases had done so based "on the considerations of judicial administration concerned with the delayed amendments of pleadings and the belated raising of new issues" *Dysart*, 340 F.2d at 630 n.10 (citing cases).  Other Court of Claims decisions echo these sentiments.  In one such case, the court denied defendant's claimed setoff when it was "not pleaded either as an affirmative defense or as a counterclaim; . . . not mentioned during the pretrial conference," and when "defendant submitted no evidence in behalf of the claim, and . . . it requested no findings of fact with respect thereto." *Panhandle Eastern Pipe Line Co. v. United States*, 408 F.2d 690, 718-19 (Ct. Cl. 1969).  Later that same year, the court affirmed a trial commissioner's ruling permitting the defendant to file an amended answer, but cautioned – "This is not to say that the government may unduly delay the raising of the issue, and we now warn that any undue delay on the part of the government will result in the denial of the right to raise setoff defenses.  In other words, we hold that the defense must be raised at the earliest possible stage in the proceedings." *St. Louis-San Francisco Ry. Co. v. United States*, 417 F.2d 1359, 1360 (Ct. Cl. 1969).  Following through on this warning, the court affirmed a trial judge's decision that refused to permit the government to amend its complaint and raise a new offset after seven years of litigation, even though the case had not yet gone to trial. *Bank of America v. United States*, 217 Ct. Cl. 731, *1 (1978).

Certainly, the setoff issue *sub judice* was not "raised at the earliest possible stage of the proceedings." *St. Louis-San Francisco*, 417 F.2d at 1360.  Indeed, in a case eerily similar to this, *May v. United States*, 43 A.F.T.R. 2d 79-334 (E.D. Ky. 1978), *rev'd on other grounds*, 644 F.2d 578 (6th Cir. 1981), a district court held that the United States had waived a setoff defense by failing to raise it until after summary judgment had been entered against it.  As in this case, the court there ruled in the plaintiff's favor, but, effectuating an agreement between the parties, ordered the defendant to submit a proposed judgment to plaintiffs for approval. *Id.*  Defendant responded by seeking to raise an offset based on the application of the alternative minimum tax (the same tax it invokes here). *Id.* at 79-335.  Rejecting the notion that *Lewis* allows the United States to raise a setoff at any time, the court stated: "In each of the cited cases, the government made some affirmative step in asserting the defense of 'setoff' prior to the trial of the issue. . . . This is not the situation here, and it is therefore the Court's opinion that the amount of the judgment herein should be the amount prayed for in the complaint . . . ."  Other cases similarly emphasize judicial economy and prejudice considerations in prohibiting the United States from belatedly raising a set off.  *See also Buder v. United States*, 7 F.3d 1382, 1386-87 (8th Cir. 1993) (affirming the district court's decision to decline to hear defendant's setoff defense when it was raised for the first time ten days before the scheduled trial date, in its trial brief); *Abramson v. United States*, 42 Fed. Cl. 326, 331 (1998) (ruling that defendant's assertion of an offset during

the briefing of summary judgment motions was untimely, "as there was no prior indication that defendant would seek this additional offset"); *Gramercy Const. Co. v. United States*, 13 A.F.T.R. 2d 803, 811-12 (S.D.N.Y. 1964) (no amendment of answer to raise setoff permitted after taxpayer had rested its case).[1]

      The line of cases discussed above amply demonstrates that the United States may not, when the need strikes it, transform a victory into a pyrrhic one by raising a setoff at the last possible moment.  To hold otherwise would encourage a lack of due diligence by defendant in timely asserting defenses and leave plaintiffs in refund suits guessing as to the true litigating hazards associated with their cases – in both instances, introducing a level of gamesmanship into refund suits that has no place in a judicial forum governed by procedural rules that are supposed to apply to both parties.  Defendant here certainly had the opportunity to plead its setoff earlier and nothing in the evidence suggests that it was unable to do so.  In contending that it, nonetheless, should be allowed to proceed, defendant makes much of the fact that Tax Court Rule 155 specifically allow for the introduction of "new issues" during the recalculation of deficiencies.  But, this court did not adopt that rule wholesale in this action, but rather created its own process "loosely" patterned after Rule 155.  Cases construing the language of the latter rule thus offer defendant little comfort here.  Indeed, if the latter cases illustrate anything, it is that absent the sort of explicit warnings contained in Rule 155, a taxpayer apparently proceeds at its peril if it agrees to propose jointly with the United States the amount of a judgment following a ruling on tax liability.  Given these perils, this court will never bound down that primrose path again (at least absent a specific and binding waiver by defendant of any defenses, setoffs or equitable recoupments not previously raised before a liability decision).

---

      [1] In another such case, the Sixth Circuit explained the rationale for limiting the timing of a setoff in a tax refund suit, thusly –

> It is said that under the broad language of *Lewis v. Reynolds*, *supra*, the burden is upon the taxpayer to show that he has overpaid the tax legally due, and if not the government may retain payments already received when they do not exceed the amount which might have been properly assessed.  Even so, this cannot mean that the taxpayer must in the first instance anticipate all possible claims of tax liability that may at any time be asserted by the collector, and by allegation and proof negative them all, or fail to make his case.  This would place a burden upon a taxpayer seeking to recover an overpayment impossible ever for him to carry.  It is implicit in his claim for refund and his declaration of overpayment in suit, each denying the validity of the only asserted basis for the deficiency, that there is no other tax liability in derogation of his right to recover.  He has done all within his power to frame issues to the end that decision will forever end the controversy.  Affirmation of other grounds of liability is the responsibility of the defendant . . . .

*Routzahn v. Brown*, 95 F.2d 766, 770-71 (6th Cir. 1938).

Based on the foregoing:

1. Defendant's motion for reconsideration is hereby **DENIED**.

2. On or before March 2, 2007, defendant shall respond to plaintiff's December 22, 2006, memorandum setting forth its proposed computations for judgment. This deadline will not be extended under any circumstances.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge