IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY
AND SUBSIDIARIES,
Plaintiff

v.

THE UNITED STATES,
Defendant

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MEMORANDUM FILED DECEMBER 22, 2006

Pursuant to the Court's order of February 14, 2007, defendant, the United States, herewith responds to plaintiff's memorandum filed December 22, 2006.

*Introduction*

There are four discrete sub-issues underlying the overall issue of determination of the amounts of the judgment to be entered as a result of the Court's decision on the Code § 453A issue in this case. They are:

- The amounts of the overpayments of *tax* and *assessed interest* for the tax years *1991-1993*. (The parties are in virtual agreement over these amounts.)
- The amounts of the overpayments or underpayments of *tax* and *deficiency interest* for the tax year *1994*. (The parties agree on the computed numbers, but disagree on the application of the alternative minimum tax (AMT).)
- Whether the underpayment determined under defendant's computations for the 1994 tax year resulting from the Court's decision on the § 453A issue may be


2272531.11

recouped from the overpayments for tax years 1991-1993 resulting from the Court's decision on the § 453A issue. (Plaintiff contends that the underpayment and the overpayments do not arise from the same transaction, and that recoupment does not apply.)

• The method of computing the amounts of *"overpayment interest"* for all suit years that should be included in the judgment. (In light of the Court's order of February 14, 2007, the parties now disagree on whether "global interest netting" under Code § 6621(d) should apply.)

In addition, plaintiff has attempted to bootstrap its position by filing a separate suit for its 1995-1996 tax years raising the § 453A issue and warning (in its December 22 memorandum) that an AMT issue might arise in the new suit if defendant's computations were to be adopted by the Court. These issues will be addressed separately below.

1. *The amounts of the tax and assessed interest overpayments for 1991-1993*

As we reported to the Court on December 22, 2006, defendant's recomputation specialists computed the amounts of the tax and assessed interest overpayments for 1991-1993, as follows:

| Tax Year | Tax Overpayment | Assessed Interest Overpayment |
|---|---|---|
| 1991 | ($1,508,838.00) | ($609,820.46) |
| 1992 | ($1,055,438.00) | ($318,505.64) |
| 1993 | ($1,070,023.08) | ($482,468.86) |

These amounts are virtually identical to the amounts of tax and assessed interest overpayments for these years reported by plaintiff. The computations by both parties included parallel recomputations of AMT under Code § 55, and environmental tax, for each year, to take into account the adjustments occasioned by the Court's decision on the § 453A issue. For each of these years the resulting "regular tax" is greater than the resulting tentative minimum tax, so the AMT does not come into play.

2. *The amounts of the tax and assessed/deficiency interest overpayment/ underpayment for 1994*

As we reported to the Court on December 22, 2006, defendant's recomputation specialists' computations resulted in *underpayments* of tax and deficiency interest for 1994, in the following amounts:

| Tax Year | Tax Underpayment | Deficiency Interest Underpayment |
|---|---|---|
| 1994 | $426,132.00 | $118,023.99 (as of 12/31/06) |

The tax and assessed interest computations by defendant included parallel recomputations of AMT under Code § 55, and environmental tax, for 1994, to take into account the adjustments occasioned by the Court's decision on the § 453A issue. For the 1994 year, the resulting "regular tax" is less than the resulting tentative minimum tax, so the difference is added as a mandatory "additional tax" under § 55. This mandatory computation eliminates plaintiff's claimed $1,378,903 tax "overpayment" for 1994, and results in an underpayment balance of $426,132. Plaintiff agrees that these amounts have been computed correctly, but contends that the AMT computation should not be made.

For the reasons stated in our Motion for Leave to Amend the Answer (filed December 22, 2006), Defendant's Motion for Reconsideration (filed January 24, 2007), and Defendant's Supplemental Memorandum Pursuant to the Court's Order of January 29, 2007 (filed February 9, 2007), defendant's position is that the AMT is a computational issue that can first be raised at the computation stage, that in any event it was raised "at the earliest possible stage in the proceedings" (*i.e.*, as a consequence of the Court's decision on the § 453A issue), and that it should be adopted by the Court. In its orders filed January 9, 2007, and February 14, 2007, however, the Court concluded that the AMT issue may not be raised at the computational stage, stating, *inter alia*, "Defendant here certainly had the opportunity to plead its setoff earlier and nothing in the evidence suggests that it was unable to do so."

*Under the Court's determinations so far*, therefore, the amounts of tax and assessed interest overpayments for the 1994 year would be as follows (*i.e.*, the same amounts computed by plaintiff for tax year 1994):

| Tax Year | Tax Overpayment | Assessed Interest Overpayment |
|---|---|---|
| 1994 | ($1,378,903.00) | $ - 0 - |

3. *Whether the 1994 underpayment resulting from the Court's decision on the § 453A issue may be recouped from the 1991-1993 overpayments resulting from the Court's decision on the § 453A issue*

For the reasons stated in our Motion for Leave to Amend the Answer (filed December 22, 2006), Defendant's Motion for Reconsideration (filed January 24, 2007), and Defendant's Supplemental Memorandum Pursuant to the Court's Order of January 29, 2007 (filed February 9, 2007), defendant's position is that the $426,132 tax underpayment balance for the 1994 year, which could no longer be assessed at the time it arose, should be recouped against plaintiff's recovery for the 1991-1993 years. In its orders filed January 9, 2007, and February 14, 2007, however, the Court concluded that the issue may not be raised at the computational stage.

4. *The method of computing the amounts of "overpayment interest" for all suit years that should be included in the judgment*

a. Plaintiff's computations reflect total "overpayment interest" (*i.e.*, interest on the amounts of tax and assessed interest to be refunded or credited, under plaintiff's computations for 1991-1994) in the amount of $6,047,455.99. (Plt. Mem. ¶ (1).) Those calculations, as plaintiff acknowledges in ¶ 3, take into account "global interest netting" under Code § 6621(d). Use of "global interest netting" yields (under plaintiff's computations) $3,735,355.62 additional "overpayment interest" for the four suit years over and above the amount of "overpayment interest" that would result (under plaintiff's computations) without employing "global interest netting."[1]

---

1/Defendant's computation, reflected below, takes into account an additional adjustment favorable to plaintiff that would result in a difference of $2,089,291.70 total, rather than the $3,735,355.62 difference under plaintiff's computations.

Plaintiff neither raised nor litigated the "global interest netting" issue in this action. Like the AMT computation defendant raised, plaintiff raised "global interest netting" for the first time in the computation stage, after the Court's decision on the § 453A issue. We initially considered including "global interest netting" in our computations, because we considered it to be in the nature of a computational issue, as the AMT issue is computational. Under the Court's rulings in its orders of January 9, 2007, and February 14, 2007, however, the "global interest netting" issue has been raised too late and should be disregarded by the Court. *Cf.*, *FleetBoston Financial Corp. v. United States*, 68 Fed. Cl. 177, 188-89 (2005).

If the Court should decide that plaintiff *is not entitled* to "global interest netting," the "overpayment interest" computed to December 31, 2006 (the same computation date used by plaintiff) would be as follows, under the following different scenarios:

*Overpayment interest, without global interest netting, on*
*tax and assessed interest overpayments computed by plaintiff*

| Tax Year | Tax Overpayment | Assessed Interest Overpayment | Overpayment Interest |
|---|---|---|---|
| 1991 | ($1,508,838.00) | ($609,820.45) | ($1,328,646.58) |
| 1992 | ($1,055,438.00) | ($318,505.64) | ($ 882,265.25) |
| 1993 | ($1,070,023.08) | ($482,468.86) | ($ 689,591.97) |
| 1994 | ($1,378,903.00) | $ 0.00 | ($1,057,660.49) |
| Total | | | ($3,958,164.29) |

*Overpayment interest, without interest netting, on*
*tax and assessed interest overpayments/underpayments*
*computed by defendant, with AMT for 1994*

| Tax Year | Tax Overpayment | Assessed Interest Overpayment | Overpayment Interest |
|---|---|---|---|
| 1991 | ($1,508,838.00) | ($609,820.45) | ($1,328,646.58) |
| 1992 | ($1,055,438.00) | ($318,505.64) | ($ 861,623.17) |
| 1993 | ($1,070,023.08) | ($482,468.86) | ($ 669,079.19) |
| 1994 | $ 0.00 | $ 0.00 | $ 0.00 |
| Total | | | ($2,859,348.94) |

*Overpayment interest, without interest netting, on tax and assessed interest overpayments/underpayments computed by defendant, with AMT for 1994 and recoupment against 1991-1993*

| Tax Year | Tax Over/Under-payment | Assessed/Deficiency Interest Over/Underpayment | Overpayment Interest |
|---|---|---|---|
| 1991 | ($1,508,838.00) | ($609,820.45) | ($1,328,646.58) |
| 1992 | ($1,055,438.00) | ($318,505.64) | ($ 861,623.17) |
| 1993 | ($1,070,023.08) | ($482,468.86) | ($ 669,079.19) |
| 1994 | $ 426,132.00 | $118,023.99 | $ 0.00 |
| Total | | | ($2,859,348.94) |

b. If the Court should decide that plaintiff *is entitled* to use “global interest netting,” defendant does not disagree with the amounts computed by plaintiff (*see* Plt. Mem. ¶ 1), under the Court’s determinations so far.

5. The fact that plaintiff recently filed a complaint (Fed. Cl. No. 07-6 T) involving the 1995-1996 tax years should have no bearing on the Court’s decisions in this case. The only issue raised in the newly-filed suit is the § 453A issue, which presumably will be decided, ultimately, consistently with the ultimate disposition of that issue for the 1991-1994 years in this case. Indeed, counsel have informally discussed the possibility of filing a joint motion for suspension of the proceedings after the answer is filed in the new case.

Respectfully submitted,

March 2, 2007

s/ Mary M. Abate

MARY M. ABATE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6507

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

March 2, 2007

s/ Steven I. Frahm

Of Counsel