IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1278T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM FILED MARCH 2, 2007**

Pursuant to the Court's order of March 5, 2007, Plaintiff, Principal Life Insurance Company, files this response to Defendant's Memorandum filed March 2, 2007.

## I. Tax And Assessed Interest To Be Refunded.

The Court on January 9, 2007 and February 14, 2007 ruled that Defendant is not entitled to offset or equitable recoupment for alternative minimum tax (AMT). In such circumstances, the parties are in agreement that the judgment to be entered in this case should include the following amounts of tax and assessed interest for the years in suit (Def. Memo. ¶¶ 1, 2):

| Year | Tax Refund | Assessed Interest | Total |
|---|---|---|---|
| 1991 | $1,508,838.00 | $609,820.46 | $2,118,658.46 |
| 1992 | $1,055,438.00 | $318,505.64 | $1,373,943.64 |
| 1993 | $1,070,023.08 | $482,468.86 | $1,552,491.94 |
| 1994 | $1,378,903.30 | -0- | $1,378,903.30 |

## II. Plaintiff Is Entitled To Overpayment Interest According To Law, Including Application Of "Global Interest Netting" Under §6621(d)

Regarding the statutory or overpayment interest to be paid to Plaintiff on the above amounts, to paraphrase one commentator, "it would [usually] be sufficient, from the plaintiff's standpoint, if the judgment provides for recovery of the stated overpayment, plus interest as provided by law." Federal Tax Practice (Casey), West-Thompson, §11.86 (citing *Fairbanks Morse & Co. v. Harrison*, 46-1 USTC ¶9217 (ND Ill. 1946)). As the Defendant itself stated in the Memorandum accompanying its Motion For Leave To Amend Answer filed December 22, 2006:

> [I]t is customary for the Court to enter judgment only for the amounts of tax and *assessed* interest due plaintiff as a result of its decision, "plus interest thereon as provided by law" ("statutory interest"). The Internal Revenue Service Center then computes the statutory interest, based on the amounts of the judgment (**applying interest netting if appropriate)**, to a date beyond the estimated date of the actual refund or credit.

(Def. Memo, 12/22/2006, n. 3; Emphasis supplied.)

But the Defendant has now introduced yet another new issue - this one regarding the method of computing the overpayment interest payable to Plaintiff. In an attempt to avenge its losses on the §453A, AMT, offset, and recoupment issues, the Defendant in its March 22, 2007 Memorandum contends for the first

time that Plaintiff is not entitled to "global interest netting" with respect to the interest to be paid on the overpayments because that issue "has been raised too late and should be disregarded by the Court." (Memo. ¶4(a)) The Defendant's new contention is imaginative, but it is wrong.

Section 6621(d) was enacted by the IRS Restructuring and Reform Act of 1998, P.L. 105-206, and provides as follows:

> (d) Elimination of interest on overlapping periods of tax overpayments and underpayments. -- To the extent that, for any period, interest is payable under subchapter A and allowable under subchapter B on equivalent underpayments and overpayments by the same taxpayer of tax imposed by this title, the net rate of interest under this section on such amounts shall be zero for such period.

Although it generally applies to interest accruing for periods beginning after July 22, 1998 (the date of enactment), a special uncodified rule contained in the 1998 Act, P.L. 105-206, §3301(c)(2), also made it applicable to interest accruing for periods beginning before July 22, 1998, if certain conditions are met. The Service issued Revenue Procedures 99-19, 99-43 and 2000-26 and Revenue Ruling 99-40 to provide guidance to taxpayers that sought to take advantage of the netting rules contained in the 1998 Act.

The Court of Appeals for the Federal Circuit dealt with the issue of interest netting under Section 6621(d) on two recent occasions, first in *Federal National Mortgage Assoc. v. United States*, 379 F.3d 1303 (Fed. Cir. 2004). There the Court held that the doctrine of sovereign immunity compels a restrictive interpretation of an ambiguity in the statute and the statute of limitations must be

open for both the underpayment year and overpayment year for interest netting to apply. Likewise, in *Computervision Corp. v. United States*, 455 F.3d 1355 (Fed. Cir. 2006), the Court of Appeals held that interest netting was barred where the statute of limitations had expired for both the overpayment and the underpayment years. In the instant case, the deficiency interest on the underpayment was assessed and paid, and the claims for refund for statutory interest on the overpayment were filed, all within the applicable periods of limitations. The Defendant has made no claim to the contrary.

Section 6621(d) means, of course, that when a taxpayer is owed an overpayment for any year for which it has remitted an underpayment plus deficiency interest calculated under Section 6621(a)(2), the rate of interest on the amount of the overpayment that equals the underpayment shall be equal to the deficiency rate paid on the underpayment so that the two rates cancel each other out and the net interest rate is, in effect, zero.

There is no need to request application of Section 6621(d) in a claim for refund or complaint - it is invoked automatically as a result of the joint statutory mandates of IRC Section 6611(a) and 28 U.S.C. §2411(a). Section 6611(a) of the Internal Revenue Code provides that "Interest **shall** be allowed and paid upon any overpayment in respect of any internal revenue tax **at the overpayment rate established under section 6621."** (Emphasis supplied.) 28 U.S.C. §2411(a) provides that "In any judgment of any court rendered . . . against the United States . . . for any overpayment in respect of any internal-revenue tax, interest **shall** be allowed **at the overpayment rate established under section 6621 of the Internal Revenue Code** of 1986 upon the amount of the overpayment . . . ." (Emphasis supplied.) Moreover, 28 U.S.C. §2516 provides, "Interest on a claim against the

United States shall be allowed in a judgment of the United States Court of Federal Claims only under . . . [an] Act of Congress expressly providing for payment thereof," and Section 6621 of the Internal Revenue Code, including subsection (d), represents just such an Act of Congress.

Furthermore, even if it were necessary for a taxpayer to request application of Section 6621(d) in its claims for refund or complaint, the Plaintiff has done so. In contrast to the Defendant's tardy attempt to raise an offset issue that should have been raised much earlier in the proceeding, the Plaintiff has, in both its claims for refund and its Complaint filed in this action, sought all interest on its refunds allowable by law. Each of the four counts of Plaintiff's Complaint, as well as its prayer, sought refund of tax "plus assessed interest paid and for statutory interest thereon as provided by law." (Comp. ¶¶ 19, 32, 44, 55, Prayer) The "statutory interest provided by law" is, of course, the interest mandated by IRC §6611 and 28 U.S.C. §2411(a), each of which refers to Section 6621 and each of which, therefore, includes Section 6621(d).

Another difference is also significant. The Defendant will suffer no prejudice by application of Section 6621(d) because it has had use of Principal's money these many years, namely, the deficiency interest paid by Principal at the underpayment rate. *See, Marsh &McLennan Companies, Inc. v. U.S.*, 302 F.3d 1369, 1380, n.11 (Fed. Cir. 2002), *reh. and reh. en banc den., cert. den.*, 538 U.S. 925) ("[T]he 'use of money' principle . . . has been applied by the statute and the regulations in specific situations," citing Section 6621(d).) But Plaintiff would have suffered substantial prejudice had Defendant's late attempt to raise an offset defense been allowed. As indicated previously, there exist facts and issues that Plaintiff would be entitled to raise as offsets to the Defendant's offsets, *Union*

*Pacific R.R. Co. v. U.S.*, 389 F.2d 437 (Ct.Cl. 1968; *Charter Co. v. U.S.*, 971 F.2d 1576 (11th Cir. 1992), and opening the case to these new issues that would have undoubtedly required trial long after the initial trial and briefing were concluded would have subjected Plaintiff to additional delay and considerable expense.

**III. Facts Underlying Plaintiff's Entitlement To Global Interest Netting.**

Following the IRS examination of its tax returns for 1991 and 1992, Principal paid the tax deficiencies and deficiency interest asserted for both years. All of the tax for 1991, however, except that arising under Section 453A in connection with the Prudential transaction, was wiped out by a loss carryback from 1994. A sizeable deficiency remained for 1992, however, and on June 19, 1996, Principal paid such deficiency together with deficiency interest asserted thereon in the aggregate amount of $39,307,712, as shown in column (e) on Schedule A attached. Such payment therefore included deficiency interest that accrued from March 15, 1993 (the due date of the 1992 return) to the date of payment in 1996.

Principal subsequently filed timely claims for refund for 1991 and 1992. The claims for refund were dated December 1, 1997; May 22, 1998; and September 9, 1999. The last claim requested a net interest rate of zero under Section 6621 and Revenue Procedure 99-19.

Following the audit of its tax returns for 1993 and 1994, Principal paid the tax deficiency and deficiency interest asserted for 1993. The IRS examiners concluded that Principal had overpaid its federal income tax for 1994 and incurred capital losses (which were carried back to 1991, 1992, and 1993). The adjustments arising from the application of Section 453A resulted in an increase in the tax deficiency for 1993 and a reduction in the overpayment of tax for 1994. Principal

subsequently filed claims for refund for the years 1993 and 1994 dated September 15, 1998 (within three years of the date the return was deemed filed for 1994). Those claims for refund likewise claimed refund of tax, deficiency interest paid and "statutory interest thereon as allowable by law."

As a result of IRS' examination of Principal's returns for 1999, 2000, and 2001, and pursuant to statutory notices of deficiency issued on December 29, 2004 and March 1, 2005, deficiencies in tax were assessed for the years 1999 and 2000. At the same time, Principal's losses for 2001, which had previously been carried back to the years 1996-1998 generating refunds for such years, were reduced, resulting in the assessment of deficiencies for the years 1996-2001 (the deficiency asserted for the loss year, 2001, related only to Section 453A interest on the tax deferred from the 1991 Prudential transaction). On January 28, 2005, Principal made payments in respect of such deficiencies asserted for the years 1996-2000, together with deficiency interest thereon. The payments in respect of such deficiency interest accrued for such taxable years are shown in column (e) on Schedule A attached. On March 29, 2005, Principal made a similar payment in respect of the deficiency interest accrued on the tax deficiency asserted for the year 2001.

Schedule A therefore shows the years for which Principal is owed statutory interest on the refund due as a result of the Court's decision on the §453A issue and the years in which such statutory interest should be computed at the underpayment rate (instead of the overpayment rate) as a result of Principal having been charged deficiency interest at the underpayment rate, which will result in a net interest rate of zero during such periods in accordance with Section 6621(d). Based on these facts, the amount of overpayment interest to which Plaintiff is

entitled has been calculated through December 31, 2006 and the Defendant has indicated it does not disagree with such calculations in the event the Court determines that Section 6621(d) applies. (Def. Memo. ¶4(b))

**CONCLUSION**

Plaintiff has since the commencement of these proceedings sought "statutory interest as provided by law" on its overpayment of tax and assessed or deficiency interest. The "statutory interest provided by law" is that mandated by IRC §6611 and 28 U .S.C. §2411(a), both of which refer explicitly to Section 6621. Accordingly, with respect to its overpayments in this case, Plaintiff is entitled to the benefits of "global interest netting" made applicable by Section 6621(d). In such circumstances, both Plaintiff and Defendant agree upon the amounts of statutory interest that would be due through December 31, 2006. (Def. Memo ¶4b) Accordingly, as shown in Plaintiff's Computations For Judgment filed December 22, 2006, the Court should enter judgment in favor of Plaintiff for tax, assessed/deficiency interest, and overpayment interest through December 31, 2006, in the total amount of $13,735,460.06. Such judgment should further provide for the payment of such additional overpayment interest attributable to periods after December 31, 2006 as may be allowable by law, including Section 6621(d), and for the costs of this action that are allowable.

Dated March 26, 2007.

Respectfully submitted,

*s/Bruce Graves*

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, P.L.C.
Suite 2000, Ruan Center
666 Grand Avenue
Des Moines, Iowa 50309
Telephone: 515/242-2400
Fax: 515/283-0231

ATTORNEY FOR PLAINTIFF

Filed electronically

**SCHEDULE A**

**GLOBAL INTEREST NETTING**

**DEFICIENCY INTEREST PAID**

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|
| 453 Refund Years | 453A Refund Due<br>Tax | Deficiency Interest Paid | Total | Other Deficiency Interest Paid | Payment Date |
| 1991 | 1,510,650.24 | 614,729 | 2,125,380 | | |
| 1992 | 1,056,706.20 | 321,597 | 1,378,303 | 39,307,711 | 06/19/96 |
| 1993 | 1,071,308.55 | 486,800 | 1,558,109 | | |
| 1994 | 1,378,118.30 | | 1,378,118 | | |
| 1995 | 1,378,367.90 | | 1,378,368 | | |
| 1996 | 1,378,367.90 | 489,206 | 1,867,574 | 2,032,704 | 01/28/05 |
| 1997 | 1,378,367.90 | | 1,378,368 | 1,728,429 | 01/28/05 |
| 1998 | 1,225,215.55 | | 1,225,216 | 6,303,004 | 01/28/05 |
| 1999 | 765,549.85 | 270,708 | 1,036,258 | 24,358,720 | 01/28/05 |
| 2000 | 861,243.50 | 204,895 | 1,066,139 | 19,182,961 | 01/28/05 |
| 2001 | 1,030,548.00 | 157,665 | 1,188,213 | 184,643 | 03/29/05 |
| | | | | | |